# EXHIBIT 1

 **U.S. FOOD & DRUG**
ADMINISTRATION

ANDA 214369

**ANDA TENTATIVE APPROVAL**

Norwich Pharmaceuticals, Inc.
44 Whippany Road, Suite 300
Morristown, NJ 07960
Attention: Jyoti Sachdeva
          Executive Director, Regulatory Affairs

Dear Jyoti Sachdeva:

This letter is in reference to your abbreviated new drug application (ANDA) received for review on December 20, 2019, submitted pursuant to section 505(j) of the Federal Food, Drug, and Cosmetic Act (FD&C Act) for Rifaximin Tablets, 550 mg.

Reference is also made to the complete response letter issued by this office on October 18, 2021, and to any amendments thereafter.

We have completed the review of this ANDA and have concluded that adequate information has been presented to demonstrate that the drug meets the requirements for approval under the FD&C Act. We have determined your Rifaximin Tablets, 550 mg to be bioequivalent and therapeutically equivalent to the reference listed drug (RLD), Xifaxan Tablets, 550 mg, of Salix Pharmaceuticals, Inc. (Salix).

However, we are unable to grant final approval to your ANDA at this time because of the patent issue noted below. Therefore, the ANDA is **tentatively approved**. This determination is based upon information available to the Agency at this time (e.g., information in your ANDA and the status of current good manufacturing practices (cGMPs) of the facilities used in the manufacturing and testing of the drug product). This determination is subject to change on the basis of new information that may come to our attention. This letter does not include information related to the 180-day exclusivity provisions under section 505(j)(5)(B)(iv) of the FD&C Act.

The reference listed drug (RLD) upon which you have based your ANDA, Salix's Xifaxan Tablets, 550 mg, is subject to periods of patent protection. The following patents and expiration dates are currently listed in the Agency's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book"):

ANDA 214369
Page 2

| U.S. Patent Number | Expiration Date |
|---|---|
| 7,045,620 (the '620 patent) | June 19, 2024 |
| 7,612,199 (the '199 patent) | June 19, 2024 |
| 7,902,206 (the '206 patent) | June 19, 2024 |
| 7,906,542 (the '542 patent) | June 1, 2025 |
| 7,915,275 (the '275 patent) | February 23, 2025 |
| 8,158,644 (the '644 patent) | June 19, 2024 |
| 8,158,781 (the '781 patent) | June 19, 2024 |
| 8,193,196 (the '196 patent) | September 2, 2027 |
| 8,309,569 (the '569 patent) | July 18, 2029 |
| 8,518,949 (the '949 patent) | February 27, 2026 |
| 8,642,573 (the '573 patent) | October 2, 2029 |
| 8,741,904 (the '904 patent) | February 27, 2026 |
| 8,829,017 (the '017 patent) | July 24, 2029 |
| 8,835,452 (the '452 patent) | June 19, 2024 |
| 8,853,231 (the '231 patent) | June 19, 2024 |
| 8,946,252 (the '252 patent) | July 24, 2029 |
| 8,969,398 (the '398 patent) | October 2, 2029 |
| 9,271,968 (the '968 patent) | February 27, 2026 |
| 9,421,195 (the '195 patent) | July 24, 2029 |
| 9,629,828 (the 9'828 patent) | July 24, 2029 |
| 10,314,828 (the 4'828 patent) | July 24, 2029 |
| 10,335,397 (the '397 patent) | July 24, 2029 |

ANDA 214369
Page 3

| | |
|---|---|
| 10,456,384 (the '384 patent) | February 26, 2029 |
| 10,703,763 (the '763 patent) | February 27, 2026 |
| 10,709,694 (the '694 patent) | July 24, 2029 |
| 10,765,667 (the '667 patent) | February 26, 2029 |
| 11,564,912 (the '912 patent) | February 26, 2029 |

With respect to the 1) '904 patent (excluding those portions pertaining to use code U-1526: the treatment of patients with traveler's diarrhea (TD) or the reduction in risk of overt hepatic encephalopathy (HE) recurrence); 2) the '763 patent (excluding those portions pertaining to use code U-2847: reduction of risk of overt hepatic encephalopathy (HE) recurrence in adults and the use code U- 2848: treatment of traveler's diarrhea (TD) caused by noninvasive strains of escheria coli in adult and pediatric patients 12 years of age and older); and 3) the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '452, '231, '968, '384, '667 and '912 patents[1], your ANDA contains paragraph IV certifications under section 505(j)(2)(A)(vii)(IV) of the FD&C Act stating that the patents are invalid, unenforceable, or will not be infringed by your manufacture, use, or sale of Rifaximin Tablets, 550 mg, under this ANDA. You have notified the Agency that Norwich Pharmaceuticals, Inc. (Norwich) complied with the requirements of section 505(j)(2)(B) of the FD&C Act. Litigation was initiated within the statutory 45-day period against Norwich for infringement of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '452, '231, '968, '195, '397 and '384 patents in the United States District Court for the District of Delaware [Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430].[2] You have also notified the Agency that on August 10, 2022, the court decided, "Pursuant to 35 U.S.C. § 27I(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No.214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled. Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs)."[3] You have further notified the Agency that on May 17, 2023, the court denied Norwich's Rule 60(b) motion to modify the final judgment.[4] Therefore, final approval cannot be granted until October 2, 2029 as specified in the court order.

With respect to 1) the '573, '017, '252, '398, '195, 9'828, 4'828, '397 and '694 patents; 2) the '904 patent as it pertains to use code U-1526: the treatment of patients with traveler's diarrhea (TD) or the reduction of risk of overt hepatic encephalopathy (HE) recurrence; and 3) the '763 patent as it pertains to use code U-2847: reduction of risk of overt hepatic encephalopathy (HE) recurrence in adults and use code U- 2848: treatment of traveler's diarrhea (TD) caused by noninvasive strains of escheria coli in adult and pediatric patients 12 years of age and older, your ANDA contains statements

ANDA 214369
Page 4

under section 505(j)(2)(A)(viii) of the FD&C Act that these are method-of-use patents that do not claim any indication for which you are seeking approval under your ANDA.

Please note that if FDA requires a Risk Evaluation and Mitigation Strategy (REMS) for a listed drug, an ANDA referencing that listed drug also will be required to have a REMS.  See section 505-1(i) of the FD&C Act.

## REQUIREMENTS AND RECOMMENDATIONS POST APPROVAL

Under applicable statutes, regulations, and guidances, if your ANDA receives final approval, it may be subject to certain requirements and recommendations post approval, including requirements regarding changes to approved ANDAs, postmarketing reporting, promotional materials, and annual facility fees, among others. For information on post-approval requirements and recommendations for ANDAs and a list of resources for ANDA holders, we refer you to https://www.fda.gov/drugs/abbreviated-new-drug-application-anda/requirements-and-resources-approved-andas.

## RESUBMISSION

To request final approval, please submit an amendment titled "FINAL APPROVAL REQUESTED" with enough time to permit FDA review prior to the date you believe that your ANDA will be eligible for final approval.  A request for final approval that contains no new data, information, or other changes to the ANDA generally requires a period of 3 months for Agency review.  Accordingly, such a request for final approval should be submitted no later than 3 months prior to the date on which you seek approval.  A request for final approval that contains substantive changes to this ANDA or changes in the status of the manufacturing and testing facilities' compliance with cGMPs will be classified and  reviewed according to OGD policy in effect at the time of receipt. Applicants should review available agency guidance for industry related to amendments under the generic drug user fee program to determine the duration of Agency review needed to review the changes submitted.  As part of this consideration, applicants should monitor any changes to the RLD that occur after tentative approval, including changes in labeling, patent or exclusivity information, or marketing status.  The submission of multiple amendments prior to final approval may also result in a delay in the issuance of the final approval letter.

The amendment requesting final approval should provide the legal/regulatory basis for your request for final approval and should include a copy of a court decision, settlement or licensing agreement, or other information described in 21 CFR 314.107, as appropriate.  It should also identify changes, if any, in the conditions under which the ANDA was tentatively approved, e.g., updated information such as final-printed labeling, chemistry, manufacturing, and controls data as appropriate.  This amendment should be submitted even if none of these changes were made, and it should be designated clearly in your cover letter as a "FINAL APPROVAL REQUESTED."

ANDA 214369
Page 5

In addition to the amendment requested above, the Agency may request, at any time prior to the date of final approval, that you submit an additional amendment containing information as specified by the Agency.  Failure to submit either or, if requested, both types of amendments described above may result in a delay in the issuance of the final approval letter.

This drug product may not be marketed without final Agency approval under section 505(j) of the FD&C Act.  The introduction or delivery for introduction into interstate commerce of this drug product before the final approval date is prohibited under section 301 of the FD&C Act.  Also, until the Agency issues the final approval letter, this drug product will not be deemed approved for marketing under section 505(j) of the FD&C Act, and will not be listed in the Orange Book.  Should you believe that there are grounds for issuing the final approval letter prior to October 2, 2029, you should amend your ANDA accordingly.

For further information on the status of this ANDA or upon submitting an amendment to the ANDA, please contact David Trang, Regulatory Project Manager, at
(301) 796 - 8667.

Sincerely yours,

*{See appended electronic signature page}*

For Edward M. Sherwood
Director
Office of Regulatory Operations
Office of Generic Drugs
Center for Drug Evaluation and Research

---

[1]  The agency notes that the '763, '667 and '912 patents were submitted to the Agency after submission of your ANDA.  Litigation, if any, with respect to these patents would not create a statutory stay of approval.

[2]  Norwich was sued on certain patents to which its ANDA currently contains statements under section 505(j)(2)(A)(viii).

[3]  Final Judgment, Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430 (August 10, 2022)

[4]  Memorandum Order, Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430 (May 17, 2023)

 John
Ibrahim

Digitally signed by John Ibrahim
Date: 6/02/2023 12:09:34PM
GUID: 542af06d0124375c12e8c1d9fc86e87c