IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br><br>ROBERT M. CALIFF, M.D., in his official capacity as Commissioner of Food and Drugs,<br><br>and<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION,<br><br>*Defendants*,<br><br>and<br><br>SALIX PHARMACEUTICALS, INC.,<br><br>*Intervenor-Defendant*. | Civil Action No. 1:23-cv-01611-RDM |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**REGARDING ACCESS TO THE ADMINISTRATIVE RECORD**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is entered to govern use of and access to confidential information in the Administrative Record in the above captioned action ("this Action").

Accordingly, IT IS HEREBY ORDERED THAT:

1.  In order to streamline access by counsel for all parties to the Administrative Record in this Action, this Protective Order addresses only access by Plaintiffs Norwich Pharmaceuticals, Inc.,

1

("Plaintiff"); Defendants Xavier Becerra, Robert Califf, M.D., and the United States Food and Drug Administration (collectively, "FDA"); Intervenor-Defendant Salix Pharmaceuticals, Inc. ("Salix"); and any other party granted the right to intervene in this Action to the administrative record produced by FDA in this Action and any nonpublic information derived from it, which is of the type of information FDA customarily maintains in confidence pursuant to any statute, regulation, or agency practice, including but not limited to 21 U.S.C. § 331(j), 18 U.S.C. § 1905, 21 C.F.R. § 314.430, 21 C.F.R. § 20.61(a), or 21 C.F.R. § 20.61(b) ("Administrative Record").

  2. Pending further order of the Court, portions of the Administrative Record containing confidential information and marked "Confidential, Subject to the Court's Protective Order" by FDA, may only be disclosed to the following persons, *provided* that the restrictions in this provision shall not apply to FDA (whose confidentiality obligations arise under the Federal Food, Drug, and Cosmetic Act and its implementing regulations, the Trade Secrets Act, and any other applicable authorities) and its counsel:

  a. The Court, including court personnel;

  b. FDA's employees, agents, or attorneys pursuant to its regulations and policies and in the normal course of business;

  c. Department of Justice attorneys assigned to this Action, as well as those attorneys' supervisors and assistants, including paralegals and secretarial and clerical personnel;

  d. Attorneys of record for the Plaintiff and attorneys of record for Salix, and the respective employees and personnel retained by such attorneys of record in this Action to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of

this Action, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

   e. Any party may, on an information-by-information basis, self- authorize without restriction the disclosure to its own personnel or agents portions of the Administrative Record that are confidential solely because they contain that party's confidential information.

   f. Vendors retained by counsel to assist in this Action including, but not limited to, copying and reproduction services, provided they do not retain the confidential portions of the Administrative Record;

   g. Except as specified in this Protective Order, individuals to whom confidential portions of the Administrative Record are provided under this Protective Order shall use such information only for purposes of this litigation and shall not disseminate or discuss the contents of such documents with any person not authorized under Paragraph 2 absent further order of the Court.

3. Pursuant to applicable authorities, FDA will redact certain privileged or non-party confidential information (that is not relevant to FDA's decision-making that is the subject of this Action) from original documents or other materials prior to producing the Administrative Record. FDA will clearly designate any such redactions. If corrected, an inadvertent failure to redact qualified information does not, standing alone, waive FDA's right to secure protection under this Order for such information. Upon correction of a redaction, persons subject to this Order must make reasonable efforts to assure that the information is treated as a confidential portion of the Administrative Record.

4. Within 60 days of the termination of this Action, including any appeals, Salix's counsel, and counsel for any party granted the right to intervene in this Action shall destroy all copies of the confidential portions of the Administrative Record and (except as provided below) shall destroy

all extracts and/or information taken from it.  Counsel shall provide a certification as to such destruction to counsel for Plaintiff within the 60-day period. Notwithstanding the above, counsel of record for each party may retain archival copies of all confidential pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, discovery responses, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product, and any party may retain copies of any portion of the Administrative Record that is disclosed to that party under paragraph 2(e). The terms of this order shall continue to apply to any such information retained by any party.  Any party may retain copies of any public court filing, without limitation.

5. The provisions of this Order may be modified at any time by the Court, upon its own motion or the motion of any party.

6. The provisions of this Order shall take effect immediately.

7. To the extent that any party seeks to file sealed or confidential documents in this Action (including any briefs containing confidential information), they shall do so in full compliance with Local Civil Rule 5.1(h).

8. The Court retains jurisdiction even after the termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

**SO ORDERED:**

Date: _____    _____
                                       Hon. Randolph D. Moss
                                       United States District Judge

Respectfully submitted,

/s/*Chad A. Landmon*
Chad A. Landmon (DC Bar No. 990347)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
clandmon@axinn.com

OF COUNSEL:
Matthew S. Murphy (admitted *pro hac vice*)
Aaron Z. Savit (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
mmurphy@axinn.com
asavit@axinn.com

Ross E. Blau (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
T: (212) 728-2200
rblau@axinn.com

Gabriella McIntyre (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 721-5417
gmcintyre@axinn.com

*Attorneys for Plaintiff Norwich Pharmaceuticals, Inc.*

/s/*Gabriel I. Schonfeld*
Gabriel I. Schonfeld (DC Bar No. 15539)
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. DEPARTMENT OF JUSTICE
PO Box 386
Washington, DC 20044-0386
T: (202) 353-1531
F: (202) 514-8742
Gabriel.I.Schonfeld@usdoj.gov

*Attorney for Defendants Xavier Becerra, Robert M. Califf, and U.S. Food and Drug Administration*

/s/ *David B. Salmons*
David B. Salmons
Douglas A. Hastings
Amanda L. Salz
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
david.salmons@morganlewis.com
douglas.hastings@morganlewis.com
amanda.salz@morganlewis.com

Michael J. Abernathy (admitted *pro hac vice*)
Wan-Shon Lo (admitted *pro hac vice*)
Karon N. Fowler (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T: (312) 324-1000
mike.abernathy@morganlewis.com
shon.lo@morganlewis.com
karon.fowler@morganlewis.com

William R. Peterson (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002-5006

T: (713) 890-5000
william.peterson@morganlewis.com

*Attorneys for Movant Salix Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 5, 2023 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system.

*/s/ Chad A. Landmon*
Chad A. Landmon
