IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-430 (RGA) |
| | ) | |
| v. | ) | |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JUDGMENT

This action, having been tried before the Court from March 21 through March 25, 2022, and the Court having issued an opinion after trial (D.I. 191):

IT IS HEREBY ORDERED and ADJUDGED:

1.     Judgment is entered in favor of Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") and against Defendant Norwich Pharmaceuticals, Inc. ("Norwich") on Plaintiffs' claim that Norwich will induce infringement of claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent").in connection with Norwich's proposed generic rifaximin 550 mg tablets ("ANDA Product") that are the subject of Norwich's Abbreviated New Drug Application ("ANDA") No. 214369.

2.     Judgment is entered in favor of Plaintiffs and against Norwich on Norwich's counterclaims for non-infringement and invalidity of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

3.      Judgment is entered in favor of Plaintiffs and against Norwich that pursuant to 35 U.S.C. § 271(e)(2), Norwich's submission of Norwich's ANDA No. 214369 was an act of infringement of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

4.      Judgment is entered in favor of Norwich and against Plaintiffs on Norwich's counterclaims for invalidity of claim 2 of U.S. Patent No. 8,309,569, claim 3 of U.S. Patent No. 10,765,667, claim 4 of U.S. Patent No. 7,612,199, and claim 36 of U.S. Patent No. 7,902,206.

5.      Pursuant to 35 U.S.C. § 27l(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled. Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs).

6.      In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54 and/or Local Rules 54.1 or 54.3, or any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal.

SO ORDERED this 10th day of August, 2022.

Richard G. Andrews
United States District Judge

2

FDA_00042

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.;<br>SALIX PHARMACEUTICALS, INC.;<br>BAUSCH HEALTH IRELAND LTD.;<br>ALFASIGMA S.P.A.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NORWICH PHARMACEUTICALS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 20-430-RGA |

## MEMORANDUM

The parties have a dispute concerning the final judgment. (D.I. 190). I am entering a final judgment in accordance with the following rationale.

Plaintiffs sued Defendant under § 271(e)(2)(A) of the Patent Act for submitting an abbreviated new drug application ("ANDA") to the Food and Drug Administration ("FDA"). At trial, Plaintiffs asserted three patent families against Defendants: one on the product, one on the hepatic encephalopathy indication (the "HE indication"), and one on the irritable bowel syndrome with diarrhea indication (the "IBS-D indication"). After a bench trial, I determined that only the patents on the HE indication were both not invalid and infringed by Norwich's proposed ANDA.

The parties dispute whether the final judgment ought to order the FDA approval date for "Norwich's ANDA No. 214369" or "Norwich's ANDA with proposed labeling containing [the HE indication]" as the expiry date of the HE patents. (D.I. 190).

1

35 U.S.C. § 271(e)(2)(A) makes it an "act of infringement to submit" an ANDA "for a drug claimed in a patent or the use of which is claimed in a patent." Because the ANDA's HE indication would infringe Plaintiffs' patents, the ANDA submission is an act of infringement. In such cases, the Patent Act states, "the court shall order the effective date of any approval of the drug . . . involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed." 35 U.S.C. § 271(e)(4). Thus, the effective date of the approval of this infringing ANDA must not be earlier than the expiration of the latest asserted HE claim.

The scope of my ruling is that the HE patents are not invalid, and that the HE indication would infringe the HE patents. Norwich's proposed ANDA has the HE indication. I cannot rule on facts that are not before me. That Norwich may seek to carve out the HE indication as permitted by 21 U.S.C. § 355(j)(2)(A)(viii) is immaterial to this analysis. That label is not before me.

The parties dispute whether I ought to enter injunctive relief. (D.I. 190 at 2, 4). I have never had a hearing on whether injunctive relief should issue after a finding of ANDA infringement, or so far as I can recall, even an argument in a pleading that it should not issue.[1] An injunction seems unlikely to make a practical difference when only method patents are not invalid and infringed. The only reason I would enter an injunction directed at Defendant would be to enjoin infringing activity that could be undertaken in the absence of FDA approval. But, the absence of FDA approval blocks direct infringement of the HE method claims. Without that direct infringement, Defendant cannot induce infringement. An injunction would therefore be redundant of the order barring FDA approval, because the FDA cannot approve the ANDA

---

[1] There have been disputes about the details of the injunctive language.

2

before the patents expire. For that reason, I suspect it will be difficult for Salix to show

irreparable harm. *See Alcon, Inc. v. Teva Pharms. USA, Inc.*, 2010 WL 3081327, at *2 (D. Del.

Aug. 5, 2010). Should Salix have a good faith belief that it is entitled to an injunction, it can file

a motion to reconsider the matter, and I will reconsider the matter.

So entered this 10th day of August 2022.

Richard G. Andrews

United States District Judge

FDA_00045

Paragraph IV Patent Certifications
May 15, 2023

| DRUG NAME | DOSAGE FORM | STRENGTH | RLD/NDA | DATE OF SUBMISSION | NUMBER OF ANDAs SUBMITTED | 180-DAY STATUS | 180-DAY DECISION POSTING DATE | DATE OF FIRST APPLICANT APPROVAL | DATE OF FIRST COMMERCIAL MARKETING BY FTF | EXPIRATION DATE OF LAST QUALIFYING PATENT |
|---|---|---|---|---|---|---|---|---|---|---|
| Ranitidine Hydrochloride | Tablets | 150 mg | Zantac 150 (NDA 21698/Product 002) | 10/30/2007 | 1 | Extinguished | 3/23/2021 | | | 12/20/2010 |
| Ranolazine | Extended-release | 500 mg and 1000 mg | Renexa 21526 | 5/17/2010 | 1 | Eligible | 3/23/2021 | 7/29/2013 | 1/27/2019 | 5/27/2019 |
| Rasagiline Mesylate | Tablets | 0.5 mg and 1 mg | Azilect 21461 | 5/17/2010 | 5 | Eligible | 3/23/2021 | 9/12/2013 | 1/2/2017 | 12/5/2026 |
| Regadenoson | Injection | 0.08 mg/mL, 5mL vial | Lexiscan 22161 | 4/10/2012 | 1 | Extinguished | 1/12/2021 | | | 2/2/2027 |
| Regorafenib | Tablets | 40 mg | Stivarga 203085 | 9/27/2016 | 2 | | | | | 2/16/2031 |
| Remifentanil Hydrochloride | for Injection | 1 mg/vial, 2 mg/vial and 5 mg/vial | Ultiva 20630 | 12/27/2013 | 1 | Extinguished | 7/2/2019 | 1/16/2018 | 1/26/2018 | 9/10/2017 |
| Repaglinide | Tablets | 0.5 mg*, 1 mg and 2 mg | Prandin 20741 | 2/10/2005 | 1 | Eligible | 3/23/2021 | 7/11/2013 | 7/24/2013 | 6/12/2018 |
| Repaglinide and Metformin Hydrochloride | Tablets | 1 mg/500 mg and 2 mg/500 mg | Prandimet 22386 | 4/9/2009 | 1 | Extinguished | 3/10/2020 | | | 6/12/2018 |
| Revefenacin | Inhalation Solution | 175 mcg/3 mL | Yupelri 210598 | 11/9/2022 | 7 | | | | | 10/23/2039 |
| Ribavirin | Capsules | 200 mg | Rebetol 20903 | Pre-MMA | | | | | | |
| Ribavirin | for Inhalation Solution | 6 gm/vial | Virazole 18859 | 5/22/2014 | 1 | Eligible | 3/23/2021 | 10/6/2016 | 12/15/2016 | 11/21/2017 |
| Ribociclib Succinate | Tablets | 200 mg | Kisqali 209092 | 3/15/2021 | 4 | | | | | 4/14/2036 |
| Ribociclib Succinate and Letrozole (Copackaged) | Tablets | 200 mg and 2.5 mg | Kisqali Femara Co-Pack 209935 | 3/15/2021 | 4 | | | | | 4/14/2036 |
| Rifaximin | Tablets | 550 mg | Xifaxan 21361 | 12/18/2015 | 1 | Non-Forfeiture | 8/24/2021 | | | 10/2/2029 |
| Rifaximin | Tablets | 200 mg | Xifaxan 21361 | 1/28/2019 | 1 | | | | | 7/24/2029 |
| Riluzole | Oral Suspension | 50 mg/10 mL | Tiglutik Kit 209080 | 3/12/2021 | 1 | | | | | 3/12/2029 |
| Riociguat | Tablets | 0.5 mg, 1 mg, 1.5 mg, 2 mg and 2.5 mg | Adempas 204819 | 10/10/2017 | 3 | Deferred | 10/4/2022 | 9/1/2022 | | 12/4/2026 |

FDA_00134

Table of Contents

MOTION TO MODIFY JUDGMENT PURSUANT TO RULE 60(B) ............................................................ 2

TABLE OF CONTENTS .......................................................................................................................... 3

I. NATURE AND STAGE OF THE PROCEEDING ................................................................................ 7

II. SUMMARY OF THE ARGUMENT ................................................................................................... 8

III. STATEMENT OF FACTS ................................................................................................................ 9

IV. LAW ..............................................................................................................................................11

V. ARGUMENT .................................................................................................................................. 12

A. Norwich's Amended ANDA Changes the Factual Conditions that Gave Rise to the Order Delaying FDA's Approval of Norwich's ANDA. .................................................................................................................. 13

1. Norwich's Amended ANDA Effectively Satisfies the Judgment on the Original ANDA. .......................... 13

2. The Modified Judgment Would Prevent FDA's Approval of Norwich's ANDA for the HE Indication Before the Asserted HE Patents Expire........................................................................................................................ 14

3. Salix Could Not State A Claim for Patent Infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) Regarding Norwich's Amended ANDA. .......................................................................................................... 15

a. A Section viii statement does not give rise to a Section 271(e)(2) claim of patent infringement. ..................... 15

b. Norwich's ANDA label will not induce infringement of the Asserted HE Patents. ............................................. 17

B. Ordering FDA to Delay the Approval of Norwich's Amended ANDA Prospectively Is No Longer Equitable Based on the Changed Circumstances........................................................................................................................ 19

C. The Continued Prohibition of FDA Approval of Norwich's Amended ANDA Would Pose an Extreme and Unexpected Hardship........................................................................................................................................ 23

VI. CONCLUSION .............................................................................................................................. 24

CERTIFICATE OF SERVICE ................................................................................................................ 26

Exhibit A .............................................................................................................................................. 27

Exhibit B .............................................................................................................................................. 30

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.;<br>SALIX PHARMACEUTICALS, INC.;<br>BAUSCH HEALTH IRELAND LTD.;<br>ALFASIGMA S.P.A., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | ▆▆▆▆▆▆▆▆ |
| v. | ) ) | C.A. No. 20-430 (RGA) |
| NORWICH PHARMACEUTICALS, INC., | ) ) ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANT NORWICH PHARMACEUTICALS, INC.'S
<u>MOTION TO MODIFY JUDGMENT PURSUANT TO RULE 60(B)</u>**

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDING.................................................. 1

II.    SUMMARY OF THE ARGUMENT ........................................................ 2

III.    STATEMENT OF FACTS ................................................................ 3

IV.    LAW ........................................................................................ 5

V.    ARGUMENT ............................................................................ 6

      A.    Norwich's Amended ANDA Changes the Factual Conditions that Gave Rise to the Order Delaying FDA's Approval of Norwich's ANDA...................... 7

           1.    Norwich's Amended ANDA Effectively Satisfies the Judgment on the Original ANDA............................. 7

           2.    The Modified Judgment Would  Prevent FDA's Approval of Norwich's ANDA for  the HE Indication Before the Asserted HE Patents Expire...... 8

           3.    Salix Could Not State A Claim for Patent Infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) Regarding Norwich's Amended ANDA. ................ 9

               a.    A Section viii statement does not give rise  to a Section 271(e)(2) claim of patent infringement..................... 9

               b.    Norwich's ANDA label will not induce infringement of the Asserted HE Patents. ........................ 11

      B.    Ordering FDA to Delay the Approval of Norwich's Amended ANDA Prospectively Is No Longer Equitable Based on the Changed Circumstances..... 13

      C.    The Continued Prohibition of FDA Approval of Norwich's Amended ANDA Would Pose an Extreme and Unexpected Hardship. ............... 17

VI.    CONCLUSION.......................................................................... 18

FDA_00265

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan, Inc. v. Sandoz Inc.*,
  C.A. No. 09-CV-182, 2011 WL 3794364 (E.D. Tex. Aug. 25, 2011), *aff'd in
  part*, *rev'd in part*, 726 F.3d 1286 (Fed. Cir. 2013) .......................................................7, 15, 16

*Allergan, Inc. v. Sandoz, Inc.*,
  No. 2:09-CV-97, 2013 WL 6253669 (E.D. Tex. Dec. 3, 2013), *aff'd* 587 F.
  App'x 657 (Fed. Cir. 2014)..............................................................................................15, 16

*Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*,
  578 F. Supp. 3d 642 (D. Del. Jan. 4, 2022) ....................................................................10, 11

*AstraZeneca Pharms. LP v. Apotex Corp.*,
  669 F.3d 1370 (Fed. Cir. 2012)..............................................................................................10

*Bldg. & Const. Trades Council of Philadelphia and Vicinity, AFL–CIO v.
  N.L.R.B.*,
  64 F.3d 880 (3d Cir. 1995)........................................................................................................5

*Caraco Pharm. Lab'ys, Ltd. v. Novo Nordisk A/S*,
  566 U.S. 399 (2012)................................................................................................................11

*Convolve, Inc. v. Dell Inc. et al.*,
  C.A. No. 2:08-CV-244, 2017 WL 2463398 (E.D. Tex. June 7, 2017) ..............................14, 15

*Cox v. Horn*,
  757 F.3d 113 (3d Cir. 2014)......................................................................................................6

*Ellington v. Vance*,
  C.A. No. 20-CV-1100, 2022 WL 903494 (D. Del. Mar. 28, 2022)...........................................6

*Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*,
  Civ. No. 14-1119-MSG, 2019 WL 3574249 (D. Del. Aug. 6, 2019) ......................................15

*Gillespie v. Janey*,
  527 F. App'x 120 (3d Cir. 2013) ..............................................................................................5

*GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*,
  7 F.4th 1320 (Fed. Cir. 2021) .................................................................................................10

*H. Lundbeck A/S v. Apotex, Inc.*,
  C.A. No. 18-88-LPS, 2020 WL 3507795 (D. Del. Jun. 26, 2020) ............................................7

ii

*Horne v. Flores,*
  557 U.S. 433 (2009).........................................................................................5

*Life Techs., Inc. v. Promega Corp.,*
  189 F.R.D. 334 (D. Md. 1999)...................................................................15, 17

*In re Linerboard Antitrust Litig.,*
  361 F. App'x. 392 (3d. Cir. 2010) .............................................................5, 13

*Marshall v. Bd. of Ed., Bergenfield, N. J.,*
  575 F.2d 417 (3d Cir. 1978)..........................................................................6

*McCracken v. R.J. Reynolds Tobacco,*
  842 F. App'x 722 (3d Cir. 2021) ..................................................................6

*nCube Corp. v. SeaChange Int'l, Inc.,*
  809 F. Supp. 2d 337 (D. Del. 2011) ...........................................................16

*Prism Techs., LLC v. Sprint Spectrum L.P.,*
  C.A. No. 8:12CV123, 2017 WL 3396463 (D. Neb. Aug. 8, 2017), *aff'd*, 757
  F. App'x 980 (Fed. Cir. 2019) ................................................................10, 14

*Rufo v. Inmates of Suffolk Cnty. Jail,*
  502 U.S. 367 (1992)......................................................................................8

*TiVo Inc. v. EchoStar Corp.,*
  646 F.3d 869 (Fed. Cir. 2011) .....................................................................16

*Warner-Lambert Co. v. Apotex Corp.,*
  316 F.3d 1348 (Fed. Cir. 2003).............................................................7, 8, 10

**Statutes**

21 U.S.C. § 355(j)(2)(A)(viii)...............................................................................2, 10

35 U.S.C. § 271(e)(2).......................................................................................*passim*

35 U.S.C. § 271(e)(2)(A) ..........................................................................................4

35 U.S.C. § 271(e)(4)(A) .................................................................................1, 2, 7

**Other Authorities**

21 C.F.R. § 314.94(a)(12)(iii)(B)...............................................................................9

21 C.F.R. § 314.96(d)(1)............................................................................................9

21 CFR §§ 314.53(c)(2)(ii)(P)(3), (e) ......................................................................11

iii

Fed. Rule Civ. P. 60(b) ........................................................................................................ *passim*

FDA_00268

Pursuant to Rule 60(b), Norwich Pharmaceuticals, Inc. ("Norwich") moves to modify a portion of the August 10, 2022, Final Judgment (D.I. 193) (the "Judgment") by limiting the order under Section 271(e)(4)(A) that is blocking the approval of Norwich's ANDA until the expiration of the Asserted HE Patents[1] directed to hepatic encephalopathy.  Norwich no longer seeks approval for the patented hepatic encephalopathy indication that the Judgment held infringed the Asserted HE Patents.  The specific conduct that provided the predicate for ordering FDA to delay the effective date of the approval of Norwich's ANDA under Section 271(e)(4)(A) no longer exists.  Thus, delaying the approval of Norwich's ANDA for seven more years, despite these changed circumstances, is neither necessary nor equitable and would be detrimental to the public interest.

## I.      NATURE AND STAGE OF THE PROCEEDING

This proceeding is a Hatch-Waxman patent infringement action.  In December 2019, Norwich submitted Abbreviated New Application No. 214369 ("Norwich's Original ANDA") to the United States Food and Drug Administration ("FDA"), seeking authorization to market generic rifaximin 550 mg tablets ("Norwich's ANDA Product").  (PTO Ex. 1 ¶ 16.)  Norwich's Original ANDA sought authorization to market its ANDA Product for two indications: (i) treatment of irritable bowel syndrome with diarrhea in adults ("the IBS-D Indication"), and (ii) reduction in the risk of overt hepatic encephalopathy (HE) recurrence ("the HE Indication").

In March 2020, Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. ("Salix") filed a patent infringement action against Norwich under 35 U.S.C. § 271(e)(2) based on the Paragraph IV certifications contained

---

[1] The "Asserted HE Patents" refers to claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent").

FDA_00269

in Norwich's Original ANDA.  (D.I. 1.)  Salix filed an Amended Complaint in November, 2020.

The Court held a bench trial in March 2022.

On August 10, 2022, this Court issued a Trial Opinion and entered the Judgment.  (D.I.

191, 193.)  The Judgment found that the asserted patents covering the IBS-D Indication and a

polymorphic form of rifaximin were invalid.  (D.I. 193 ¶ 4.)  It also found that "pursuant to 35

U.S.C. § 271(e)(2), Norwich's submission of Norwich's ANDA No. 214369 was an act of

infringement of" the Asserted HE Patents.  (D.I. 193 ¶ 3.)  The Judgment ordered that, under 35

U.S.C. § 271(e)(4)(A), "the effective date of any final approval by [FDA] of [Norwich's Original

ANDA] is to be a date not earlier than the date of expiration of the last to expire of the [Asserted

HE Patents] (currently Oct. 2, 2029) . . . ."  (D.I. 193 ¶ 5.)

On August 16, 2022, Salix filed a Notice of Appeal of the Judgment.  The Federal Circuit

docketed Salix's appeal, which is docket number 22-2153.

## II.    SUMMARY OF THE ARGUMENT

1.    On September 6, 2022, Norwich amended its ANDA (the "Amended ANDA") by

striking the HE Indication from the product labeling and withdrawing the Paragraph IV

certifications to the Asserted HE Patents.  Norwich's Amended ANDA seeks approval of a

"skinny" label for only the IBS-D Indication pursuant to 21 U.S.C. § 355(j)(2)(A)(viii) ("Section

viii statement").  Thus, the marketing of Norwich's ANDA product is not blocked by any valid

patents covering a patented use of the drug.

2.    A continued prohibition of the approval of Norwich's Amended ANDA for the

IBS-D Indication would be inequitable and impose an extreme hardship on Norwich.  The

removal of the HE Indication, and withdrawal of the Paragraph IV certifications on the Asserted

HE Patents, effectively satisfies the judgment.  Norwich, therefore, cannot obtain FDA approval

for the HE Indication before the expiration of the Asserted HE Patents.  Conversely, Salix cannot

state a claim for patent infringement of the Asserted HE Patents against Norwich's Amended

ANDA under Section 271(e)(2).  Regardless, Norwich does not seek to disturb the findings of

this Court in regards to the HE Indication contained in Norwich's Original ANDA and the

Asserted HE Patents; it seeks only to suitably tailor the relief in the Judgment to the specific

conduct that was found to infringe the Asserted HE Patents.

3.  Norwich set out to clear the patent thicket that Salix created in order to obtain

approval of two different indications for two different sets of patients.  Norwich prevailed on one

indication for one set of patients.  It seeks to market its generic tablets for that one indication.

Norwich had no obligation to correctly predict the outcome of trial.  Congress has recognized

that a drug may have multiple indications and designed a framework that permits an ANDA

applicant to seek approval of one indication when a second indication is protected by patents.

This is true regardless of when Norwich submitted its Section viii statement.  Continuing to order

FDA to delay the approval of Norwich's Amended ANDA for the IBS-D Indication frustrates

Congressional purpose.

## III.   STATEMENT OF FACTS

Norwich's Original ANDA contained Paragraph IV certifications to each of the

unexpired patents listed in FDA's Orange Book, including the Asserted HE Patents.  (D.I. 158,

Exhibit 1 ("PTO Joint Statement of Uncontested Facts) at ¶¶ 17, 19.)  Each Paragraph IV

certification stated that each patent was invalid, unenforceable, or would not be infringed by the

manufacture, sale, or use of Norwich's ANDA Product.  (*Id.*)

Salix filed a patent infringement action under 35 U.S.C. § 271(e)(2) based on the

Paragraph IV certifications contained in Norwich's Original ANDA.  (D.I. 1.)  For example,

Salix's Complaint stated: "By submitting ANDA No. 214369 to the FDA to obtain approval [ ]

to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

3

Norwich's ANDA Product [ ] prior to expiration of the '573 patent, [Norwich] committed an act of infringement of the '573 patent under 35 U.S.C. § 271(e)(2)(A)."  (D.I. 1 ¶ 141.)

On August 10, 2022, the court entered Judgment holding that the asserted patents covering the IBS-D Indication were invalid.  (D.I. 193 ¶ 4.)  The Judgment also held that the Asserted HE Patents were valid and would be infringed by the use of Norwich's ANDA Product according to the original labeling.  (*Id*. ¶ 3.)  It further ordered FDA to not approve Norwich's ANDA before the expiration of the Asserted HE Patents.  (*Id*. ¶ 5.)  In its Memorandum addressing a dispute over the form of judgment, the Court explained that:

> The scope of my ruling is that the HE patents are not invalid, and that the HE indication would infringe the HE patents. Norwich's proposed ANDA has the HE indication.  I cannot rule on facts that are not before me. That Norwich may seek to carve out the HE indication as permitted by 21 U.S.C. § 355(j)(2)(A)(viii) is immaterial to this analysis.  That label is not before me.

(D.I. 192 at 2.)

On September 6, 2022, Norwich submitted a patent and labeling amendment to its ANDA that removed the HE Indication from the proposed ANDA labeling and withdrew the Paragraph IV certifications to each of the Asserted HE Patents.  (September 7, 2022 Declaration of Matthew Murphy ("Murphy Decl."), Ex. 1 (Norwich's September 6, 2022 Patent and Labeling Amendment) at Motion-002, Motion-004-005.)  Norwich's Amended ANDA strikes, among other things, each of the sections of the proposed labeling directed to the HE Indication, including ████████████████████████████████████████████████

████████████.  (Murphy Decl., Ex. 1 at Motion-011, -022-024.)  As amended, the proposed labeling does not ████████████████████████████████████████████

████████████ (Murphy Decl., Ex. 1 at Motion-031-045.)

Norwich's Amended ANDA seeks FDA authorization for a single use – the treatment of IBS-D in adults – having a single dosing regimen – 550 mg three times per day for 14 days. (Murphy Decl., Ex. 1 at Motion-034.)

## IV.    LAW

"Rule 60(b) authorizes a court to grant relief from a final judgment if 'applying [the order] prospectively is no longer equitable' or for 'any other reason that justifies relief.'" *In re Linerboard Antitrust Litig.*, 361 F. App'x. 392, 397 (3d. Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(5),(6) (affirming relief from injunction).

Rule 60(b)(5) allows relief from a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). It "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Rule 60(b)(5) only "provides for relief from injunction or consent decrees." *Gillespie v. Janey*, 527 F. App'x 120, 121 n.1 (3d Cir. 2013). Courts "must balance the hardship to the party subject to the injunction against the benefits to be obtained from maintaining the injunction." *Bldg. & Const. Trades Council of Philadelphia and Vicinity, AFL–CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995). "A subsequent change in the controlling facts on which the injunction rested . . . may warrant a modification or vacation of the continuing restraint." *Id.* (quoting 7 James W. Moore, *Moore's Federal Practice* ¶ 60.26[4], at 60–258 to 60–260 (2d ed. 1995)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion when it refuses to modify an injunction [ ] in light of such changes." *Horne*, 557 U.S. at 447.

FDA_00273

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).  Courts should apply a "flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case." *Id.* at 122. The courts, however, should exercise their broad powers under Rule 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120.

"[W]hen a Rule 60(b) motion is filed within 28 days after the entry of the district court's judgment, the district court has full authority to adjudicate that motion, and an appeal from that court's judgment does not become effective until after the court adjudicates the motion." *Ellington v. Vance*, C.A. No. 20-CV-1100, 2022 WL 903494, *1 (D. Del. Mar. 28, 2022) (citing *McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 n.2 (3d Cir. 2021) (citing Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i))).

## V.    ARGUMENT

The Court should modify the relief granted in the Judgment pursuant to Rule 60(b)(5) and 60(b)(6), as proposed by Norwich (Exs. A and B (redline)), to remove the absolute prohibition on FDA's approval of Norwich's Amended ANDA before October 2, 2029.[2]  By removing the HE Indication from the proposed ANDA labeling, Norwich's Amended ANDA satisfies the judgment on the Asserted HE Patents, and ordering FDA to delay the effective date of approval of Norwich's ANDA Product for the IBS-D Indication is no longer equitable.

---

[2] The restraint on the effective date of final approval of Norwich's ANDA by FDA is executory or prospective in nature, and therefore can be modified at the discretion of the Court under Rule 60(b). *Marshall v. Bd. of Ed., Bergenfield, N. J.*, 575 F.2d 417, 425 (3d Cir. 1978).

FDA_00274

A. **Norwich's Amended ANDA Changes the Factual Conditions that Gave Rise to the Order Delaying FDA's Approval of Norwich's ANDA.**

1. **Norwich's Amended ANDA Effectively Satisfies the Judgment on the Original ANDA.**

Norwich's Amended ANDA strikes the HE Indication from the proposed ANDA labeling and withdraws Norwich's Paragraph IV certifications on each of the Asserted HE Patents. Thus, Norwich has agreed to the relief that Salix set out to obtain on the Asserted HE Patents. *Cf. H. Lundbeck A/S v. Apotex, Inc.*, C.A. No. 18-88-LPS, 2020 WL 3507795, *5 (D. Del. Jun. 26, 2020) ("Sandoz, by converting from Paragraph IV to Paragraph III, has already essentially given Plaintiffs what they asked for from the Court. By Sandoz's own actions, the FDA cannot now give final approval to Sandoz's ANDA until after the expiration of the polymorph patents. There is no additional relief the Court can now provide."). This effectively satisfies the judgment of infringement under 35 U.S.C. § 271(e)(2), and resolves the need for a restraint of FDA's approval of Norwich's Amended ANDA under 35 U.S.C. § 271(e)(4)(A).

By striking the HE Indication, Norwich's Amended ANDA does not seek FDA authorization to do what the Asserted HE Patents may legally exclude persons from doing under Section 271(e)(2). "It shall be an act of infringement to submit [ ] an [ANDA] for a drug claimed in a patent or *the use of which is claimed in a patent*." 35 U.S.C. § 271(e)(2) (emphasis added). Each of the Asserted HE Patents recite a method of maintaining remission of HE or reducing the risk of HE recurrence in a subject. Norwich's Amended ANDA, however, only seeks approval for an indication for treating of IBS-D in adults – a distinct indication having a distinct dosing regimen. Under 35 U.S.C. § 271(e)(2), courts analyze "whether what the generic drug maker is requesting authorization for in the ANDA would be an act of infringement if performed." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003). A "request to make and sell a drug labeled with a permissible (non-infringing) use cannot

7

reasonably be interpreted as an act of infringement (induced or otherwise) with respect to a

patent on an unapproved use, as the ANDA does not induce anyone to perform the unapproved

acts required to infringe." *Id*. at 1364-65.  Further, Norwich could not market its ANDA Product

for the HE Indication – an unapproved use – without violating federal law.  *Id.* at 1365.

Accordingly, Norwich's Amended ANDA effectively satisfies the judgment of infringement on

the Asserted HE Patents under Section 271(e)(2) and, in turn, eliminates the statutory predicate

for enjoining FDA's approval of Norwich's Amended ANDA until October 2029.

> **2.     The Modified Judgment Would
> Prevent FDA's Approval of Norwich's ANDA for
> the HE Indication Before the Asserted HE Patents Expire.**

There is no risk that FDA could authorize labeling for Norwich's ANDA Product that

contains the HE Indication before the Asserted HE Patents expire.  First, Norwich's Amended

ANDA states that, ███████████████████████████████████████████████

████████████████████████████████████████ (Murphy Decl., Ex. 1 at Motion-

004.)  Second, Norwich does not seek to disturb the Court's conclusions regarding infringement

of the Asserted HE Patents by the submission of Norwich's Original ANDA, which contained

proposed labeling for the HE Indication.  Nor does it seek to shorten the restraint on FDA's

approval of Norwich's ANDA for the HE Indication.  Norwich proposes (Exhibit A) limiting the

restraint on the timing of FDA's approval to the extent Norwich's ANDA maintains Paragraph

IV certifications to the Asserted HE Patents.  *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367,

391 (1992) ("the proposed modification [must be] suitably tailored to the changed

circumstance").

To carve the HE Indication from its proposed ANDA labeling, Norwich's Amended

ANDA had to withdraw Norwich's Paragraph IV certifications on each of the Asserted HE

Patents.  Absent a Paragraph IV certification on each Asserted HE Patent, FDA cannot approve

FDA_00276

Norwich's ANDA Product for the HE Indication before the Asserted HE Patents expire.  *See* 21 C.F.R. 314.94(a)(12)(iii)(B).  Even assuming that Norwich could later reverse course, Norwich would need to (i) resubmit a Paragraph IV certification on each of the Asserted HE Patents, and (ii) notify Salix of the same.  *See* 21 C.F.R. 314.96(d)(1) (directing an applicant to submit a patent certification if it amends its ANDA "[t]o add a new indication or other condition of use.").  If that happened, Norwich's proposed modified judgment would prevent FDA from approving that ANDA for the HE Indication because Norwich's ANDA would then contain a Paragraph IV patent certification on the Asserted HE Patents.  Whether by the absence of a Paragraph IV certification on the Asserted HE Patents or a function of the modified judgment, FDA could not authorize Norwich's ANDA for the HE Indication – the only aspect of its ANDA adjudged to be infringing – before the Asserted HE Patents expire.

> **3.** **Salix Could Not State A Claim for Patent Infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) Regarding Norwich's Amended ANDA.**

Salix has no right to exclude the product or labeling provided in Norwich's Amended ANDA from the market.  Norwich does not ask this Court to decide, however, whether Norwich's Amended ANDA for the IBS-D Indication would infringe the Asserted HE Patents because, as shown below, a claim for patent infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) against Norwich's Amended ANDA would be futile.

> **a.** **A Section viii statement does not give rise to a Section 271(e)(2) claim of patent infringement.**

"[A] patented method of using a drug can only be infringed under § 271(e)(2) by filing an ANDA that seeks approval to market the drug for that use.  Thus, an ANDA seeking to market a drug not covered by a composition patent for unpatented methods of treatment cannot infringe

FDA_00277

under § 271(e)(2)." *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1379 (Fed. Cir. 2012) (internal citations omitted).

Congress has recognized "that a single drug could have more than one indication and yet that the ANDA applicant could seek approval for less than all of those indications." *Warner-Lambert*, 316 F.3d at 1360. When a "method of use patent [ ] does not claim a use for which the applicant is seeking approval, an applicant may [ ] submit a statement under 21 U.S.C. § 355(j)(2)(A)(viii) averring that the ANDA excludes all uses claimed in the patent ("Section viii statement")." *AstraZeneca Pharms. L.P.*, 669 F.3d at 1374. In that instance, a Paragraph IV certification "need not be provided for a patent claiming a use for which the ANDA applicant is not seeking approval [ ]." *Warner-Lambert Co.*, 316 F.3d at 1361. Thus, an ANDA applicant may "limit the scope of regulatory approval they seek—and thereby forego Paragraph IV certification and a § 271(e)(2) infringement suit—by excluding patented indications from their ANDAs." *AstraZeneca Pharms. L.P.*, 669 F.3d at 1379.

In *AstraZeneca*, the ANDA applicant did not seek FDA approval for one approved use of the drug and submitted a Section viii statement in regards to two patents alleged to cover that approved use. *Id.* at 1374-74. The Federal Circuit affirmed the district court's dismissal of a patent infringement claim under Section 271(e)(2) for failing to state a claim for relief because the ANDA label had carved out the patented indication. *Id*. at 1380-81. *See also Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 578 F. Supp. 3d 642, 647-648 (D. Del. Jan. 4, 2022) (granting motion to dismiss complaint for failing to state a claim for relief where the ANDA applicant had submitted a Section viii statement concerning a patented use of the drug).

The Federal Circuit's "narrow, case-specific review" in *GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, 7 F.4th 1320 (Fed. Cir. 2021) ("*GSK*"), did not obviate the use of a

FDA_00278

proper Section viii statement to avoid an inducement claim.  As this Court recognized in *Amarin*,

"it is still the law that 'generics could not be held liable for merely marketing and selling under a

'skinny' label omitting all patented indications, or for merely noting (without mentioning any

infringing uses) that FDA had rated a product as therapeutically equivalent to a brand-name

drug.'" *Amarin Pharma, Inc.*, 578 F.Supp.3d at 645 (*quoting GSK*, 7 F.4th at 1326).

> **b.    Norwich's ANDA label will not**
> **induce infringement of the Asserted HE Patents.**

Norwich's Amended ANDA proposes labeling that does not provide any reasonable basis

to support a claim of induced infringement of the Asserted HE Patents.[3]  First, the IBS-D

Indication does not overlap with any patent use code listed by Salix in the Orange Book for the

Asserted HE Patents:

| Asserted HE Patent | Patent Use Code | IBS-D Indication |
|---|---|---|
| '573 patent, claim 8<br>'195 patent, claim 6 | U-1481:  "reduction in risk of overt [HE] recurrence" | "treatment of [IBS-D] in adults" |
| '397 patent, claims 11-12 | U-2579:  "reduction in a subject's risk of experiencing a breakthrough overt [HE] episode" | |

(Murphy Decl., Ex. 2 at 3-5.)  *See* 21 CFR §§ 314.53(c)(2)(ii)(P)(3), (e) (requiring brand drug

sponsors to provide a "description of the patented method of use"); *Caraco Pharm. Lab'ys, Ltd.*

*v. Novo Nordisk A/S*, 566 U.S. 399, 407 (2012) ("Only if the use code provides sufficient space

for the generic's proposed label will the FDA approve an ANDA with a section viii statement.").

The IBS-D and HE Indications are directed to distinct medical conditions in distinct populations.

---

[3] Salix did not assert claims for direct or contributory infringement of the Asserted HE Patents at trial.  Regardless, Norwich will not "administer" its ANDA Product to a subject and therefore cannot directly infringe a claim of the Asserted HE Patents.  Moreover, the use of Norwich's ANDA Product for the IBS-D Indication provides a substantial non-infringing use.

FDA_00279

At trial, both parties presented different slates of medical experts to address infringement issues relating to each indication.

Second, Norwich's amended labeling strikes the statements cited by Plaintiffs and relied on by the Court in finding inducement.  The ██████████████████ does not appear in the amended labeling.  For example, ████████████████████████████████████████ ████████████████████████.  (Murphy Decl., Ex. 1 at Motion-011.)  Thus, the amended labeling cannot instruct a subject to use Norwich's ANDA Product for "reduction in the risk of overt HE recurrence" or to "administer" 550 mg of rifaximin twice a day to do so.  In addition, each of the Asserted HE Patents contains a limitation requiring daily administration of rifaximin 550 mg twice a day for "12 months or longer."  Regarding the "12 months or longer" limitation, the Court found that:

> Norwich's product is indicated for reducing overt HE recurrence. (JTX 73 § 1.2). HE is chronic. It must be managed until the patient gets a liver transplant or dies. . . . *The label has no recommendation as to duration of administration. The label further describes a study in which some patients used the product for 12 months or longer*. Taken together, this evidence demonstrates by a preponderance of the evidence that Norwich's label would encourage administering rifaximin for at least 12 months.

(D.I. 191 at 22 (emphasis added).)  Norwich's revised labeling removes ███████████ ████████████████████████████████████████████████████████████████ ██████████████ would "encourage administering rifaximin for at least 12 months."  (Murphy Decl. Ex. 1 at Motion-011, Motion-022-024.)  Thus, Salix cannot state a plausible claim for relief under 35 U.S.C. § 271(e)(2) against Norwich's Amended ANDA based on the Asserted HE Patents.

FDA_00280

**B.     Ordering FDA to Delay the Approval of Norwich's Amended ANDA Prospectively Is No Longer Equitable Based on the Changed Circumstances.**

For the reasons previously discussed, Norwich's Amended ANDA substantively changes operative facts supporting the Court's infringement holding and the statutory basis for enjoining the effective date of FDA's approval based on the Asserted HE Patents.  Thus, it is no longer equitable to prospectively enjoin the approval of Norwich's Amended ANDA.  Norwich's removal of the HE Indication is permitted by law and encouraged by public policy.  In addition, courts have granted relief from judgment in patent cases where post-trial events alter the facts or holdings supporting the judgment.

Norwich does not seek to vacate the judgment on Norwich's Original ANDA; it seeks to tailor the ordered relief to the specific infringing conduct in view of Norwich's Amended ANDA.  The Third Circuit has rejected "a rigid, pervasively applicable rule for modification of an injunction because equity demands a flexible response to the unique conditions of each case." *In re Linerboard Antitrust Litig*., 361 F. App'x. at 397-398 (dissolving injunction where the circumstances had changed).  It has stated that factors to consider when considering modifying an injunction include:

> the circumstances that led to the entry of the injunction and the nature of the conduct sought to be prevented, the length of time since the entry of the injunction, whether the party has complied or attempted to comply in good faith with the injunction, and the likelihood that the conduct will recur absent the injunction.

*Id*.  Here, the circumstances that led to the entry of the order blocking FDA approval – Norwich's proposed ANDA labeling for the HE Indication – no longer exists.  Norwich does not seek FDA authorization to market its ANDA Product for the HE Indication.  For the reasons previously discussed, there is no likelihood that the conduct will recur absent the restraint. Norwich does not currently maintain active Paragraph IV certifications to the Asserted HE

FDA_00281

Patents and, if it did, Norwich's proposed modified judgment (Exhibit A) would still prevent FDA from approving a label containing the HE Indication.

Norwich invokes Rule 60(b)(5) to remove the bottleneck preventing FDA's approval of Norwich's Amended ANDA.  This is not an attempt to relitigate any issue of validity or infringement concerning the HE Indication and the Asserted HE Patents.  Norwich challenged the validity and infringement of the Asserted HE Patents and lost.  Norwich has chosen to forego its appeal, accept this Court's determination, and exclude the HE Indication from its proposed labeling.  The law permits, if not encourages, Norwich to exclude the HE Indication from its ANDA labeling.  Indeed, Congress recognized that a drug may have multiple uses, and specifically crafted a pathway for a generic product to avoid patented methods of use.  It did so in view of the strong public interest in access to affordable medications.  To order FDA to delay final approval to Norwich's Amended ANDA for only the IBS-D Indication would be "detrimental to that public interest."

Relief from judgment under Rule 60(b) has also been granted in patent cases where altered circumstances warranted modifying the judgment.  For example, in *Convolve, Inc. v. Dell Inc. et al.*, C.A. No. 2:08-CV-244, 2017 WL 2463398, at *6-8 (E.D. Tex. June 7, 2017), the district court vacated a jury verdict of patent infringement and damages award under Rule 60(b)(6) based on the Federal Circuit's affirmance of summary judgment of non-infringement against the patentee in a parallel litigation involving similar products.  In *Prism Techs., LLC v. Sprint Spectrum L.P.*, C.A. No. 8:12CV123, 2017 WL 3396463, at *4, *6 (D. Neb. Aug. 8, 2017), *aff'd*, 757 F. App'x 980 (Fed. Cir. 2019), the district court vacated a jury verdict of infringement under Rule 60(b)(6) where the asserted claims had been later held invalid in a separate proceeding.  It did so despite the defendant having not presented an invalidity defense at

FDA_00282

trial.  In *Life Techs., Inc. v. Promega Corp.*, 189 F.R.D. 334, 336-37 (D. Md. 1999), the district court modified a consent judgment and settlement agreement under Rule 60(b)(5) where the patent had been found unenforceable in a separate proceeding.  Here, the facts are no less exceptional than in *Convolve*, *Prims Techs*, or *Life Techs.*.  Unlike any of those cases, Norwich has removed the specific conduct held to have infringed.

The *Forest Lab'ys* and  *Allergan* cases cited by Salix in the parties' Joint Dispute Letter regarding the Form of Judgment are not analogous to this case.  *See* D.I. 190 at 2 (citing *Forest Lab'ys, LLC v. Sigmapharm Laby's, LLC*, Civ. No. 14-1119-MSG, 2019 WL 3574249, at *4 (D. Del. Aug. 6, 2019); *see also Allergan, Inc. v. Sandoz, Inc*., No. 2:09-CV-97, 2013 WL 6253669, at *3 (E.D. Tex. Dec. 3, 2013), *aff'd* 587 F. App'x 657 (Fed. Cir. 2014) (per curium) ("Allergan")).  In contrast to this case, the ANDA filers in both *Forest Lab'ys* and *Allergan* maintained an active Paragraph IV certification to the asserted patents.

In *Forest Lab'ys*, the judgment addressed a patented "pharmaceutical composition" and not, as here, a method of use claim.  2019 WL 3572429 at *1.  The specific infringement dispute was over the disintegration specification for the ANDA product.  *Id*.  The ANDA applicant had amended its specification four times before trial, and the district court had only lifted a stay of the litigation after the ANDA applicant had stated that any additional changes would be minor.  *Id*. at *2-2.  After trial, however, the ANDA applicant again changed its product specification and, unlike here, sought to vacate judgment of infringement and have a judgment of noninfringement entered.  *Id*. at *3.  The issue of modifying injunctive relief was not before the district court.  *Id*. at *4.

In *Allergan*, the ANDA applicant had previously obtained summary judgment of noninfringement of three out of four asserted method patent claims.  *See Allergan, Inc. v. Sandoz*

FDA_00283

*Inc.*, C.A. No. 09-CV-182, 2011 WL 3794364, at *3 (E.D. Tex. Aug. 25, 2011), *aff'd in part*,

*rev'd in part*, 726 F.3d 1286 (Fed. Cir. 2013) (hereafter "Sandoz").  Unlike here, the ANDA

applicant stipulated that the use of its product would infringe the fourth patent claim *before* trial.

*Allergan*, 2013 WL 6253669 at *1.  It presented only invalidity defenses at trial.  *Id*. at *3.  The

ANDA applicant modified its product labeling and sought to vacate the judgment only after the

Federal Circuit affirmed that the patent claim was valid.  *Id*. at *1, *3.  In contrast to the distinct

IBS-D and HE Indications in this case, the product – Combigan – at issue in *Allergan* had only

one FDA-approved indication:  "reduction of elevated intraocular pressure (IOP) in patients *with*

*glaucoma* or ocular hypertension."  *Sandoz*, 2011 WL 3794364 at *3.  The modified ANDA

label retained the "reduction of elevated [IOP] with ocular hypertension" language but struck the

subset of patients "with glaucoma" in an attempt to avoid a dose reduction limitation recited in

the claim.  *Allergan*,  2013 WL 6253669 at *3 n.1.  This is starkly different than Norwich's

complete elimination of the HE Indication from its amended ANDA labeling (and its withdrawal

of the Paragraph IV certifications and conversion to a Section viii statement to the HE Patents).

The relative paucity of Rule 60(b) motions in patent infringement actions involving

changed products is not surprising.  A patentee would need a basis to exclude the product from

the marketplace.  An adjudicated infringer would not typically be required to modify an

injunction in order to market a different, noninfringing product.  Instead, a patentee bears the

burden of obtaining a contempt order by showing that (1) no "'colorable differences' exist

between the newly accused product and the adjudged infringing product"; and (2) the "new

product actually infringes."  *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 343

(D. Del. 2011) (quoting *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 880-81 (Fed. Cir. 2011)).

FDA_00284

Yet, in this case, FDA approval is a gate for marketing Norwich's ANDA Product for the IBS-D Indication, and the current Judgment blocks that approval until October 2029.

    **C.**    **The Continued Prohibition of FDA Approval of Norwich's Amended ANDA Would Pose an Extreme and Unexpected Hardship.**

Foreclosing FDA's approval of Norwich's Amended ANDA for seven years poses an extreme hardship to Norwich. Norwich successfully challenged the validity of the asserted IBS-D and polymorph patents, and it has excluded the specific conduct found to infringe from its ANDA labeling. Yet, Norwich stands to be the only generic manufacturer that cannot freely obtain FDA approval for rifaximin 550 mg tablets for only the IBS-D Indication. *Cf Life Techs*., 189 F.R.D. at 337 (remarking that the defendant would be the only competitor unable to practice the unenforceable patent). The prohibition on FDA's approval of Norwich's ANDA Product is also detrimental to the public interest because, absent relief from the order, a generic market for rifaximin 550 mg tablets cannot likely form until January 1, 2028 – the entry date specified in Salix's settlement agreements with prior ANDA applicants. (Murphy Decl. Ex. 2 (Salix Press Release, dated July 28, 2022) at 2.)

Norwich could not have reasonably predicted that it would not prevail on the merits on the Asserted HE Patents. Regardless, maintaining the HE Indication in its proposed ANDA labeling is not mandated by the Judgment or statute. Nor is an appeal on the merits of the Asserted HE Patents compulsory. Norwich's decision to forego an appeal of the Judgment regarding the Asserted HE Patents and modify its ANDA to exclude the HE Indication puts Norwich in the same position it would have been had it (i) originally submitted a Section viii statement to the Asserted HE Patents, or (ii) the Federal Circuit had affirmed the Judgment. The facts now presented are no different than what might have been presented twelve to eighteen months from now, and resolution of the approval of Norwich's Amended ANDA is needed.

FDA_00285

In addition, Salix recognizes that Norwich may carve the HE Indication from its ANDA labeling and seek to modify the Judgment.  Within hours of this Court's July 28, 2022 Oral Order, Salix issued a press release stating that "[u]ntil an approval of a revised ANDA is granted by the FDA and the expected injunction modified by the Court, Norwich is not permitted to launch a generic equivalent of XIFAXAN®."  (Murphy Decl., Ex. 2 at 1-2.)  Salix therefore agrees that the Court may modify the injunction.  Moreover, Salix has threatened to "vigorously oppose any attempt by Norwich to remove the HE safety data from its ANDA in an effort to avoid the XIFAXAN® HE Patents."  (*Id*. at 1.)  Thus, Salix appears poised to erect yet additional, unjustifiable hurdles for Norwich to overcome before FDA.  Continuing to enjoin FDA's approval of Norwich's Amended ANDA for the IBS-D Indication stands only to defer Salix's next attempt to delay generic competition.

## VI.   CONCLUSION

For the foregoing reasons, the Court should grant the relief requested in Norwich's Rule 60(b) Motion.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landman
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

FDA_00286

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

FDA_00287

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on September 7, 2022, this document was

served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Karen Jacobs
Cameron Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
cclark@mnat.com

Becky E. Steephenson
Damien N. Dombrowski
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Fl.
New York, NY 1020
(212) 307-5500
bsteephenson@venable.com
ddombrowski@venable.com

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas, 20th Fl.
New York, NY 10104
(212) 218-2100
sreed@venable.com
skline@venable.com
skclark@venable.com
dapgar@venable.com
ammcjoynt@venable.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

# Exhibit A

FDA_00289

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SALIX PHARMACEUTICALS, LTD.;           )
SALIX PHARMACEUTICALS, INC.;           )
BAUSCH HEALTH IRELAND LTD.;            )
ALFASIGMA S.P.A.,                      )
                                       )
      Plaintiffs,                )
                                       )   C.A. No. 20-430 (RGA)
                                       )
    v.                          )
                                       )
NORWICH PHARMACEUTICALS, INC.,         )
                                       )
      Defendant.                 )

## [PROPOSED] AMENDED FINAL JUDGMENT

This action, having been tried before the Court from March 21 through March 25, 2022 and the Court having issues an opinion after trial (D.I. 191):

IT IS HEREBY ORDERD and ADJUDGED:

1.     Judgment is entered in favor of Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") and against Defendant Norwich Pharmaceuticals, Inc. ("Norwich") on Plaintiffs' claim that Norwich will induce infringement of claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent") in connection with Norwich's proposed generic rifaximin 550 mg tablets ("ANDA Product") that are the subject of Norwich's Abbreviated New Drug Application ("ANDA") No. 214369, as of August 10, 2022.

2.     Judgment is entered in favor of Plaintiffs and against Norwich on Norwich's counterclaims for non-infringement and invalidity of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

3.      Judgment is entered in favor of Plaintiffs and against Norwich that pursuant to 35 U.S.C. §271(e)(2), Norwich's submission of Norwich's ANDA No. 214369, as of August 10, 2022, was an act of infringement of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 of the '397 Patent.

4.      Judgment is entered in favor of Norwich and against Plaintiffs on Norwich's counterclaims for invalidity of claim 2 of U.S. Patent No. 8,309,569, claim 3 of U.S. Patent No. 10,765,667, claim 4 of U.S. Patent No. 7,612,199, and claim 36 of U.S. Patent No. 7,902,206.

5.      Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled, to the extent Norwich's ANDA No. 214369 maintains Paragraph IV certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) stating that the '573, '195, and '397 patents are invalid or will not be infringed by the manufacture, use, or sale of the product specified in Norwich's ANDA.  Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs).

6.      In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54 and/or Local Rules 54.1 or 54.3, or any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty 30 days after final disposition of any such appeal.

SO ORDERED this _____ day of August 2022.

_____
United State District Judge

2

# Exhibit B

FDA_00292

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.; | ) |
| SALIX PHARMACEUTICALS, INC.; | ) |
| BAUSCH HEALTH IRELAND LTD.; | ) |
| ALFASIGMA S.P.A., | ) |
| | ) |
| Plaintiffs, | )   C.A. No. 20-430 (RGA) |
| | ) |
| v. | ) |
| | ) |
| NORWICH PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] AMENDED FINAL JUDGMENT**

This action, having been tried before the Court from March 21 through March 25, 2022 and the Court having issues an opinion after trial (D.I. 191):

IT IS HEREBY ORDERD and ADJUDGED:

1.     Judgment is entered in favor of Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") and against Defendant Norwich Pharmaceuticals, Inc. ("Norwich") on Plaintiffs' claim that Norwich will induce infringement of claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent") in connection with Norwich's proposed generic rifaximin 550 mg tablets ("ANDA Product") that are the subject of Norwich's Abbreviated New Drug Application ("ANDA") No. 214369, as of August 10, 2022.

2.     Judgment is entered in favor of Plaintiffs and against Norwich on Norwich's counterclaims for non-infringement and invalidity of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

3.      Judgment is entered in favor of Plaintiffs and against Norwich that pursuant to 35 U. S. C. §271(e)(2), Norwich's submission of Norwich's ANDA No. 214369, as of August 10, 2022, was an act of infringement of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 of the '397 Patent.

4.      Judgment is entered in favor of Norwich and against Plaintiffs on Norwich's counterclaims for invalidity of claim 2 of U.S. Patent No. 8,309,569, claim 3 of U.S. Patent No. 10,765,667, claim 4 of U.S. Patent No. 7,612,199, and claim 36 of U.S. Patent No. 7,902,206.

5.      Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled, to the extent Norwich's ANDA No. 214369 maintains Paragraph IV certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) stating that the '573, '195, and '397 patents are invalid or will not be infringed by the manufacture, use, or sale of the product specified in Norwich's ANDA.  Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs).

6.      In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54 and/or Local Rules 54.1 or 54.3, or any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty 30 days after final disposition of any such appeal.

SO ORDERED this _____ day of August 2022.

_____
United State District Judge

2

FDA_00294

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.,<br>SALIX PHARMACEUTICALS, INC.,<br>BAUSCH HEALTH IRELAND LTD., and<br>ALFASIGMA S.P.A., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 20-430-RGA |
| NORWICH PHARMACEUTICALS, INC., | )<br>)<br>) |
| Defendant. | ) |

## DECLARATION OF MATTHEW S. MURPHY IN SUPPORT OF DEFENDANT NORWICH PHARMACEUTICALS, INC.'S MOTION PURSUANT TO RULE 60(B)

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

I, Matthew S. Murphy, hereby declare as follows:

1.      I am a partner of the firm Axinn, Veltrop & Harkrider LLP, attorneys for Defendant Norwich Pharmaceuticals, Inc. ("Norwich"), in the above-captioned matter.

2.      I have been admitted *pro hac vice* in the above-captioned matter.

3.      I submit this Declaration in Support of Norwich's Motion Pursuant to Rule 60(b). I have personal knowledge of the facts set forth in this Declaration or believe such facts to be true based upon information provided by knowledgeable persons.

4.      Attached hereto as Exhibit 1 is a true and accurate copy of documents that Norwich submitted to the United States Food and Drug Administration ("FDA") on September 6, 2022 concerning a Patent and Labeling Amendment to ANDA 214369 for Rifaximin Tablets, 550 mg ("the Amendment") bearing numbers Motion-001-045;

   a.   The pages bearing numbers Motion-001-003 comprise a cover letter from Norwich to FDA concerning the Amendment;

   b.   The pages bearing number Motion-004-005 comprise information relating to the patent amendment;

   c.   The pages bearing numbers Motion-006-030 comprise "Module 1.14.1.2" (a side-by-side comparison of the labeling amendment); and

   d.   The pages bearing numbers Motion-031-045 comprise "Module 1.14.1.3" (proposed labeling).

5.      Attached hereto as Exhibit 2 is a true and accurate excerpt of FDA's 42d Edition of the Approved Drug Products with Therapeutic Equivalence Evaluations.

6.      Attached hereto as Exhibit 3 is a true and accurate copy of a July 28, 2022 Press Release by Bausch Health Companies and Salix Pharmaceuticals obtained from the website:

FDA_00297

https://www.bauschhealth.com/news-room/news-releases/news-details/202207281545PR

_NEWS_USPR_____NY30520 (accessed Sept. 7, 2022).

Dated:  September 7, 2022

_____

Matthew S. Murphy

FDA_00298

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on September 7, 2022, this document was

served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Karen Jacobs
Cameron Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
cclark@mnat.com

Becky E. Steephenson
Damien N. Dombrowski
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Fl.
New York, NY 1020
(212) 307-5500
bsteephenson@venable.com
ddombrowski@venable.com

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas, 20th Fl.
New York, NY 10104
(212) 218-2100
sreed@venable.com
skline@venable.com
skclark@venable.com
dapgar@venable.com
ammcjoynt@venable.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

# Exhibit 1

FDA_00300



**September 6, 2022**

Sally Choe, Ph.D., Director,
Center for Drug Evaluation and Research,
Food and Drug Administration,
5901–B Ammendale Rd.,
Beltsville, MD 20705–1266

**PATENT AND LABELING AMENDMENT**

**ANDA # 214369, eCTD Seq. 0020**
**Rifaximin Tablets, 550 mg**

Dear Dr. Choe:

Norwich Pharmaceuticals, Inc. (NPI), herewith submits a Patent and Labeling Amendment to
ANDA 214369 for Rifaximin Tablets, 550 mg.

In addition, the 30-month stay expired on August 14, 2022.

Reference is also made to United States District Court for the District of Delaware's August 10,
2022 Final Judgment for the Civil Action No. 1:20-cv-430-RGA, Salix Pharmaceuticals, Ltd,
et al. v. Norwich Pharmaceuticals, Inc., finding that claim 2 of U.S. Patent No. 8,309,569 and
claim 3 of U.S. Patent No. 10,765,667 (having use codes relating to the treatment of irritable
bowel syndrome with diarrhea) are invalid; and claim 4 of U.S. Patent No. 7,612,199 and claim
36 of U.S. Patent No. 7,902,206 (having composition claims relating to the Beta polymorphic
form) are invalid; and that claim 8 of U.S. Patent No. 8,642,573, claim 6 of U.S. Patent No.
9,421,195, and claims 11-12 of U.S. Patent No. 10,335,397 (having use codes relating to the
reduction in risk of overt hepatic encephalopathy) are infringed by the current label in NPI's

---

[1] *See* Prioritization of the Review of Original ANDAs, Amendments, and Supplements, Manual of
Policies and Procedures No. 5240.3 Rev. 5, at 3-5 (Jan. 30, 2020) ("MAPP 5240.3") available at
https://www.fda.gov/media/89061/download.

[2] *See*

| Norwich Pharmaceuticals Inc. | 6826 State Highway 12 | Norwich, NY 13815 | Page 1 of 3 |
| Jyoti.sachdeva@alvogen.com | Phone 973 852 4348 | Fax 973 201 1086 | www.norwichpharma.com |

Confidential Information Subject to Protective Order                                    FDA 00001

**ANDA # 214369**
**Rifaximin Tablets, 550 mg – Norwich Pharmaceuticals, Inc.**
**Patent and Labeling Amendment**



ANDA (submitted in eCTD Sequence 0018). NPI is withdrawing its Paragraph IV certification and is submitting a section viii statement, with respect to patents relating to the Hepatic Encephalopathy indication as provided in **Module 1.3.5.2** for US. Patent Nos. 8,642,573, ███████████████, 9,421,195, ████████████████, 10,335,397, and ███████████.

Given NPI's success in court and the labeling changes proposed here, ████████████ ████████████████. By contrast, all other ANDA applicants for rifaximin have settled for a launch date in January 2028. ████████████████████████ ████████████████████████████████████████████ ████████████  Only one applicant, Sandoz, has even received tentative approval.[3] ████████████████████████████████████████████ ████████████████████████████████  In fact, Teva, Sandoz, and Sun will only be able to market generic rifaximin prior to January 2028 if NPI's ANDA is approved and NPI goes to market.[4]

<u>Given the position of its patent litigation,</u> ████████████████████████████. ████████████████████████████████████████████. ████████████████████████████████████████████ ████████████████████████████

**LABELING**

NPI herewith submits revisions to the proposed Prescribing Information labeling to remove reference to the Hepatic Encephalopathy (HE) indication, in accordance with the section viii statement provided in Module 1.3.5.2.

NPI's proposed Prescribing Information, reflecting the full content of labeling as well as the planned ordering of the content of labeling, is provided in Module 1.14.1.3 in **Word**, **PDF** and Structured Product Labeling (**SPL**) formats. The side-by-side comparison to our previously proposed labeling (submitted in eCTD Sequence 0016), with all differences annotated and explained, is provided in **Module 1.14.1.2** to facilitate review of the submission.

---

[3] *See* ANDA No. 213713, available at https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.process&ApplNo=213713.
[4] *See* Bausch Health Provides Update Following Oral Order in XIFAXAN® Patent Litigation (July 28, 2022) available at https://ir.bauschhealth.com/tools/viewpdf.aspx?page=%7b437B986E-331C-4AC6-A3E6-105507A9887C%7d.

████████████████████████ – ████████████████████████

Norwich Pharmaceuticals Inc.      6826 State Highway 12      Norwich, NY 13815      Page **2** of **3**

Jyoti.sachdeva@alvogen.com      Phone 973 852 4348      Fax 973 201 1086      www.norwichpharma.com

Confidential Information Subject to Protective Order

**ANDA # 214369**
**Rifaximin Tablets, 550 mg – Norwich Pharmaceuticals, Inc.**
**Patent and Labeling Amendment**



Additionally, in accordance with 21 C.F.R. § 314.96(d)(2), NPI verifies that this amendment does not contain one of the proposed changes under 21 C.F.R. 314.96(d)(1).

This submission is being sent via the Electronic Submissions Gateway (ESG). The submission is virus free, as verified by our client protection Microsoft Defender Advanced Threat Protection software.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Jyoti
Sachdeva

Digitally signed by Jyoti Sachdeva
DN: c=US, st=New Jersey,
l=Morristown, o=ALVOGEN, INC.,
cn=Jyoti Sachdeva,
email=jyoti.sachdeva@alvogen.com
Date: 2022.09.06 13:40:24 -04'00'

Jyoti Sachdeva
Executive Director, Regulatory Affairs
Alvogen PB Research & Development
(Regulatory Agent for Norwich Pharmaceuticals, Inc.)

Confidential Information Subject to Protective Order     FDA_00003

ANDA # 214369
Rifaximin Tablets 550 mg
Patent and Labeling Amendment



## Module 1
### Administrative Information
### 21 CFR 314.94(a)(12)(i)(A)(1) through (4) or 314.94(a)(12)(iii)

**STATEMENT REGARDING METHOD-OF-USE PATENTS [SECTION viii STATEMENT]**

Pursuant to Section 505(j)(2)(A)(viii) of the FD&C Act and 21 CFR § 314.94(a)(12)(iii)(A), Norwich Pharmaceuticals, Inc. (NPI) states that the following method-of-use patents do not claim a proposed indication or other condition of use for which NPI is seeking approval of its ANDA for Rifaximin Tablets, 550 mg. These patents do not claim the proposed indication(s) or other conditions of use included in the labeling provided electronically and referred to in Module 1.14 of this ANDA.

- U.S. Patent No. 8,642,573 (U-1481) Reduction in Risk of Overt Hepatic Encephalopathy (HE) Recurrence;
- ███████████████████████████████████████████████████
  ██████
- ████████████████████████████████████████████████████
  ███████████
- █████████████████████████████████████████████████████
  ████████████

- U.S. Patent No. 9,421,195 (U-1481) Reduction in Risk of Overt Hepatic Encephalopathy (HE) Recurrence
- █████████████████████████████████████████████████████
  ███████████
- █████████████████████████████████████████████████████
  ████████████

- U.S. Patent No. 10,335,397 (U-2579) Reduction in a Subject's Risk of Experiencing a Breakthrough Overt Hepatic Encephalopathy (HE) Episode
- █████████████████████████████████████████████

- **NPI hereby withdraws its previously submitted Paragraph IV certifications for U.S. Patent Nos.** 8,642,573; ████████    ████████; 9,421,195; ████████; ████████; 10,335,397; and ████████.

Prior to the expiration of U.S. Patent Nos. 8,642,573; ████████████████ 9,421,195; ████████████ 10,335,397; ████████████████████

# Jyoti Sachdeva

Digitally signed by Jyoti Sachdeva
DN: c=US, st=New Jersey,
l=Morristown, o=ALVOGEN, INC.,
cn=Jyoti Sachdeva,
email=jyoti.sachdeva@alvogen.com
Date: 2022.09.06 10:19:01 -04'00'

Jyoti Sachdeva
Executive Director, Regulatory Affairs
Alvogen PB Research and Development, LLC.
(Regulatory Agent for Norwich Pharmaceuticals, Inc.)

September 6, 2022
Date

Confidential Information Subject to Protective Order        NOR-00004

**ANDA # 214369**
**Rifaximin Tablets 550 mg**
**Patent and Labeling Amendment**



**Module 1**
**Administrative Information**
**21 CFR 314.94(a)(12)(i)(A)(1) through (4) or 314.94(a)(12)(iii)**

**1.3.5.2    PATENT CERTIFICATION OR STATEMENT**

The below table lists all certifications and statements pursuant to Section 505(j)(2)(A) of the Federal Food, Drug and Cosmetic Act ("FD&C Act"), and 21 CFR § 314.94(a)(12)(i)(A)(l)-(4) and 314.94(a)(12)(iii), provided in the respective eCTD Sequence.

| US Patent Number | Patent Certification | Submitted in eCTD Sequence |
|---|---|---|
| 8,642,573 | Section viii | 0020 |
| 9,421,195 | Section viii | 0020 |
| 10,335,397 | Section viii | 0020 |

Page **1** of **1**

Confidential Information Subject to Protective Order

# Exhibit 2



# APPROVED DRUG PRODUCTS

WITH

## THERAPEUTIC EQUIVALENCE EVALUATIONS

**42nd EDITION**

**THE PRODUCTS IN THIS LIST HAVE BEEN APPROVED UNDER SECTION 505 OF THE FEDERAL FOOD, DRUG, AND COSMETIC ACT.**

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
FOOD AND DRUG ADMINISTRATION
OFFICE OF MEDICAL PRODUCTS AND TOBACCO
CENTER FOR DRUG EVALUATION AND RESEARCH
OFFICE OF GENERIC DRUGS
OFFICE OF GENERIC DRUG POLICY

**2022**

# APPROVED DRUG PRODUCTS
## with
## THERAPEUTIC EQUIVALENCE EVALUATIONS

**The products in this list have been approved under section 505 of the Federal Food, Drug, and Cosmetic Act.  This volume is current through December 31, 2021.**

# 42nd EDITION



### U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
FOOD AND DRUG ADMINISTRATION
OFFICE OF MEDICAL PRODUCTS AND TOBACCO
CENTER FOR DRUG EVALUATION AND RESEARCH
OFFICE OF GENERIC DRUGS
OFFICE OF GENERIC DRUG POLICY

**2022**

```
                42ND EDITION - 2022 - APPROVED DRUG PRODUCT LIST        ADA 246 of 299
```
**PRESCRIPTION AND OTC DRUG PRODUCT PATENT AND EXCLUSIVITY LIST**

| APPL/PROD<br>NO | PATENT NO | PATENT<br>EXPIRATION<br>DATE | PATENT<br>CODES | PATENT<br>DELIST<br>REQUESTED | EXCLUSIVITY<br>CODE(S) | EXCLUSIVITY<br>EXPIRATION<br>DATE |
|---|---|---|---|---|---|---|
| RIFAMYCIN SODIUM - AEMCOLO | | | | | | |
| N 210910 001 | 8263120 | May 03, 2025 | DP | | | |
| | 8486446 | May 03, 2025 | DP | | | |
| | 8529945 | May 03, 2025 | DP | | | |
| | 8741948 | May 03, 2025 | DP | | U-2448 | |
| RIFAXIMIN - XIFAXAN | | | | | | |
| N 021361 001 | 10703763 | Feb 27, 2026 | | | U-1708 | |
| | 10703763 | Feb 27, 2026 | | | U-2847 | |
| | 10703763 | Feb 27, 2026 | | | U-2848 | |
| | 7045620 | Jun 19, 2024 | DS DP | | | |
| | 7612199 | Jun 19, 2024 | DS DP | | | |
| | 7902206 | Jun 19, 2024 | DS DP | | | |
| | 7906542 | Jun 01, 2025 | DS DP | | | |
| | 7928115 | Jul 24, 2029 | | | U-1121 | |
| | 8158644 | Jun 19, 2024 | DP | | | |
| | 8158781 | Jun 19, 2024 | DS | | | |
| | 8193196 | Sep 02, 2027 | DS DP | | | |
| | 8518949 | Feb 27, 2026 | DP | | | |
| | 8741904 | Feb 27, 2026 | DS | | U-1526 | |
| | 8835452 | Jun 19, 2024 | DS DP | | | |
| | 8853231 | Jun 19, 2024 | DP | | | |
| | 9271968 | Feb 27, 2026 | DP | | | |
| RIFAXIMIN - XIFAXAN | | | | | | |
| N 021361 002 | 10314828 | Jul 24, 2029 | | | U-1481 | |
| | 10335397 | Jul 24, 2029 | | | U-2579 | |
| | 10456384 | Feb 26, 2029 | | | U-2643 | |
| | 10456384 | Feb 26, 2029 | | | U-2644 | |
| | 10703763 | Feb 27, 2026 | | | U-1708 | |
| | 10703763 | Feb 27, 2026 | | | U-2847 | |
| | 10703763 | Feb 27, 2026 | | | U-2848 | |
| | 10709694 | Jul 24, 2029 | | | U-2579 | |
| | 10765667 | Feb 26, 2029 | | | U-2643 | |
| | 10765667 | Feb 26, 2029 | | | U-2644 | |
| | 7045620 | Jun 19, 2024 | DS | | | |
| | 7612199 | Jun 19, 2024 | DS DP | | | |
| | 7902206 | Jun 19, 2024 | DS DP | | | |
| | 7906542 | Jun 01, 2025 | DS DP | | | |
| | 7915275 | Feb 23, 2025 | | | U-1707 | |
| | 7915275 | Feb 23, 2025 | | | U-1708 | |
| | 8158644 | Jun 19, 2024 | DP | | | |
| | 8158781 | Jun 19, 2024 | DS | | | |
| | 8193196 | Sep 02, 2027 | DS DP | | U-1707 | |
| | 8193196 | Sep 02, 2027 | DS DP | | U-1708 | |
| | 8309569 | Jul 18, 2029 | | | U-1707 | |
| | 8309569 | Jul 18, 2029 | | | U-1708 | |
| | 8518949 | Feb 27, 2026 | DP | | | |
| | 8642573 | Oct 02, 2029 | | | U-1481 | |
| | 8741904 | Feb 27, 2026 | DS | | U-1526 | |
| | 8741904 | Feb 27, 2026 | DS | | U-1707 | |
| | 8741904 | Feb 27, 2026 | DS | | U-1708 | |
| | 8829017 | Jul 24, 2029 | | | U-1562 | |
| | 8835452 | Jun 19, 2024 | DS DP | | | |
| | 8853231 | Jun 19, 2024 | DP | | | |
| | 8946252 | Jul 24, 2029 | | | U-1481 | |
| | 8969398 | Oct 02, 2029 | | | U-1481 | |
| | 9271968 | Feb 27, 2026 | DP | | | |
| | 9421195 | Jul 24, 2029 | | | U-1481 | |
| | 9629828 | Jul 24, 2029 | | | U-1994 | |
| RILPIVIRINE HYDROCHLORIDE - EDURANT | | | | | | |
| N 202022 001 | 7125879 | Apr 21, 2025 | DS DP | | U-1153 | |
| | 7125879 | Apr 21, 2025 | DS DP | | U-1307 | |
| | 7125879 | Apr 21, 2025 | DS DP | | U-1740 | |
| | 7125879 | Apr 21, 2025 | DS DP | | U-3068 | |
| | 7638522 | Apr 14, 2023 | DP | | | |
| | 8080551 | Apr 11, 2023 | DS DP | | | |
| | 8101629 | Aug 09, 2022 | DP | | | |

PATENT USE

|  | MEDICATION ON THE SAME KNEE |
|---|---|
| U-1478 | METHOD OF REDUCING TG LEVELS IN PATIENT ON STATIN THERAPY SUFFERING FROM SEVERE HYPERTRIGLYCERIDEMIA |
| U-1479 | INCREASE TEAR PRODUCTION TO TREAT PATIENTS WITH KERATOCONJUNCTIVITIS SICCA (DRY EYE). |
| U-1480 | TREATMENT OF ADVANCED RENAL CELL CARCINOMA |
| U-1481 | REDUCTION IN RISK OF OVERT HEPATIC ENCEPHALOPATHY (HE) RECURRENCE |
| U-1482 | DICLOFENAC POTASSIUM FOR RELIEF OF MILD TO MODERATE ACUTE PAIN |
| U-1483 | INCREASE TEAR PRODUCTION IN PATIENTS WITH KERATOCONJUNCTIVITIS SICCA (DRY EYE). |
| U-1484 | COMBINATION PRODUCT FOR THE EARLY TREATMENT OF RECURRENT HERPES LABIALIS (COLD SORES) TO REDUCE THE LIKELIHOOD OF ULCERATIVE COLD SORES AND TO SHORTEN THE LESION HEALING TIME IN ADULTS AND CHILDREN (6 YEARS OF AGE AND OLDER) |
| U-1485 | TREATING A SUBJECT UNDERGOING ABDOMINAL SURGERY BY ADMINISTERING ALVIMOPAN TO ACCELERATE THE TIME TO UPPER AND LOWER GASTROINTESTINAL RECOVERY FOLLOWING SURGERIES THAT INCLUDE PARTIAL BOWEL RESECTION WITH PRIMARY ANASTOMOSIS |
| U-1486 | TREATMENT OF NON-24-HOUR SLEEP-WAKE DISORDER |
| U-1487 | METHOD OF INCREASING EYELASH GROWTH |
| U-1488 | USE OF TOPICAL DICLOFENAC FOR TREATING PAIN |
| U-1489 | USE OF TOPICAL DICLOFENAC ON A JOINT FOR TREATING OSTEOARTHRITIS |
| U-1490 | FOR USE IN PATIENTS HAVING SYMPTOMATIC OR PROGRESSIVE MEDULLARY THYROID CANCER, WITH UNRESECTABLE LOCALLY ADVANCED OR METASTATIC DISEASE |
| U-1491 | TREATMENT OF CHRONIC LYMPHOCYTIC LEUKEMIA |
| U-1492 | TREATMENT OF IRRITABILITY ASSOCIATED WITH AUTISTIC DISORDER |
| U-1493 | METHOD FOR PREVENTING ITCHING ASSOCIATED WITH ALLERGIC CONJUNCTIVITIS |
| U-1494 | SUBLINGUAL OR BUCCAL ADMINISTRATION OF A PHARMACEUTICAL COMPOSITION COMPRISING BUPRENORPHINE AND NALOXONE |
| U-1495 | RISK REDUCTION OF REBLEEDING IN PTS FOLLOWING THERAPEUTIC ENDOSCOPY FOR ACUTE BLEEDING GASTRIC OR DUODENAL ULCERS IN ADULTS. |
| U-1496 | METHOD TO TREAT HEMANGIOMA. |
| U-1497 | NEURACEQ IS A RADIOACTIVE DIAGNOSTIC AGENT FOR POSITRON EMISSION TOMOGRAPHY (PET) IMAGING OF THE BRAIN TO ESTIMATE P-AMYLOID NEURITIC PLAQUE DENSITY IN ADULT PATIENTS WITH COGNITIVE IMPAIRMENT |
| U-1498 | METHOD OF TREATING PATIENTS WITH GASTRIC RETENTIVE DOSAGE FORM |
| U-1499 | MANAGEMENT OF ACUTE PAIN IN PATIENTS REQUIRING OPIOID ANALGESIA |
| U-1500 | TESTOSTERONE REPLACEMENT THERAPY IN ADULT MALES FOR CONDITIONS ASSOCIATED WITH A DEFICIENCY OR ABSENCE OF ENDOGENOUS TESTOSTERONE; PRIMARY HYPOGONADISM (CONGENITAL OR ACQUIRED); HYPOGONADOTROPIC HYPOGONADISM (CONGENITAL OR ACQUIRED). |
| U-1501 | PROPHYLAXIS OF DEEP VEIN THROMBOSIS AND PULMONARY EMBOLISM |
| U-1502 | PROPHYLAXIS OF PULMONARY EMBOLISM |
| U-1503 | METHOD OF TREATING TYPE 2 DIABETES MELLITUS BY ADMINISTERING LINAGLIPTIN IN COMBINATION WITH METFORMIN |
| U-1504 | USE OF OTEZLA (APREMILAST) FOR INHIBITING PDE4 |
| U-1505 | USE OF OTEZLA (APREMILAST) FOR THE TREATMENT OF PSORIATIC ARTHRITIS |
| U-1506 | TREATMENT OF PATIENTS WITH GASTROINTESTINAL STROMAL TUMOR (GIST), INCLUDING BUT NOT LIMITED TO PATIENTS PREVIOUSLY TREATED WITH IMATINIB AND PATIENTS WITH GIST HAVING RESISTANCE TO A KIT TYROSINE KINASE INHIBITOR |
| U-1507 | TO MAINTAIN HEALING OF EE AND RELIEF OF HEARTBURN |
| U-1508 | MANAGEMENT OF PAIN SEVERE ENOUGH TO REQUIRE DAILY, AROUND-THE-CLOCK, LONG TERM OPIOID TREATMENT BY ORALLY ADMINISTERING A PLURALITY OF COMPOSITE SUBUNITS AS CLAIMED |
| U-1509 | TREATMENT OF FREQUENT HEARTBURN BY ADMINISTERING A GASTRIC ACID REDUCER |
| U-1510 | MANAGEMENT OF PAIN SEVERE ENOUGH TO REQUIRE DAILY, AROUND-THE-CLOCK, LONG TERM |

## PATENT AND EXCLUSIVITY TERMS

### PATENT USE

PATENT 10058546

U-2573    TREATMENT OF CYSTIC FIBROSIS IN PATIENTS AGED 6 YEARS AND OLDER, WHO ARE HOMOZYGOUS FOR THE F508DEL MUTATION OR HETEROZYGOUS FOR F508DEL AND A SECOND CFTR MUTATION PREDICTED TO BE RESPONSIVE TO TEZACAFTOR/IVACAFTOR, WITH TEZACAFTOR AND IVACAFTOR

U-2574    TREATMENT OF CYSTIC FIBROSIS IN PATIENTS AGED 6 AND OLDER, WHO ARE HOMOZYGOUS FOR THE F508DEL MUTATION OR HAVE AT LEAST ONE CFTR GENE MUTATION THAT IS RESPONSIVE TO TEZACAFTOR/IVACAFTOR, WITH TEZACAFTOR AND IVACAFTOR

U-2575    TREATING CYSTIC FIBROSIS PATIENTS AGES 6 AND OLDER, WHO ARE HOMOZYGOUS FOR F508DEL OR HAVE AT LEAST 1 CFTR GENE MUTATION RESPONSIVE TO TEZACAFTOR/IVACAFTOR, WITH TEZACAFTOR AND A SOLID COMPOSITION COMPRISING AMORPHOUS (<30% CRYSTALLINE) IVACAFTOR

U-2576    TREATMENT OF COMMUNITY ACQUIRED BACTERIAL PNEUMONIA

U-2577    TREATMENT OF THROMBOCYTOPENIA IN AN ADULT PATIENT WITH CHRONIC IMMUNE THROMBOCYTOPENIA WHO HAS HAD AN INSUFFICIENT RESPONSE TO A PREVIOUS TREATMENT

U-2578    TREATMENT OF THROMBOCYTOPENIA IN AN ADULT PATIENT WITH CHRONIC LIVER DISEASE WHO IS SCHEDULED TO UNDERGO A PROCEDURE

U-2579    REDUCTION IN A SUBJECT'S RISK OF EXPERIENCING A BREAKTHROUGH OVERT HEPATIC ENCEPHALOPATHY (HE) EPISODE

U-2580    A METHOD OF TREATING TYPE 2 DIABETES COMPRISING ADMINISTERING SEMAGLUTIDE ONCE WEEKLY IN A AMOUNT OF 1.0 MG TO A SUBJECT IN NEED THEREOF

U-2581    TREATING HYPOTENSION WITH ABOUT 20 NG/KG/MIN TO ABOUT 40 NG/KG/MIN ANGIOTENSIN II IN A HUMAN SUBJECT HAVING SEPTIC SHOCK

U-2582    FOR THE ORAL PREVENTION/PROPHYLAXIS OF MALARIA IN ADULTS, COMPRISING A THREE-PHASE DOSING REGIMEN CONSISTING OF A LOADING/INITIAL DOSE, A MAINTENANCE/EXPOSURE DOSE, AND A TERMINAL/POST-EXPOSURE DOSE

U-2583    TREATMENT OF BACTERIAL VAGINOSIS IN ADULT WOMEN

U-2584    XPOVIO IS INDICATED IN COMBINATION WITH DEXAMETHASONE TO TREAT RELAPSED OR REFRACTORY MULTIPLE MYELOMA (REFRACTORY TO AT LEAST AN ANTI-CD38 MAB, 2 PROTEASOME INHIBITORS AND 2 IMMUNOMODULATORY AGENTS) IN ADULTS WHO RECEIVED AT LEAST 4 PRIOR THERAPIES

U-2585    TREATMENT OF PARENTERAL NUTRITION-ASSOCIATED CHOLESTASIS IN PATIENTS UNDER THE AGE OF 12

U-2586    TREATMENT OF COMPLICATED URINARY TRACT INFECTIONS, INCLUDING PYELONEPHRITIS (CUTI)

U-2587    TREATMENT OF COMPLICATED INTRA-ABDOMINAL INFECTIONS (CIAI)

U-2588    AS AN ADJUNCT TO DIET AND EXERCISE TO IMPROVE GLYCEMIC CONTROL IN ADULTS WITH TYPE 2 DIABETES MELLITUS IN COMBINATION WITH DAPAGLIFLOZIN AND METFORMIN

U-2589    AS AN ADJUNCT TO DIET AND EXERCISE TO IMPROVE GLYCEMIC CONTROL IN ADULTS WITH TYPE 2 DIABETES MELLITUS IN COMBINATION WITH BASAL INSULIN OR BASAL INSULIN PLUS METFORMIN

U-2590    AS AN ADJUNCT TO DIET AND EXERCISE TO IMPROVE GLYCEMIC CONTROL IN ADULTS WITH TYPE 2 DIABETES MELLITUS IN COMBINATION WITH METFORMIN, A SULFONYLUREA, A THIAZOLIDINEDIONE, OR COMBINATION OF ANY TWO OF THESE THERAPIES

U-2591    LOWERING PLASMA GLUCAGON IN ADULTS WITH TYPE 2 DIABETES MELLITUS BY ADMINISTERING EXENATIDE AS AN ADJUNCT TO DIET AND EXERCISE

U-2592    IMPROVING GLYCEMIC CONTROL IN ADULTS WITH TYPE 2 DIABETES MELLITUS BY ADMINISTERING A SUSTAINED-RELEASE EXENATIDE FORMULATION AS AN ADJUNCT TO DIET AND EXERCISE

U-2593    IMPROVING GLYCEMIC CONTROL IN ADULTS WITH TYPE 2 DIABETES MELLITUS BY ADMINISTERING AN EXENATIDE FORMULATION ONCE WEEKLY AS AN ADJUNCT TO DIET AND EXERCISE TO ACHIEVE A MEAN STEADY STATE PLASMA CONCENTRATION OF EXENATIDE AT LEAST 170 PG/ML

U-2594    REDUCING FASTING PLASMA GLUCOSE IN ADULTS WITH TYPE 2 DIABETES MELLITUS BY ADMINISTERING AN EXENATIDE FORMULATION ONCE WEEKLY AS AN ADJUNCT TO DIET AND EXERCISE TO ACHIEVE A MEAN STEADY STATE PLASMA CONCENTRATION OF EXENATIDE AT LEAST 170 PG/ML

U-2595    REDUCING BODY WEIGHT IN ADULTS WITH TYPE 2 DIABETES MELLITUS BY ADMINISTERING AN EXENATIDE FORMULATION ONCE WEEKLY AS AN ADJUNCT TO DIET AND EXERCISE TO ACHIEVE

# Exhibit 3



**(/)**

# NEWS ROOM
# News Releases

## Bausch Health Provides Update Following Oral Order in XIFAXAN® Patent Litigation

JULY 28, 2022

**-- Company to Appeal Expected Court Decision on Certain XIFAXAN® Patents –**

LAVAL, Quebec, July 28, 2022 /PRNewswire/ -- Bausch Health Companies Inc. (NYSE/TSX: BHC), and its gastroenterology business Salix Pharmaceuticals, today announced the U.S. District Court of Delaware issued an Oral Order in the matter of *Salix Pharmaceuticals, Ltd. et al v. Norwich Pharmaceuticals, Inc.* regarding the infringement and validity of certain U.S. Patents protecting the composition and use of XIFAXAN® (rifaximin) 550 mg tablets for the treatment of irritable bowel syndrome with diarrhea (IBS-D) and reduction in risk of overt hepatic encephalopathy (HE) recurrence.

The Oral Order indicates that the Court will find certain U.S. Patents protecting the use of XIFAXAN® (rifaximin) 550 mg tablets for the reduction in risk of HE recurrence valid and infringed and U.S. Patents protecting the composition, and use of XIFAXAN® for treating IBS-D invalid. While the Court has not yet entered any final judgement, absent Norwich's removal of the HE indication and data from their Abbreviated New Drug Application (ANDA), it is expected that the Court will enjoin Norwich's pending ANDA until expiration of the XIFAXAN® HE Patents in 2029. The Company intends to vigorously oppose any attempt by Norwich to remove the HE safety data from its ANDA in an effort to avoid the XIFAXAN® HE Patents.

The FDA has stated that they plan to make a major revision to the rifaximin product specific guidance to add an *in vivo* bioequivalency study. Until an approval of a revised ANDA is granted by the FDA and the expected injunction modified by the

FDA_00353

Court, Norwich is not permitted to launch a generic equivalent of XIFAXAN®.

When the Court enters a final order, Bausch Health will consider all available options to vigorously defend the intellectual property protecting XIFAXAN® and will appeal the Court's decision to the U.S. Court of Appeals for the Federal Circuit.

"We are disappointed with today's development. We strongly disagree with any conclusion that our patents are not valid and intend to file an appeal to any such order," Thomas J. Appio, CEO, Bausch Health, said. "As a leader in gastrointestinal health, protecting our intellectual property is essential to our ability to continue to develop innovative therapies. We intend to vigorously pursue all available options to challenge any final ruling, while also continuing to drive growth and innovation for our XIFAXAN® franchise."

Bausch Health has previously entered into settlement agreements with Teva, Sun Pharmaceuticals, and Sandoz to permit a generic rifaximin product entry in 2028 or upon an earlier approval and launch of a generic rifaximin product. Until, and if, Norwich secures FDA approval for its generic rifaximin product and subsequently launches a generic rifaximin product, Teva, Sun Pharmaceuticals, and Sandoz will not be permitted to launch a generic version of XIFAXAN® tablets before 2028.

The Company intends to file an appeal immediately after any final order is issued, assuming it is consistent with the Oral Order.

## About XIFAXAN

XIFAXAN® (rifaximin) 550 mg tablets are indicated for the reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults and for the treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults.

## About Salix

Salix Pharmaceuticals is one of the largest specialty pharmaceutical companies in the world committed to the prevention and treatment of gastrointestinal diseases. For more than 30 years, Salix has licensed, developed and marketed innovative products to improve patients' lives and arm health care providers with life-changing solutions for many chronic and debilitating conditions. Salix currently markets its product line to U.S. health care providers through an expanded sales force that focuses on gastroenterology, hepatology, pain specialists and primary care. Salix is headquartered in Bridgewater, New Jersey. For more information about Salix, visit **www.Salix.com (http://www.Salix.com)** and connect with us on Twitter and LinkedIn.

FDA_00354

**About Bausch Hea**▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Bausch Health Companies Inc. (NYSE/TSX: BHC) is a global diversified pharmaceutical company whose mission is to improve people's lives with our health care products. We develop, manufacture and market a range of products primarily in gastroenterology, hepatology, neurology, dermatology, international pharmaceuticals and eye health, through our approximately 90% ownership of Bausch + Lomb Corporation. With our leading durable brands, we are delivering on our commitments as we build an innovative company dedicated to advancing global health. For more information, visit **www.bauschhealth.com (https://c212.net/c/link/? t=0&l=en&o=3607210-1&h=3139818621&u=http%3A%2F%2Fwww.bauschhealth.com%2F&a=www.bauschh ealth.com)** and connect with us on **Twitter (https://c212.net/c/link/? t=0&l=en&o=3607210-1&h=2756953852&u=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3F u%3Dhttps-3A__protection.greathorn.com_services_v2_lookupUrl_3a993f8b-2D386a-2D427c-2Da0f1-2D18f48c322e3f_176_7f2a9a70003c3e44bba93f070254796b1edeceea%26d%3DDwM FAg%26c%3DgOrgfQB8xVH7F0lP7MQhi8CyVXMBvYqNyP3LuSSb8Lw%26r%3DsuV yOmZwtqZJperJrPSSrTp3hTSBb_5ChaQKYYs4esw%26m%3DQAuT5XBqessyChNifB 8OrIzpoaZb524kwumOM-RnwYI%26s%3D3Mz7gVM2KA-ZIVgfzY1zBzzjegeU_SeOqnE-EweNczc%26e%3D&a=Twitter)** and **LinkedIn (https://c212.net/c/link/?t=0&l=en&o=3607210-1&h=4148291727&u=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu %3Dhttps-3A__protection.greathorn.com_services_v2_lookupUrl_3e4f5930-2Ddc8f-2D4dc1-2Da5a8-2D8b7aa3b5fd08_176_7f2a9a70003c3e44bba93f070254796b1edeceea%26d%3DDw MFAg%26c%3DgOrgfQB8xVH7F0lP7MQhi8CyVXMBvYqNyP3LuSSb8Lw%26r%3DDsu VyOmZwtqZJperJrPSSrTp3hTSBb_5ChaQKYYs4esw%26m%3DQAuT5XBqessyChNif B8OrIzpoaZb524kwumOM-RnwYI%26s%3DpEkX8fVK8elqTJyKwInMnwR6r05cwvzmGccvBcPuxr0%26e%3D&a =LinkedIn)**.

## Forward-looking Statements

This news release may contain forward-looking statements about the future performance of Bausch Health, which may generally be identified by the use of the words "anticipates," "hopes," "expects," "intends," "plans," "should," "could," "would," "may," "believes," "subject to" and variations or similar expressions, including statements about the timing and details of the future plans for Solta and its future performance. These statements are based upon the current expectations and beliefs of management and are subject to certain risks and uncertainties that could cause

actual results to differ materially from those described in the forward-looking statements. In particular, Bausch Health can offer no assurance that the Court will issue a final judgment consistent with the Oral Order, as to the timing of any approval by the FDA of any ANDA or amended ANDA and as to the outcome of any appeal. Actual results are subject to other risks and uncertainties that relate more broadly to Bausch Health's overall business, including those more fully described in Bausch Health's most recent annual report on Form 10-K and detailed from time to time in Bausch Health's other filings with the U.S. Securities and Exchange Commission and the Canadian securities administrators, which factors are incorporated herein by reference.

| Investor Contact: | Media Contacts: |
| --- | --- |
| Christina Cheng | Kevin Wiggins |
| ir@bauschhealth.com (mailto:ir@bauschhealth.com) | corporate.communications@bauschhealth.com (mailto:corporate.communications@bauschhealth.co |
| (514) 856-3855 | 848) 541-3785 |
| (877) 281-6642 (toll free) | |



**(https://mma.prnewswire.com/media/717028/Bausch_Health_Logo.html)**

C View original content to download multimedia:**https://www.prnewswire.com/news-releases/bausch-health-provides-update-following-oral-order-in-xifaxan-patent-litigation-301595696.html (https://www.prnewswire.com/news-releases/bausch-health-provides-update-following-oral-order-in-xifaxan-patent-litigation-301595696.html)**

FDA_00356

SOURCE Bausch Health Companies Inc.

» Our Perspective (/news-room/our-perspective/)

**» News Releases (/news-room/news-releases/)**

(https://twitter.com/bauschhealth)

(https://www.linkedin.com/company/bausch-health-companies/)

CONTACT US (/about-us/contact-us/)        LEGAL NOTICE (/terms/)

**Bausch Health Companies Inc.**

2150 St. Elzéar Blvd. West
Laval, Quebec H7L 4A8
Canada

(800) 361-1448

PRIVACY POLICY (/privacy-policy)        SITE MAP (/site-map/)

Use of this site signifies your agreement to the Legal Notice and Privacy Policy.

©2021 Bausch Health Companies Inc. All rights reserved.

MTB.0230.USA.18 V2.0

CALIFORNIA RESIDENTS: DO NOT SELL MY PERSONAL INFORMATION (https://go.bauschhealth.com/california-privacy-optout.html)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SALIX PHARMACEUTICALS, LTD.; SALIX
PHARMACEUTICALS, INC.; BAUSCH HEALTH
IRELAND LTD.; ALFASIGMA S.P.A.,,

           Plaintiffs,

                               Civil Action No. 20-430-RGA

v.

NORWICH PHARMACEUTICALS, INC.,

           Defendant.

## MEMORANDUM ORDER

I filed a final judgment in this case. (D.I. 193). Shortly thereafter, Defendant filed a motion

to modify that judgment pursuant to Federal Rule of Civil Procedure 60(b). (D.I. 205). Subsequent

briefing made clear that Defendant was primarily relying upon Rule 60(b)(5), which provides: "On

motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding

for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable." Plaintiffs oppose the motion. (D.I. 213).

The background to the pending motion is that Defendant filed an ANDA seeking to make

and market a drug for two different methods of treatment—the IBS-D indication and the HE

indication. I had a bench trial. After trial, I ruled in Defendant's favor on the IBS-D indication (as

well as the composition claims), finding all patent claims asserted in relation to those two issues

1

to be invalid. I ruled in Plaintiffs' favor only on the HE indication, finding all claims asserted in relation to that issue to be infringed and not invalid. In the final judgment, I ordered the FDA not to approve the ANDA before the latest expiration (in about 2029) of the patents on which Plaintiffs won. About a month after entry of the final judgment, Defendant filed an amended ANDA that purports to carve out everything relating to the HE indication. Defendant says, if the FDA approves the amended ANDA, Defendant would not be inducing infringement by marketing the pharmaceutical with the amended label. Other than providing the proposed label, Defendant has refused to provide any other information about the amended ANDA, including its status with the FDA or anything else.

I do not think Defendant's request fits in comfortably with the requirements of Rule 60(b)(5), and I do not think, even if it did, that it could be resolved in the summary fashion that Defendant seems to think it should be.

First, the Rule. Defendant says the judgment has been "satisfied," but I think it is pretty clear that the "satisfied, released, or discharged" language is talking about money, and is therefore inapplicable. Defendant says the injunction prohibiting FDA approval before 2029 is "no longer equitable" because Defendant no longer seeks to do the act that was the basis for the injunction. The case law says that Rule 60(b)(5) is for a significant change in circumstances. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). While such a change in circumstances does not have to be entirely unforeseeable, a "modification should not be granted where a party relies upon events that actually were anticipated at the time" the final judgment was entered. *Id.* at 385. I do not think "changed circumstances" applies here. The case was tried as essentially three independent up-or-down decisions. In my experience with ANDAs, it is common, and certainly not rare, to have split decisions. ANDA practitioners and pharmaceutical companies

2

FDA_00359

surely know this. Thus, there were a limited number of possible outcomes at trial. But, of course, the trial results are not the changed circumstances, as the actual outcomes were previewed two weeks before the final judgment (D.I. 189) and disclosed at the same time as the final judgment. The only changed circumstance is that Defendant decided to amend its ANDA, which it filed on September 6, 2022 (D.I. 206 at 2), nearly one month after the final judgment. The changed circumstance is simply a voluntary decision of the trial loser to change course, which is neither unanticipated nor unforeseeable.

I also wonder about "equitableness" generally. Defendant made various strategic choices along the way, but now does not want to live with the consequences of those choices.[1] Defendant says that it is now worse off than other generics that settled with Plaintiffs and apparently can launch in 2028. While true, Defendant does not argue that it could not have settled and gotten the same deal as the other generics. Defendant says that it has gone to the effort of proving the asserted composition and IBS-D patent claims invalid, so other generics will be able to enter the market a lot sooner than 2028 by taking advantage of Defendant's accomplishments.[2] Defendant suggests this is inequitable (and perhaps it is), but the inequity does not exist between Plaintiffs and Defendant. To the extent there is inequity, it is between Defendant and other generics. Defendant says that the public will be harmed because Plaintiffs will not have any generic competition (with attendant lower costs) on the IBS-D treatment method for some period of time, even though

---

[1] I was assigned one related ANDA, where Defendant was only seeking approval to market the IBS-D indication, and not the HE indication. *Salix Pharms., Ltd. v. Sun Pharms. Inds., LTD*, No. 19-734-RGA (D.Del. filed April 24, 2019). That Defendant quickly resolved its case with Plaintiffs.

[2] This may be a bit speculative too, because Plaintiffs have lots of relevant patents and patent claims, and, while presumably they advanced their best claims at the trial in this case, I would expect they have more listed in the Orange Book to assert against the next generic to file an ANDA.

3

Plaintiffs have no right to a monopoly on that treatment method. This is a bit speculative, since there is no information about if or when the FDA might approve the amended ANDA.

Second, the record. It is not a simple matter to determine whether an ANDA applicant has successfully carved out language from a label to turn infringement into non-infringement.[3] Defendant, other than saying it has successfully carved out the HE indication, and providing me the label, has presented no evidence in support of its assertion. Further, Rule 60(b) "does not allow relitigation of issues that have been resolved by the judgment." 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2863, at 459 (3d ed. 2012). Defendant presents no facts indicating that it could not have litigated the carve-out or that it was denied a full and fair opportunity to do so. *Allergan, Inc. v. Sandoz Inc.*, 2013 WL 6253669, at *3 (E.D. Tex. Dec. 3, 2013), *aff'd*, 587 F. App'x 657 (Fed. Cir. 2014). As in *Allergan*, Defendant fully litigated the merits of its non-infringement and invalidity case, lost, and now seeks a way around the final judgment through Rule 60(b) that "is tantamount to seeking summary judgment premised on new allegations that only came to exist after the final judgment was rendered . . . ." *Id.*

Defendant states that Plaintiffs have not tried to state a claim against the carve out, and therefore, they cannot. I am unpersuaded that Plaintiffs have some duty now to state a claim on something that Defendant never raised as an issue before entry of final judgment. It is not surprising that Defendant has cited no case that requires a plaintiff to be able to state a claim on a new issue after judgment. What Defendant wants would essentially be a second litigation.

---

[3] I had an ANDA trial in January 2023 where one of the issues is whether the carve out has been successful. The issue is hotly disputed. *See Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, No. 20-804-RGA, D.I. 355 at 2 (D.Del. Feb. 17, 2023) (arguing non-infringement because Sandoz removed certain information from its proposed label).

4

Third, the law. Plaintiffs say, and Defendant does not present any argument to the contrary, that what Defendant seeks is unprecedented in an ANDA case. I am hesitant to be the first, because it just seems wrong to me that Defendant can litigate a case through trial and final judgment based on a particular ANDA, and then, after final judgment, change the ANDA to what it wishes it had started with, and win in a summary proceeding.

Thus, I DENY Defendant's Rule 60(b) motion. (D.I. 205).

IT IS SO ORDERED this ⎣1⎦ day of May, 2023.

United States District Judge

FDA_00362

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD., | ) | |
| SALIX PHARMACEUTICALS, INC., | ) | |
| BAUSCH HEALTH IRELAND LTD., and | ) | |
| ALFASIGMA S.P.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-430-RGA |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORWICH PHARMACEUTICALS, INC.'S
MOTION TO MODIFY JUDGMENT PURSUANT TO RULE 60(B)**

Pursuant to Federal Rule of Civil Procedure 60(b), defendant Norwich Pharmaceuticals, Inc. ("Norwich") hereby moves to modify the judgment entered by this Court on August 10, 2022 to limit the injunction blocking the approval of Norwich's Abbreviated New Drug Application. The grounds for this motion are set forth in in Norwich's opening brief in support of the motion, filed concurrently herewith. Pursuant to D. Del. LR 7.1.1, counsel certifies that reasonable efforts have been made to reach agreement on the subject of this motion.

WHEREFORE, Norwich respectfully requests that the Court grant this motion and enter the proposed amended final judgment attached as Exhibit A to the opening brief or enter such other order as the Court sees fit.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

**FDA** U.S. FOOD & DRUG
ADMINISTRATION

ANDA 214369

**ANDA TENTATIVE APPROVAL**

Norwich Pharmaceuticals, Inc.
44 Whippany Road, Suite 300
Morristown, NJ 07960
Attention: Jyoti Sachdeva
          Executive Director, Regulatory Affairs

Dear Jyoti Sachdeva:

This letter is in reference to your abbreviated new drug application (ANDA) received for review on December 20, 2019, submitted pursuant to section 505(j) of the Federal Food, Drug, and Cosmetic Act (FD&C Act) for Rifaximin Tablets, 550 mg.

Reference is also made to the complete response letter issued by this office on October 18, 2021, and to any amendments thereafter.

We have completed the review of this ANDA and have concluded that adequate information has been presented to demonstrate that the drug meets the requirements for approval under the FD&C Act. We have determined your Rifaximin Tablets, 550 mg to be bioequivalent and therapeutically equivalent to the reference listed drug (RLD), Xifaxan Tablets, 550 mg, of Salix Pharmaceuticals, Inc. (Salix).

However, we are unable to grant final approval to your ANDA at this time because of the patent issue noted below. Therefore, the ANDA is **tentatively approved**. This determination is based upon information available to the Agency at this time (e.g., information in your ANDA and the status of current good manufacturing practices (cGMPs) of the facilities used in the manufacturing and testing of the drug product). This determination is subject to change on the basis of new information that may come to our attention. This letter does not include information related to the 180-day exclusivity provisions under section 505(j)(5)(B)(iv) of the FD&C Act.

The reference listed drug (RLD) upon which you have based your ANDA, Salix's Xifaxan Tablets, 550 mg, is subject to periods of patent protection. The following patents and expiration dates are currently listed in the Agency's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book"):

FDA_00365

ANDA 214369
Page 2

| U.S. Patent Number | Expiration Date |
|---|---|
| 7,045,620 (the '620 patent) | June 19, 2024 |
| 7,612,199 (the '199 patent) | June 19, 2024 |
| 7,902,206 (the '206 patent) | June 19, 2024 |
| 7,906,542 (the '542 patent) | June 1, 2025 |
| 7,915,275 (the '275 patent) | February 23, 2025 |
| 8,158,644 (the '644 patent) | June 19, 2024 |
| 8,158,781 (the '781 patent) | June 19, 2024 |
| 8,193,196 (the '196 patent) | September 2, 2027 |
| 8,309,569 (the '569 patent) | July 18, 2029 |
| 8,518,949 (the '949 patent) | February 27, 2026 |
| 8,642,573 (the '573 patent) | October 2, 2029 |
| 8,741,904 (the '904 patent) | February 27, 2026 |
| 8,829,017 (the '017 patent) | July 24, 2029 |
| 8,835,452 (the '452 patent) | June 19, 2024 |
| 8,853,231 (the '231 patent) | June 19, 2024 |
| 8,946,252 (the '252 patent) | July 24, 2029 |
| 8,969,398 (the '398 patent) | October 2, 2029 |
| 9,271,968 (the '968 patent) | February 27, 2026 |
| 9,421,195 (the '195 patent) | July 24, 2029 |
| 9,629,828 (the 9'828 patent) | July 24, 2029 |
| 10,314,828 (the 4'828 patent) | July 24, 2029 |
| 10,335,397 (the '397 patent) | July 24, 2029 |

ANDA 214369
Page 3

| | |
|---|---|
| 10,456,384 (the '384 patent) | February 26, 2029 |
| 10,703,763 (the '763 patent) | February 27, 2026 |
| 10,709,694 (the '694 patent) | July 24, 2029 |
| 10,765,667 (the '667 patent) | February 26, 2029 |
| 11,564,912 (the '912 patent) | February 26, 2029 |

With respect to the 1) '904 patent (excluding those portions pertaining to use code U-1526: the treatment of patients with traveler's diarrhea (TD) or the reduction in risk of overt hepatic encephalopathy (HE) recurrence); 2) the '763 patent (excluding those portions pertaining to use code U-2847: reduction of risk of overt hepatic encephalopathy (HE) recurrence in adults and the use code U- 2848: treatment of traveler's diarrhea (TD) caused by noninvasive strains of escheria coli in adult and pediatric patients 12 years of age and older); and 3) the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '452, '231, '968, '384, '667 and '912 patents[1], your ANDA contains paragraph IV certifications under section 505(j)(2)(A)(vii)(IV) of the FD&C Act stating that the patents are invalid, unenforceable, or will not be infringed by your manufacture, use, or sale of Rifaximin Tablets, 550 mg, under this ANDA. You have notified the Agency that Norwich Pharmaceuticals, Inc. (Norwich) complied with the requirements of section 505(j)(2)(B) of the FD&C Act. Litigation was initiated within the statutory 45-day period against Norwich for infringement of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '452, '231, '968, '195, '397 and '384 patents in the United States District Court for the District of Delaware [Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430].[2] You have also notified the Agency that on August 10, 2022, the court decided, "Pursuant to 35 U.S.C. § 27I(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No.214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled. Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs)."[3] You have further notified the Agency that on May 17, 2023, the court denied Norwich's Rule 60(b) motion to modify the final judgment.[4] Therefore, final approval cannot be granted until October 2, 2029 as specified in the court order.

With respect to 1) the '573, '017, '252, '398, '195, 9'828, 4'828, '397 and '694 patents; 2) the '904 patent as it pertains to use code U-1526: the treatment of patients with traveler's diarrhea (TD) or the reduction of risk of overt hepatic encephalopathy (HE) recurrence; and 3) the '763 patent as it pertains to use code U-2847: reduction of risk of overt hepatic encephalopathy (HE) recurrence in adults and use code U- 2848: treatment of traveler's diarrhea (TD) caused by noninvasive strains of escheria coli in adult and pediatric patients 12 years of age and older, your ANDA contains statements

ANDA 214369
Page 4

under section 505(j)(2)(A)(viii) of the FD&C Act that these are method-of-use patents that do not claim any indication for which you are seeking approval under your ANDA.

Please note that if FDA requires a Risk Evaluation and Mitigation Strategy (REMS) for a listed drug, an ANDA referencing that listed drug also will be required to have a REMS.  See section 505-1(i) of the FD&C Act.

## REQUIREMENTS AND RECOMMENDATIONS POST APPROVAL

Under applicable statutes, regulations, and guidances, if your ANDA receives final approval, it may be subject to certain requirements and recommendations post approval, including requirements regarding changes to approved ANDAs, postmarketing reporting, promotional materials, and annual facility fees, among others. For information on post-approval requirements and recommendations for ANDAs and a list of resources for ANDA holders, we refer you to https://www.fda.gov/drugs/abbreviated-new-drug-application-anda/requirements-and-resources-approved-andas.

## RESUBMISSION

To request final approval, please submit an amendment titled "FINAL APPROVAL REQUESTED" with enough time to permit FDA review prior to the date you believe that your ANDA will be eligible for final approval.  A request for final approval that contains no new data, information, or other changes to the ANDA generally requires a period of 3 months for Agency review.  Accordingly, such a request for final approval should be submitted no later than 3 months prior to the date on which you seek approval.  A request for final approval that contains substantive changes to this ANDA or changes in the status of the manufacturing and testing facilities' compliance with cGMPs will be classified and  reviewed according to OGD policy in effect at the time of receipt. Applicants should review available agency guidance for industry related to amendments under the generic drug user fee program to determine the duration of Agency review needed to review the changes submitted.  As part of this consideration, applicants should monitor any changes to the RLD that occur after tentative approval, including changes in labeling, patent or exclusivity information, or marketing status.  The submission of multiple amendments prior to final approval may also result in a delay in the issuance of the final approval letter.

The amendment requesting final approval should provide the legal/regulatory basis for your request for final approval and should include a copy of a court decision, settlement or licensing agreement, or other information described in 21 CFR 314.107, as appropriate.  It should also identify changes, if any, in the conditions under which the ANDA was tentatively approved, e.g., updated information such as final-printed labeling, chemistry, manufacturing, and controls data as appropriate.  This amendment should be submitted even if none of these changes were made, and it should be designated clearly in your cover letter as a "FINAL APPROVAL REQUESTED."

ANDA 214369
Page 5

In addition to the amendment requested above, the Agency may request, at any time prior to the date of final approval, that you submit an additional amendment containing information as specified by the Agency.  Failure to submit either or, if requested, both types of amendments described above may result in a delay in the issuance of the final approval letter.

This drug product may not be marketed without final Agency approval under section 505(j) of the FD&C Act.  The introduction or delivery for introduction into interstate commerce of this drug product before the final approval date is prohibited under section 301 of the FD&C Act.  Also, until the Agency issues the final approval letter, this drug product will not be deemed approved for marketing under section 505(j) of the FD&C Act, and will not be listed in the Orange Book.  Should you believe that there are grounds for issuing the final approval letter prior to October 2, 2029, you should amend your ANDA accordingly.

For further information on the status of this ANDA or upon submitting an amendment to the ANDA, please contact David Trang, Regulatory Project Manager, at (301) 796 - 8667.

Sincerely yours,

*{See appended electronic signature page}*

For Edward M. Sherwood
Director
Office of Regulatory Operations
Office of Generic Drugs
Center for Drug Evaluation and Research

---

1   The agency notes that the '763, '667 and '912 patents were submitted to the Agency after submission of your ANDA.  Litigation, if any, with respect to these patents would not create a statutory stay of approval.

2   Norwich was sued on certain patents to which its ANDA currently contains statements under section 505(j)(2)(A)(viii).

3   Final Judgment, Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430 (August 10, 2022)

4   Memorandum Order, Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.; Bausch Health Ireland Ltd.; Alfasigma S.P.A. v. Norwich Pharmaceuticals, Inc., Civil Action No. 20-00430 (May 17, 2023)

 John Ibrahim

Digitally signed by John Ibrahim
Date: 6/02/2023 12:09:34PM
GUID: 542af06d0124375c12e8c1d9fc86e87c