**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

NORWICH PHARMACEUTICALS, INC.

        *Plaintiff*,

    v.

XAVIER BECERRA, in his official capacity as
Secretary of Health and Human Services,

ROBERT M. CALIFF, M.D., in his official capacity as
Commissioner of Food and Drugs,

and

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

        *Defendants*.

---

Civil Action No. 23-1611

**<u>INTERVENOR SALIX PHARMACEUTICALS, INC.'S REPLY IN SUPPORT OF ITS
CROSS-MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT</u>**

## I.       INTRODUCTION

This is an inappropriate APA action, made all the more so by Norwich's reply.  Norwich's complaint and motion for a preliminary injunction alleged that the FDA acted arbitrarily, capriciously, and contrary to law by complying with the Delaware District Court's judgment directing the FDA to withhold final approval of Norwich's ANDA until after the expiration of Salix's HE Patents.  Norwich acknowledged that the FDA considered itself bound by the Delaware District Court's order to delay final approval.  Dkt. 4-1 at 2 (Memorandum in Support of Motion for Preliminary Injunction) ("It appears that FDA's decision to not grant final approval is because of the Delaware District Court's decision that Norwich's ANDA could not be granted final approval due to the Asserted HE Patents."); *id.* at 15 ("FDA apparently believes that it is hamstrung by the district court's order[.]").  It never disputed what the Delaware District Court's judgment said.  Instead, Norwich attacked the FDA's refusal to grant final approval (based on that judgment) on the grounds that it "contravenes FDA's regulations, FDA's statements when it issued the proposed and final regulations, and numerous cases discussing the importance of quickly approving generic drug products with section viii statements and carved-out labels." *Id.* at 16.

In their oppositions and cross-motions for summary judgment, Salix and the government demonstrated that the FDA had no choice but to comply with the Delaware District Court's unambiguous final judgment and its order denying Norwich's request to amend the judgment, and that nothing in the regulations or case law made that compliance arbitrary or capricious.  What's more, Salix and the government demonstrated that Norwich's APA claims should be rejected as an inappropriate attempt to evade the normal process for appellate review of the Delaware District Court's orders, which both the FDA and this Court are required to respect.

In its latest filing, Norwich abandons much of its prior approach and argues for the first time that the FDA acted arbitrarily and capriciously by reading the Delaware District Court's

judgment as applying to Norwich's Amended ANDA at all.  As Norwich now tells it, the Delaware District Court never ordered the FDA to delay approval of Norwich's Amended ANDA, so the FDA acted arbitrarily and capriciously in "interpreting" the Delaware District Court's orders.

Norwich's desperate reimagination of its APA claim in its reply brief relies on an absurd reading of the Delaware District Court's orders, and it confirms that this so-called APA action is nothing more than an attempt to have this Court reconsider the Delaware District Court's final judgment.  That judgment unambiguously directed the FDA to delay final approval of "Norwich's ANDA No. 214369."  AR 42 ¶ 5 (Final Judgment, *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430-RGA (D. Del. Aug. 10, 2022), Dkt. 193).  Norwich knew and conceded to the Delaware District Court that its order would be an "**absolute prohibition** on FDA's approval **of Norwich's Amended ANDA** before October 2, 2029."  AR 274 (Norwich's Opening Brief in Support of Motion to Modify Judgment, *Salix* (Sept. 7, 2022), Dkt. 206 ("Rule 60(b) Motion")) (emphases added).  For that very reason, Norwich pleaded with the Court to amend its judgment. *See generally id.*  The Court rejected Norwich's request, intentionally choosing to prevent the FDA from finally approving Norwich's ANDA until after the expiration of the HE patents.  AR 358–62 (Memorandum Order, *Salix* (May 17, 2023), Dkt. 222 ("Rule 60(b) Order")).  The Delaware District Court's two orders rejecting Norwich's arguments collaterally estop Norwich's attempt to relitigate the same issue here.

Norwich cannot plausibly contend that the Delaware District Court's final judgment is inapplicable to its Amended ANDA.  Norwich implies that its Amended ANDA is somehow different or disconnected from its original ANDA.  But it is the same ANDA with the same ANDA number, and it therefore remains the very same ANDA the Delaware District Court directed the FDA not to finally approve.

The FDA was right to comply with the Delaware District Court's clear order, and this action is not an appropriate avenue for Norwich to attack, undermine, or rewrite the Delaware District Court's judgment. All of that is before the Federal Circuit in Norwich's appeal from the Delaware District Court's final judgment and order declining to amend that judgment. Norwich's APA claims should be rejected in their entirety.

## II.   ARGUMENT

### A.   The Delaware District Court's Orders Plainly Include the Amended ANDA and Collaterally Estop Norwich's Challenge Here.

Norwich does not and cannot substantively rebut what Salix and the FDA explained in their oppositions: The Delaware District Court's final judgment binds the FDA. Instead, Norwich adopts an entirely new theory—that the Delaware District Court's judgment does not apply to its Amended ANDA. But that revisionist history is controverted by its plain text and the procedural background of the case. The Delaware District Court's order of final judgment provided that:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration as to the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled.

AR 42 ¶ 5 (Final Judgment). Nothing about that language is limited to the pre-amendment version of Norwich's ANDA. The final judgment applies without qualification to "ANDA No. 214369." Norwich's Amended ANDA does not have a new or modified number—it is still ANDA No. 214319—and the judgment plainly delays the effective date of its approval.

This language was no accident. When it entered its judgment, the Delaware District Court had already considered and rejected Norwich's position that the restriction on approval should be limited to Norwich's ANDA in its current form and not apply if Norwich were to amend the ANDA. In a letter regarding its proposed final judgment, Norwich asked the Delaware District

Court to order the FDA approval date only for "Norwich's ANDA with proposed labeling" in order to "leave Norwich the option of seeking to amend its ANDA, which has not been tentatively approved, to carve out the HE indication."  Joint Letter at 3, *Salix* (Aug. 3, 2022), Dkt. 190.  Salix countered that the final judgment should order the FDA approval date for "'Norwich's ANDA,' period."  *Id.* at 1.  The Delaware District Court rejected Norwich's position and adopted Salix's, entering a judgment that delayed the effective date of approval of ANDA No. 214319, regardless of any amendment.

The obvious applicability of the Delaware District Court's judgment to the Amended ANDA is why Norwich subsequently filed a Rule 60(b) motion to amend the judgment.  In its motion, Norwich asked the court to "to remove the **absolute prohibition** on FDA's approval **of Norwich's Amended ANDA** before October 2, 2029."  AR 274 (Rule 60(b) Motion) (emphases added).  In an exhibit to the motion, Norwich proposed redlines that would effectuate that change, which consisted of: (1) adding "as of August 10, 2022" after the court's references to the ANDA; and (2) adding language specifying that the delayed effective date of the ANDA only applies "to the extent Norwich's ANDA 214369 maintains" certain certifications that Norwich removed in its amended version.  AR 293–94 ([Proposed] Amended Final Judgment, *Salix* (Sept. 7, 2022), Dkt. 206-2).  Norwich never argued before the Delaware District Court that its judgment permitted FDA approval of an amended ANDA, and its Rule 60(b) requests would have been unnecessary and redundant if the order already excluded Norwich's Amended ANDA.

Norwich now claims that its characterization of the Delaware District Court's judgment in its Rule 60(b) motion as an "absolute prohibition" on final approval of the Amended ANDA was merely "raising the risk that FDA might misapply" the judgment to bar approval of the Amended ANDA.  Dkt. 43-1 at 6 n.5 (Norwich Response to Cross-Motions).  Hogwash.  Both parties and

the Court knew exactly what the Delaware District Court's judgment meant, and there is not even a hint or suggestion in Norwich's Rule 60(b) motion that the final judgment might exclude the Amended ANDA.

In denying Norwich's Rule 60(b) motion, the Delaware District Court again rejected Norwich's arguments and confirmed the scope of its judgment.  The Delaware District Court observed that its judgment had "ordered the FDA not to approve the ANDA before the latest expiration (in about 2029) of the patents on which Plaintiffs won."  AR 359 (Rule 60(b) Order). The Delaware District Court then explicitly rejected Norwich's request because, among other reasons, it was not clear that Norwich's Amended ANDA had "successfully carved out language from a label to turn infringement into non-infringement."  AR 361 (Rule 60(b) Order).

Norwich now argues that the Delaware District Court acknowledged that its prior order did not apply to the Amended ANDA when it stated that "it just seems wrong to me that [Norwich] can litigate a case through trial and final judgment based on a particular ANDA, and then, after final judgment, change the ANDA to what it wishes it had started with."  Dkt. 43-1 at 7 (Norwich Response to Cross-Motions) (quoting AR 360 (Rule 60(b) Order)).  That observation truly indicates the opposite.  The Delaware District Court was highlighting the fact that Norwich had litigated the case when its ANDA had one set of terms and then, when those terms were unsuccessful, tried to use a different set to gain an unjust advantage.  Because the parties had litigated the case based on the original ANDA, the Delaware District Court concluded that it needed to delay the effective date of the ANDA as a whole (regardless of any after-the-fact amendment by Norwich).

The Delaware District Court twice considered Norwich's arguments that its judgment should not bar approval of an Amended ANDA and twice expressly rejected those arguments on

the merits.   These determinations are entitled to preclusive effect in this Court—Norwich cannot circumvent the appeal process by relitigating the same issue in a different district court in the guise of an APA claim.  *See Bravo-Fernandez v. United States*, 580 U.S. 5, 10 (2016) (recognizing that giving preclusive effect to another court's judgment is particularly warranted where there is an opportunity for appeal).

Norwich's argument that its Amended ANDA "carved out the basis for the Delaware Court's infringement ruling" does not change the language of either of the Delaware District Court's orders.  Dkt. 43-1 at 3 (Norwich Response to Cross-Motions).  At most, it is an argument that the Delaware District Court **should have** granted Norwich's Rule 60(b) motion.  That argument is properly directed to the Federal Circuit in Norwich's cross-appeal.  But Norwich cannot ask this Court to disregard or reinterpret the plain language of another court's judgment because Norwich disagrees with it.  The Delaware District Court's unambiguous judgment remains binding on the FDA.  At a minimum, the FDA did not act arbitrarily and capriciously in reading the judgment consistent with its plain text and context as barring final approval of the Amended ANDA.

### B.   Norwich Should Be Judicially Estopped from Arguing that the District Court Order Does Not Include the Amended ANDA.

For the reasons explained, Norwich's argument that the Delaware District Court's judgment excludes its Amended ANDA is obviously incorrect and barred by collateral estoppel. It is also barred by judicial estoppel, since Norwich has repeatedly taken the exact opposite position.  Although no "exhaustive formula" exists for determining the applicability of judicial estoppel, the Supreme Court recognized that it is generally warranted when:  (1) the party's later position is "'clearly inconsistent' with its earlier position"; (2) "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an

6

inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Temple Univ. Hosp., Inc. v. NLRB*, 929 F.3d 729, 733 (D.C. Cir. 2019) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).  All three factors are present here.

First, as discussed above, Norwich's position in the Delaware District Court cannot be reconciled with its position here.  Norwich's revisionist spin that its Rule 60(b) motion was merely "raising the risk that FDA might misapply the Delaware Court's Section 271(4)(A) Order," Dkt. 43-1 at 6 n.5 (Norwich Response to Cross-Motions), is not credible.  A fundamental premise of both Norwich's Rule 60(b) motion and its current appeal in the Federal Circuit is that the Delaware District Court improperly delayed the effective date of its Amended ANDA.  And neither Norwich's characterization of the Delaware District Court's judgment as an "absolute prohibition on FDA's approval of Norwich's Amended ANDA" nor its proposed redlines to that judgment would make any sense if Norwich believed that the Delaware District Court had issued the correct judgment but that the FDA might misinterpret it.

Second, while Norwich's Rule 60(b) motion overall was not successful, the "success" prong does not require that the party's inconsistent position be a "but-for cause" of the first court's decision. *Temple Univ. Hosp.*, 929 F.3d at 735.  Rather, it is enough that the court adopts the interpretation urged by the party. *Id.*; *see also Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 n.5 (6th Cir. 1982) ("A party need not finally prevail on the merits in the first proceeding. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.").  The Delaware District Court's ruling on the Rule 60(b) motion agreed with the assertion that its final judgment prohibited the

FDA from approving Norwich's ANDA, whether amended or not, until the expiration of Salix's HE Patents. That is the interpretation of judgment pressed by Norwich (as well as Salix), and the Delaware District Court adopted that understanding of its judgment in denying Norwich's motion. Norwich cannot now be heard to argue the exact opposite interpretation of that judgment. And if this Court were to adopt Norwich's new and contrary position, it would create the perception that one of the two courts was misled. *See Temple Univ. Hosp.*, 929 F.3d at 736.

Third, allowing Norwich's about-face would impose an unfair detriment on the FDA and Salix. While both the FDA and Salix have filed oppositions and cross-motions in this case, Salix has also been proceeding in the Delaware District Court and the Federal Circuit. In all three courts, the parties have based their positions on the understanding that Norwich is arguing that the FDA should have refused to follow the Delaware District Court's judgment. Crediting Norwich's entirely new argument would allow Norwich to unfairly advance a new position at the last minute, when the FDA and Salix have litigated here based on Norwich's opposite position, and Salix has relied on that position in multiple other fora.

Even if this Court determines that judicial estoppel is not warranted, Norwich's past contradictory positions nonetheless provide strong impeachment of its current position. If Norwich had sincerely believed in the past that the Delaware District Court's judgment did not cover its Amended ANDA, it would not have asserted otherwise to that court. At the very least, the fact that Norwich takes a new tack now—when the new characterization helps Norwich sidestep the other fatal flaws the FDA and Salix identified in their oppositions—warrants skepticism of its new reading of the judgment.

**C.    Norwich Does Not Demonstrate Any Failure by the FDA to Follow Its Own Regulations.**

Invoking 5 U.S.C. § 706(1), Norwich asks this Court to order the FDA to immediately approve Norwich's Amended ANDA.  Dkt. 43-1 at 28, 31 (Norwich Response to Cross-Motions).  "[A] claim under Section 706(1) 'can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take.'"  *Hi-Tech Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 9 (D.D.C. 2008) (*quoting Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).

The only regulation that Norwich claims requires the FDA to approve its ANDA is 21 C.F.R. § 314.107(b)(1), which Norwich argues demands "immediate" approval.  *See* Dkt. 43-1 at 8 (Norwich Response to Cross-Motions).  According to Norwich, Section 314.107(b)(1) only permits delays for reasons set forth in Section 314.127 and 314.107(d), and neither section applies here.  *Id.* at 8–10.  Norwich's argument ignores the language of Section 314.107(b), which expressly imposes no deadline for the agency action.

Section 314.107(b) establishes when the FDA may approve an ANDA, not a deadline for doing so.  It states: "The first **possible** date on which the . . . ANDA **can** be approved will be calculated for each patent, and the . . . ANDA **may** be approved on the last applicable date."  21 C.F.R. § 314.107(b) (emphases added).  Subsection (b)(1) follows course, merely specifying when the FDA "may" approve an ANDA.  The emphasized language definitively contradicts Norwich's interpretation.  Norwich has failed to identify any statute or regulation requiring the FDA to approve its ANDA by a time certain.

Indeed, other FDA regulations clarify that the FDA cannot approve the ANDA at this time.  Norwich does not dispute that 21 C.F.R. § 314.107(b)(3)(iii) and (iv) prohibit FDA approval of a pending ANDA until resolution of an appeal from a district court's decision that a patent has been infringed.  *See* Dkt. 43-1 at 11–13.  Nor does Norwich dispute that it has taken an appeal from the

Delaware District Court's judgment, which found infringement of Salix's HE Patents.  *Id.* Norwich, instead, argues that Sections 314.107(b)(3)(iii) and (iv) do not apply because it has disclaimed any intent to reverse any finding of infringement or of the validity of the HE Patents. *Id.* at 13.

Norwich identifies no precedent supporting its interpretation of the regulation.  Nor is it supported by the text, which does not distinguish appeals from an infringement judgment based on the appellant's representation of the purported scope of appeal.  Instead, Section 314.107(b)(3)(iii) plainly applies when "the judgment of the district court is appealed."  Norwich's notice of appeal states that it is challenging the Final Judgment of the Delaware District Court. AR 258–59 (Notice of Appeal, *Salix* (May 15, 2023), Dkt. 223).  That is the end of the story for purposes of Section 314.107(b)(3)(iii), regardless of Norwich's additional caveats about exactly how or why it is appealing that judgment.

### D.    Even if Norwich Prevailed, Remand Would Be Necessary to Determine Exclusivity.

Norwich seeks an extraordinary form of relief: rather than remand, it asks this Court "to grant final approval to Norwich's Amended ANDA."  Dkt. 39 at 33 (Salix Cross-Motion).  Salix and the FDA explained in their oppositions that Norwich is not entitled to such relief—even if this Court were to accept all of Norwich's merits arguments—because multiple entities filed ANDAs seeking approval to market generic rifaximin.  Dkt. 37 at 28–30 (FDA Cross-Motion); Dkt. 39 at 2–3, 18–21 (Salix Cross-Motion).  The first ANDA filer is entitled to a 180-day exclusivity period during which time no other filer could receive approval.  Dkt. 39 at 3, 5 (Salix Cross-Motion) (citing 21 U.S.C. § 355(j)(5)(B)(iv), (j)(5)(D)).  Consequently, the FDA is required to determine exclusivity priority before granting final approval, and it expressly disclaimed having completed this task in its tentative approval letter.  *Id.* at 2, 18.

Norwich does not dispute Salix's and the FDA's arguments.  *See* Dkt. 43-1 at 31 (Norwich Response to Cross-Motions).  Instead, it appears to accept that remand is necessary to permit the FDA to resolve the exclusivity priority issues, including "whether Teva has forfeited its exclusivity."  *Id.*  But Norwich asks to modify its initial request for a mandatory injunction and now asks this court to remand to the FDA with instructions to determine exclusivity priority within **ten days**.  *Id.*  Setting aside the procedural impropriety of changing the form of relief sought through a reply brief on a summary judgment motion, Norwich is not entitled to such an order.

To begin with, Norwich identifies no authority for its 10-day deadline for FDA to act.  Once a court reviewing an agency action determines that a legal error exists, its role "ends," and "the matter once more goes to the [agency] for reconsideration."  *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952).  The court ordinarily may not dictate the "time dimension of the needed inquiry" on remand because doing so would risk "propelling the court into the domain which Congress has set aside exclusively for the administrative agency."  *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 545 (1978) (quotation omitted).  Norwich has identified no compelling circumstances to depart from that general rule here; Norwich's economic interests alone are not sufficient.  *See id.*; *c.f. Courts Pub. Citizen Health Rsch. Grp. v. Brock*, 823 F.2d 626, 629 (D.C. Cir. 1987) ("This court should intervene to override agency priorities and timetables only in the most egregious of cases." (emphasis omitted)).

Even to the extent there were a basis for such an order, ten days is patently unworkable in this context.  Prior to deciding exclusivity among multiple filers, the FDA must provide Salix and other interested parties an opportunity to be heard.  *See, e.g.*, *Hi-Tech Pharmacal*, 587 F. Supp. 2d at 6 (opening "a public docket soliciting comment from all . . . ANDA applicants on how the exclusivity forfeiture provisions apply to the relevant facts 'so that FDA can consider such

11

comments in making its determination'"). Ten days indisputably provides insufficient time for effective notice and comment on this issue, which depends on "many factors." *Id.* at 5.

   **E.   To the Extent Norwich Is Still Seeking a Preliminary Injunction, It Must Meet Its Burden to Demonstrate One Is Warranted Under the Preliminary Injunction Factors.**

   Norwich argues that it does not need to demonstrate that it has satisfied the preliminary injunction factors because its motion for preliminary injunction was consolidated with the merits and treated as a motion for summary judgment. Dkt. 43-1 at 26 (Norwich Response to Cross-Motions). To the extent Norwich is no longer asking for preliminary injunctive relief and seeks only consideration of the merits, Salix agrees, but that was not clear from Norwich's earlier papers or its proposed briefing schedule. If Norwich is still seeking a preliminary injunction, it must satisfy the four-factor test. As explained in Salix's opposition, Norwich will not be irreparably harmed absent a preliminary injunction and the balance of the equities is not in its favor.

## III.   CONCLUSION

   For the foregoing reasons, this Court should dismiss Norwich's APA claims or, in the alternative, enter judgment in favor of the Federal Defendants. The court should also deny Norwich's request for a preliminary injunction to the extent Norwich has not already abandoned it.


Dated: August 16, 2023                    Respectfully submitted,

                                          /s/ David B. Salmons
                                          David B. Salmons
                                          Douglas A. Hastings
                                          Amanda L. Salz
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue, NW
                                          Washington, DC 20004
                                          T: (202) 739-3000

F: (202) 739-3001
david.salmons@morganlewis.com
douglas.hastings@morganlewis.com
amanda.salz@morganlewis.com

Michael J. Abernathy (*pro hac vice*)
Wan-Shon Lo (*pro hac vice*)
Karon N. Fowler (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T: (312) 324-1000
mike.abernathy@morganlewis.com
shon.lo@morganlewis.com
karon.fowler@morganlewis.com

William R. Peterson (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T: (713) 890-5000
william.peterson@morganlewis.com

*Counsel for Intervenor Salix Pharmaceuticals, Inc.*