UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORWICH PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA,<br>in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>Defendants,<br><br>and<br><br>SALIX PHARMACEUTICALS, INC.,<br><br>Intervenor-Defendant. | Civil Action No. 1:23-cv-01611-RDM |

**MOTION TO INTERVENE AS DEFENDANTS
BY TEVA PHARMACEUTICALS USA, INC.**

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................................................1

BACKGROUND ................................................................................................................................3

I. STATUTORY BACKGROUND ............................................................................................3

II. FACTUAL BACKGROUND .................................................................................................3

ARGUMENT ......................................................................................................................................6

I. TEVA IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(a). ..............6

    A. The Motion Is Timely. .................................................................................................7

    B. Teva Has a Substantial Legal Interest in This Action.............................................8

    C. Norwich's Requested Relief Would Impair Teva's Interests. ................................8

    D. The Existing Parties Cannot Adequately Represent Teva's Interests......................9

II. ALTERNATIVELY, TEVA SHOULD BE GRANTED PERMISSION TO INTERVENE UNDER RULE 24(b). ....................................................................................10

CONCLUSION..................................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Acree v. Republic of Iraq*,
    370 F.3d 41 (D.C. Cir. 2004) ................................................................................................10

*Alvogen, Inc. v. Becerra*,
    No. 1:21-cv-672-ABJ, Minute Order (D.D.C. Mar. 18, 2021) ............................................2, 7

*Am. Bioscience, Inc. v. Thompson*,
    269 F.3d 1077 (D.C. Cir. 2001) ..............................................................................................7

*Amneal Pharms. LLC v. FDA*,
    No. 1:17-cv-180-RDM, Minute Order (D.D.C. Mar. 6, 2017) ............................................2, 7

*Apotex, Inc. v. FDA*,
    508 F. Supp. 2d 78 (D.D.C. 2007) ..........................................................................................7

*Apotex, Inc. v. FDA*,
    No. 06-0627, 2006 WL 1030151 (D.D.C. Apr. 19, 2006) .......................................................8

*Biovail Corp. v. FDA*,
    519 F. Supp. 2d 39 (D.D.C. 2007) ..........................................................................................7

*Dimond v. Dist. of Columbia*,
    792 F.2d 179 (D.C. Cir. 1986) ................................................................................................8

*Fund for Animals, Inc. v. Norton*,
    322 F.3d 728 (D.C. Cir. 2003) ......................................................................................7, 9, 10

*Karsner v. Lothian*,
    532 F.3d 876 (D.C. Cir. 2008) ................................................................................................6

*Mova Pharm. Corp. v. Shalala*,
    140 F.3d 1060 (D.C. Cir. 1998) ..............................................................................................9

*Nat. Res. Def. Council v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977) ................................................................................................7

*Nuesse v. Camp*,
    385 F.2d 694 (D.C. Cir. 1967) ..............................................................................................10

*Otsuka Pharm. Co. v. Burwell*,
    No. 15-cv-1688, 2016 WL 4098740 (D.D.C. July 28, 2016) ..................................................7

*Purepac Pharm. Co. v. Thompson*,
    238 F. Supp. 2d 191 (D.D.C. 2002) ......................................................................................7

*Ranbaxy Labs., Inc. v. Burwell*,
    No. 1:14-cv-1923-BAH, Minute Orders (D.D.C. Nov. 17, 2014) ............................................2

*Ranbaxy Labs., Ltd. v. Burwell*,
    82 F. Supp. 3d 159 (D.D.C. 2015) .........................................................................................7

*Salix Pharms., Ltd. v. Actavis Labs. FL, Inc.*,
    No. 1:16-cv-00188 (D. Del.) ..................................................................................................4

*Salix Pharms. Ltd. v. Norwich Pharms., Inc.*,
    No. 1:20-cv-00430 (D. Del.) ..................................................................................................4

*Sierra Club v. Van Antwerp*,
    523 F. Supp. 2d 5 (D.D.C. 2007) ........................................................................................11

*Teva Pharms. USA, Inc. v. Sebelius*,
    595 F.3d 1303 (D.C. Cir. 2010) ............................................................................................3

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972) ..............................................................................................................9

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977) ..............................................................................................................7

**STATUTES:**

21 U.S.C. § 355(j)(2)(A)(iv) ........................................................................................................2

21 U.S.C. § 355(j)(2)(A)(vii) .......................................................................................................3

21 U.S.C. § 355(j)(5)(B)(iv) ....................................................................................................1, 3

21 U.S.C. § 355(j)(5)(B)(iv)(I) .....................................................................................................3

21 U.S.C. § 355(j)(5)(D) ...............................................................................................................3

28 U.S.C. § 1331 .........................................................................................................................11

35 U.S.C. § 271(e)(2) ....................................................................................................................3

**REGULATION:**

21 C.F.R. § 314.94(a)(12)(i)(A) ...................................................................................................3

**RULES:**

Fed. R. Civ. P. 24(a) ...................................................................................................1, 8, 9

Fed. R. Civ. P. 24(a)(2)......................................................................................................6

Fed. R. Civ. P. 24(b) ...................................................................................................2, 10

Fed. R. Civ. P. 24(b)(1)(B) .........................................................................................10, 11

**OTHER AUTHORITY:**

Teva, *Teva Completes Acquisition of Actavis Generics* (Aug. 2, 2016),
  https://www.tevapharm.com/news-and-media/latest-news/teva-completes-acquisition-of-actavis-generics/ ....................................................................................................3

**INTRODUCTION**

Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits this motion to intervene as a defendant.

Teva has a direct interest in this case because Plaintiff Norwich Pharmaceuticals, Inc. is now seeking an order compelling the U.S. Food and Drug Administration ("FDA") to grant immediate approval to its application to market a generic version of rifaximin, which would have the effect of voiding Teva's statutory exclusivity. It is undisputed that Teva was the first filer to submit a paragraph IV certification for rifaximin, which entitles Teva to a 180-day exclusivity period to market its generic rifaximin after approval. *See* 21 U.S.C. § 355(j)(5)(B)(iv). This unexpired exclusivity blocks the FDA from approving Norwich's application for reasons that are independent of the challenge that it presses here. But, in a memorandum of law first made public in redacted form 8 days ago, Norwich appears to argue that Teva forfeited its 180-day exclusivity. *See* D.I. 49 at 31. Indeed, Norwich goes so far to intimate that statements by the FDA in the administrative record—which is not publicly available—support a finding of forfeiture, *id.*, even though the available public information indicates that the FDA found that Teva has *not* forfeited its exclusivity. *See* pp. 4-6, *infra*. Norwich then takes the remarkable position that this Court should effectively find forfeiture on behalf of the FDA without a remand, while arguing in the alternative for an accelerated remand process to determine Teva's statutory rights. D.I. 49 at 31.

In light of Norwich's position, as articulated in its most recent filing, Teva has a clear right to intervene in this matter. All the pertinent considerations favor intervention as of right under Federal Rule of Civil Procedure 24(a): Teva is filing this motion shortly after Norwich's argument challenging Teva's exclusivity right became public, and no party to the case can adequately protect Teva's interests. In the alternative, the Court should grant permissive intervention to Teva under

Rule 24(b), because Teva's interests are clearly implicated and no party will be prejudiced by its participation. Teva does not seek any change to the current case schedule, and would be prepared to participate at the October 6, 2023 hearing that has already been set. Teva's participation would be limited to responding to Norwich's position on remedy and defending its exclusivity right.

Pursuant to Local Rule 7(m), on August 16, 2023, counsel for Teva conferred with counsel for Norwich, the Federal Defendants,[1] and Intervenor-Defendant Salix Pharmaceuticals, Inc., ("Salix") over the relief sought in this motion. The Federal Defendants and Salix do not object to Teva's motion to intervene. Norwich has stated that it has not yet formed a position on the motion.

Assuming its motion to intervene as a defendant is granted, Teva respectfully requests that the Court waive the requirement of Local Civil Rule 7(j) and permit Teva to file its answer to the complaint on the same date as the existing defendants. *See* Minute Order (June 18, 2023) (staying the defendants' deadline to answer until after resolution of the parties' cross-motions for summary judgment). Teva does not yet have access to the administrative record and submits that answering all of Norwich's averments would be premature at this point. *See, e.g., Ranbaxy Labs., Ltd. v. Burwell*, No. 1:14-cv-1923-BAH, Minute Orders (D.D.C. Nov. 17, 2014) (motions for intervention granted and obligation to answer deferred); *Amneal Pharms. LLC v. FDA*, No. 1:17-cv-180-RDM (D.D.C. Mar. 6, 2017) (same); *Alvogen, Inc. v. Becerra*, No. 1:21-cv-672-ABJ, Minute Order (D.D.C. Mar. 18, 2021) (same).

---

[1] FDA; Xavier Becerra, in his official capacity as Secretary of Health and Human Services; and Robert M. Califf, M.D., in his official capacity as Commissioner of Food and Drugs.

**BACKGROUND**

I.     **STATUTORY BACKGROUND**

Under the Hatch-Waxman Act, drug companies seeking to market a generic version of a previously approved drug may file an abbreviated new drug application ("ANDA"). 21 U.S.C. § 355(j)(2)(A)(iv). ANDA applicants must file certifications for each patent listed for the drug, including, as relevant here, a "paragraph IV certification" stating that the patent is invalid, unenforceable, or will not be infringed by the applicant. 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12)(i)(A). Such a certification qualifies as an act of patent infringement, which allows the brand manufacturer to file an immediate suit. *See* 35 U.S.C. § 271(e)(2).

As "a reward for generics that stick out their necks" by inviting expensive patent litigation, the first company that submits a substantially complete generic-drug application with a paragraph IV certification is eligible for 180-days of marketing exclusivity. *Teva Pharms. USA, Inc. v. Sebelius*, 595 F.3d 1303, 1318 (D.C. Cir. 2010). During that period, the FDA may not approve a later-filed paragraph IV ANDA referencing the same brand drug. 21 U.S.C. § 355(j)(5)(B)(iv). The 180-day exclusivity period typically starts when the first applicant begins marketing its drug. *Id.* § 355(j)(5)(B)(iv)(I). There are, however, limited circumstances in which a first applicant might "forfeit[]" its 180-day exclusivity. *Id.* § 355(j)(5)(D). If the FDA finds that a first applicant has forfeited its exclusivity, the FDA may approve other ANDAs for the same generic product.

II.     **FACTUAL BACKGROUND**

Salix holds the New Drug Application ("NDA") for Xifaxan (rifaximin) 550 mg tablets and holds various patents covering the drug product and uses of it. D.I. 1 ¶ 39. In December 2015, Teva[2] filed an ANDA with paragraph IV certifications to market a generic version of that drug

---

[2] The ANDA was submitted by Actavis Laboratories FL ("Actavis"), but is now owned by Teva following an acquisition. *See* Teva, *Teva Completes Acquisition of Actavis Generics* (Aug. 2,

product.³ As parties in this case have recognized, Teva was the first paragraph IV filer seeking to market a generic version of this product. *See* D.I. 39 Ex. 2 at 69; *see also* D.I. 39 at 19; D.I. 49 at 31 (Norwich implicitly conceding that Teva received 180-day exclusivity). In the most recent version of its publicly available database of paragraph IV certifications, the FDA has designated the "180-day status" of Teva's rifaximin ANDA as "Non-Forfeiture." D.I. 39 Ex. 2 at 69; *accord* D.I. 39 at 19; D.I. 40 at 29–30 (FDA stating that no finding of forfeiture has been made).

In December 2019, Norwich filed its own ANDA seeking authorization to market generic rifaximin 550 mg tablets. *Salix Pharms. Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430 (D. Del.) ("*Norwich*"), D.I. 158 at 16. That submission triggered Hatch-Waxman litigation between Salix and Norwich in the District of Delaware. Following trial, the court entered a final judgment holding, among other things, that Salix's method-of-use claims for treatment of hepatic encephalopathy were both valid and infringed by Norwich's ANDA. *Norwich*, D.I. 193. The court "ordered that the effective date of any final approval by the [FDA] of Norwich's ANDA No. 214369 is to be a date not earlier than the last to expire" of the patents containing those claims, currently October 2, 2029). *Id*.

On June 2, 2023, the FDA granted tentative approval to Norwich's amended ANDA, but stated that "final approval cannot be granted until October 2, 2029 as specified in the [District of Delaware] court order." D.I. 1 ¶ 60. The FDA also stressed to Norwich that "[t]his letter does not

---

2016), https://www.tevapharm.com/news-and-media/latest-news/teva-completes-acquisition-of-actavis-generics/; *accord* D.I. 4-1 at 9 n.13. For simplicity, this motion refers to Teva throughout.

³ After receiving notification of Teva's paragraph IV certifications, Salix sued Teva for infringement in the District of Delaware in March 2016. *See Salix Pharms., Ltd. v. Actavis Labs. FL, Inc.*, No. 1:16-cv-00188 (D. Del.). That case settled in September 2018.

include information related to the 180-day exclusivity provisions under section 505(j)(5)(B)(iv) of the FD&C Act." D.I. 1-1 at 1.

Norwich then filed this lawsuit, claiming that, because it has amended its ANDA to carve out the indication covered by Salix's method of use claims, the FDA should be compelled to grant final approval of its ANDA. D.I. 1. In its Complaint, Norwich acknowledged that Teva (along with other entities) had filed earlier ANDAs for rifaximin 550 mg. *Id.* ¶ 43. Norwich's Complaint did not address Teva's 180-day exclusivity period at all, much less make any allegations regarding forfeiture of the exclusivity right. And Norwich's memorandum in support of its motion for preliminary injunction effectively ignored the issue, making only a passing reference to the FDA's statement in its tentative approval that it was not addressing 180-day exclusivity issues. *See* D.I. 4-1 at 14 n.22.

In their motion papers, Salix and the FDA have both explained that 180-day exclusivity provides a potential independent bar to immediate final approval of Norwich's ANDA independent of the legal issues Norwich is challenging here. As Salix put it, "while Norwich's ANDA includes paragraph IV certifications against any non-expired patent that qualified Teva to be a 'first applicant,' the statute mandates that Norwich's ANDA cannot be approved until 180 days after Teva enters the market." D.I. 39 at 20; *see also* D.I 40 at 31 (FDA explaining that "the possibility that another manufacturer is eligible for 180-day exclusivity (which would block Norwich's approval) is apparent on the face of the record").

In its most recent brief, Norwich disputes this point, as it now appears to suggest that the FDA has made an implicit forfeiture finding. Citing pages of the administrative record that are not publicly available, Norwich cryptically states that the "FDA has repeatedly considered the information relevant to whether Teva has forfeited its exclusivity," and that the "FDA has not

articulated any facts that have changed in the interim." D.I. 49 at 31. Norwich thus argues that "this Court should order FDA to grant final approval to Norwich's Amended ANDA"—which would effectively nullify Teva's statutory exclusivity—or compel the FDA to resolve the issue in just 10 business days. *Id.* The public redacted version of Norwich's brief was filed 8 days ago, on August 9, 2023, and Teva only became aware of Norwich's position at that time.

## ARGUMENT

### I. TEVA IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(a).

Norwich now advances an argument that, if accepted, could result in a decision that Teva has forfeited its 180-day exclusivity period, thereby allowing Norwich to launch its generic rifaximin ahead of Teva. Teva therefore has a right to intervene in the case.

Federal Rule of Procedure 24(a) provides in relevant part that

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under this rule, a party is entitled to intervene if four conditions are met: (1) the motion is timely; (2) the applicant has "a legally protected interest in the action"; (3) denial of the motion would "threaten to impair" the applicant's ability to protect its interests; and (4) no party to the action will adequately represent the applicant's interests. *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec.*, 136 F.3d 153, 156 (D.C. Cir. 1998).

Teva meets all four conditions. Teva received a highly valuable right to 180-days of marketing exclusivity as the first filer for generic rifaximin, which Norwich seeks to nullify by asking the Court to conclude Teva's exclusivity was forfeited in order to clear the path for the immediate approval of Norwich's ANDA. If Norwich's position were to prevail, Teva would be

6

deprived of its economically valuable exclusivity right.  Teva intervened promptly once Norwich's implicit challenge to Teva's exclusivity was publicly disclosed, and no existing party can represent Teva's interests.  Courts have repeatedly held in similar scenarios—where one pharmaceutical company advances a position that, if successful, will interfere with the scope of a competing manufacturer's marketing rights—that the competitor's legal interests are directly implicated, and so the competitor may intervene in the case as of right.[4]  This Court should hold likewise here and grant Teva's motion to intervene.

### A. The Motion Is Timely.

Teva's motion is timely.  This case is still in its early stages, as Norwich filed its complaint just over two months ago (on June 5, 2023).  *See* D.I. 1; *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (affirming grant of motion to intervene based on similar timing).  Moreover, Norwich first insinuated that Teva had forfeited its exclusivity right in a brief that did not become public until August 9, 2023.  Teva filed its motion promptly after that public disclosure—only 8 days after posting of the public version of Norwich's brief.  Because Teva moved to intervene quickly after the first event putting its interests at stake, its motion is plainly timely.  *E.g.*, *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-96 (1977) (intervention timely where movant promptly sought intervention once interests were implicated, even if post-judgment); *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 907-08 (D.C. Cir. 1977) (timeliness not

---

[4] *See, e.g., Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1078-79 (D.C. Cir. 2001); *Amneal Pharm. LLC*, No. 17-cv-180, Minute Order (D.D.C. Mar. 6, 2017); *Otsuka Pharm. Co. v. Burwell*, No. 15-cv-1688, 2016 WL 4098740, at *6 (D.D.C. July 28, 2016); *Ranbaxy Labs., Ltd. v. Burwell*, 82 F. Supp. 3d 159, 163 (D.D.C. 2015); *Biovail Corp. v. FDA*, 519 F. Supp. 2d 39, 43 (D.D.C. 2007); *Apotex, Inc. v. FDA*, 508 F. Supp. 2d 78, 80 n.2 (D.D.C. 2007); *Purepac Pharm. Co. v. Thompson*, 238 F. Supp. 2d 191, 192 (D.D.C. 2002); *Alvogen, Inc.*, No. 1:21-cv-672-ABJ, Minute Order (D.D.C. Mar. 18, 2021).

determined from initiation of action, but from all circumstances, including the "purpose for which intervention is sought").

Intervention by Teva would not delay the proceedings or prejudice the existing parties. Teva proposes to join solely to preserve its entitlement to the 180-day exclusivity period, and it does not seek to disturb the existing case schedule. Teva seeks only to access the administrative record, defend its statutory exclusivity right to the extent the issue may arise at the October 6, 2023 hearing, and participate in any briefing on the issue of remedy subject to any schedule set by the Court.

### B.   Teva Has a Substantial Legal Interest in This Action.

Under Rule 24(a), a party has a substantial interest if it has a "legally protected interest" in the outcome of the litigation, which may include an economic interest put at risk by the plaintiff's claim. *See, e.g.*, *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (threat of economic loss satisfies the interest requirement under Rule 24(a)(2)). Teva has such an interest in this case. Norwich's newly minted forfeiture argument threatens Teva's 180-day period of marketing exclusivity. If Norwich were to convince this Court that the exclusivity period has been forfeited, and that the FDA can be ordered to grant final approval to Norwich immediately, then Teva would lose an important legal entitlement and suffer serious financial loss. *See, e.g.*, *Apotex, Inc. v. FDA*, No. 06-0627, 2006 WL 1030151, at *17 (D.D.C. Apr. 19, 2006) (describing 180-day exclusivity as a "statutory entitlement" whose loss qualifies as irreparable harm).

### C.   Norwich's Requested Relief Would Impair Teva's Interests.

As explained, Norwich's requested relief would directly impair Teva's substantial interests. If the Court accepts Norwich's argument that Teva has forfeited exclusivity and orders the FDA to grant immediate approval to Norwich's ANDA, Teva would lose the opportunity to

8

go to market with generic rifaximin first—and by itself—resulting in a substantial loss of customers and sales.

This potential economic loss to Teva is an injury-in-fact directly traceable to the relief Norwich seeks. This injury establishes standing for Teva to intervene and satisfies the impairment prong for mandatory intervention. *E.g.*, *Fund for Animals*, 322 F.3d at 733 (intervenor had standing and an interest sufficient to justify intervention because it "would suffer concrete injury" in the form of "[t]he threatened loss of tourist dollars" if "the court were to grant the relief the plaintiffs seek"); *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (pharmaceutical company's interests were affected, and intervention was allowed, where the company "was in danger of losing market share" depending on the court's order).

      **D.**      <u>**The Existing Parties Cannot Adequately Represent Teva's Interests.**</u>

The existing parties cannot adequately represent Teva's interests. The standard for establishing this factor is not demanding: under Rule 24(a), a movant is required to show only that representation of its interests "'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). Teva easily clears this bar here, where the existing defendants are a federal agency and its officials, and a brand competitor.

The Federal Defendants cannot adequately represent Teva's interests. Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors" because the government's role "is to represent the interests of the American people" generally, not the specific interests of a company or organization. *Fund for Animals*, 322 F.3d at 736. Teva's priority is to advance its commercial interests: here, ensuring it has the best opportunity to commercialize a generic rifaximin 550 mg product. The Federal Defendants are

9

instead (and properly) focused on fulfilling their obligations under federal law and pursuing the government's policy priorities. Accordingly, even if "[t]here may be some overlap" between Teva's interests and those of the Federal Defendants, and even if the Federal Defendants may take Teva's interests "into account" to some extent, the Federal Defendants will not give Teva's interests "the kind of primacy that [Teva] would give them," nor will the Federal Defendants necessarily share Teva's "appraisal" of the relevant facts. *Id.* at 736.

Salix likewise cannot adequately represent Teva's interests. The interests of Salix, the brand manufacturer of rifaximin 550 mg, are generally *opposed* to Teva, a competitor planning to launch a generic of that drug product. The fact that there may be some temporary alignment between Salix and Teva regarding Norwich's forfeiture argument does not demonstrate that Salix will adequately protect Teva's full interest in its exclusivity right.

## II.  ALTERNATIVELY, TEVA SHOULD BE GRANTED PERMISSION TO INTERVENE UNDER RULE 24(b).

In the alternative, this Court should grant Teva permission to intervene under Rule 24(b), which provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The standard for intervention under this rule is liberal: "Rule 24(b) . . . provides basically that anyone may be permitted to intervene if his claim and the main action have a common question of law or fact," *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967), as long as it would not "unduly delay or prejudice the rights of the original parties," *Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty*, 556 U.S. 848 (2009). To intervene under Rule 24(b), a party is not required to show that existing parties will not adequately represent its interests; instead, a movant need only "satisfy . . . three threshold requirements:" "(1) an independent ground for subject matter jurisdiction; (2) a timely

motion; and, (3) a claim or defense that has a question of law or fact in common with the main action." *See Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007).

All the requirements are met here. This Court has an independent basis for subject matter jurisdiction under 28 U.S.C. § 1331, regardless whether Teva intervenes. For the reasons already given, *see* Section I, *supra*, Teva's intervention is timely and would not prejudice the rights of the original parties or cause delay, and Teva's assertion of its exclusivity right presents "a . . . question of law or fact" in common with the main action, Fed. R. Civ. P. 24(b)(1)(B).

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court grant it leave to intervene as a defendant in this action.

Dated: August 17, 2023                             Respectfully submitted,

/s/   Brian T. Burgess
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.:  202.346.4000
Fax.:  202.346.4444

*Counsel for Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, I electronically filed the foregoing Motion to Intervene by Teva Pharmaceuticals U.S.A., Inc. and accompanying documents with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system, which served a copy upon all counsel of record.

Dated: August 17, 2023

*/s/ Brian T. Burgess*
Brian T. Burgess