**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., | |
| *Plaintiff*, | |
| v. | |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, | Civil Action No. 1:23-cv-01611-RDM |
| *Defendants*, | |
| and, | |
| SALIX PHARMACEUTICALS, INC., | |
| *Intervenor-Defendant*. | |

**NORWICH PHARMACUETICAL, INC.'S OPPOSITION
TO TEVA PHARMACEUTICAL USA INC.'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

**I.   TEVA IS NOT ENTITLED TO INTERVENE AS OF RIGHT** ........................................ 1

    A.   Teva Does Not Have Any Legally Protected Interest in this Action ............... 2

    B.   Teva's Motion Is Not Timely ........................................................................ 3

**II.  TEVA SHOULD NOT BE GRANTED PERMISSION TO INTERVENE** .................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Gardner*,
387 U.S. 136 (1967) *abrogated on other grounds by Califano v. Sanders*, 430
U.S. 99 (1977)..................................................................................................................2

*Acree v. Republic of Iraq*,
370 F.3d 41 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq*
*v. Beaty*, 556 U.S. 848 (2009).........................................................................................8

*Alvogen, Inc. v. Becerra*,
21-cv-672 (D.D.C.).........................................................................................................7

*Am. Bioscience, Inc. v. Thompson*,
00-cv-2247 (D.D.C.)......................................................................................................6

*\*Amador Cnty. v. Jewell*,
312 F.R.D. 11 (D.D.C. 2013).........................................................................................5

*Amador v. DOI*,
772 F.3d 901 (D.C. Cir. 2014)......................................................................................8

*Amgen Inc. v. Price*,
17-1006 (D.D.C.) ECF Nos. 25, 26, 71 .......................................................................7

*Amneal Pharms. LLC v. FDA*,
17-cv-180 (D.D.C.).........................................................................................................6

*Apotex, Inc. v. Daiichi Sankyo, Inc.*,
12-cv-9295 (N.D. Ill.) ECF Nos. 24, 28, 29, 45 ........................................................7

*Apotex, Inc. v. FDA*,
07-cv-1194 (D.D.C.)......................................................................................................7

*Biovail Corp. v. FDA*,
06-cv-1487 (D.D.C.)......................................................................................................6

*\*Ctr. for Biological Diversity v. Raimondo*,
No. CV 18-112 (JEB), 2021 WL 2823102, slip op. (D.D.C. July 7, 2021).....................3, 4, 8

*Fund for Animals, Inc. v. Norton*,
322 F.3d 728 (D.C. Cir. 2003)......................................................................................5

*Nat. Res. Def. Council v. Costle,*
    561 F.2d 904 (D.C. Cir. 1977) ................................................................................5

*Otsuka Pharms. Co. v. Burwell,*
    15-cv-1688 (D.D.C.) ...............................................................................................6

*Purepac Pharm. Co. v. Thompson,*
    02-cv-1657 (D.D.C.) ...............................................................................................7

*Ranbaxy Lab'ys, Ltd. v. Burwell,*
    14-cv-1923 (D.D.C.) ...............................................................................................6

*Sierra Club v. Van Antwerp,*
    523 F. Supp. 2d 5 (D.D.C. 2007) ............................................................................8

*United Airlines, Inc. v. McDonald,*
    432 U.S. 385 (1977) ................................................................................................5

*Watson Labs., Inc. v. Sebelius,*
    12-cv-1344 (D.D.C.), ECF Nos. 3, 9 ......................................................................7

## Statutes

FD&C Act section 505(j)(5)(B)(iv) ..................................................................................2

## INTRODUCTION

Teva fails to meet the requirements for intervention, either as of right or by permission. First, Teva has no "legally protected interest" in this action because Norwich is not seeking an order that Teva has forfeited the 180-day generic exclusivity period.  FDA has made it abundantly clear in its briefing that it has not yet reached a decision as to Teva's exclusivity, and any adjudication of that issue is therefore not ripe.  Second, Teva's motion is untimely because it waited to file until the day after the parties' briefing closed.  Teva's excuse – that it only discovered its alleged legal interest when Norwich's summary judgment opposition brief became public on August 9 – is unavailing because the statements it points to in that brief were also in many earlier filings, including Norwich's Complaint.  Finally, Teva's assertion that its intervention "would not delay the proceedings or prejudice the existing parties" is speculative at best because no briefing schedule has yet been adopted.  Norwich thus respectfully requests that the Court deny Teva's motion to intervene.

## ARGUMENT

## I.   TEVA IS NOT ENTITLED TO INTERVENE AS OF RIGHT

As Teva correctly states, a party is only entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure if each of the following four conditions are met: (1) the motion is timely; (2) the applicant has "a legally protected interest in the action"; (3) denial of the motion would "threaten to impair" the applicant's ability to protect its interests; and (4) no party to the action will adequately represent the applicant's interests.  ECF No. 56 at 11.  Teva fails to meet the first two of these conditions, and the third and fourth are moot because Teva has no "legally protected interest" here.  Teva is therefore not entitled to intervene.

### A.     Teva Does Not Have Any Legally Protected Interest in this Action

Teva's sole basis for seeking to intervene in this case is based on the misconception that Norwich is seeking to "convince this Court that [Teva's] exclusivity period has been forfeited . . . ."  ECF No. 56 at 13.  That is not (and cannot be) Norwich's position in this case for the simple reason that FDA, as it has repeatedly stated, has not yet resolved the issue of whether Teva has forfeited the exclusivity period.  *See* ECF No. 40 at 37, 39; ECF No. 52 at 9, 29.  Salix agrees.  *See* ECF No. 39 at 22; ECF No. 53 at 11.

Indeed, the Tentative Approval Letter from FDA that spawned this litigation expressly provides that "[t]his letter does not include information related to the 180-day exclusivity provisions under section 505(j)(5)(B)(iv) of the FD&C Act."  ECF No. 56 at 9-10 (citing ECF No. 1-1 at 2).  Norwich thus did not – and could not – commence this action to challenge any FDA decision with regards to Teva's exclusivity.  Any such challenge is not ripe for adjudication at this time.  *See, e.g.*, *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977) (courts should avoid considering "administrative determinations unless these arise in the context of a controversy 'ripe' for judicial resolution," because by "avoid[ing] premature adjudication," courts "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way. . . .").[1]  Consequently, Teva's contention that it has a legal interest stemming from the potential loss of its exclusivity is incorrect.

To be abundantly clear, Norwich is not asking this Court to order FDA to conclude that Teva has forfeited its exclusivity.  Norwich has explained that FDA's regulations provide that

---

[1] Unsurprisingly, none of the cases Teva cites supports the proposition that a non-party may intervene to protect an interest that is not yet ripe for adjudication.  ECF No. 56 at 12 n.4.

Norwich's ANDA was entitled to be approved "immediately" upon the conversion of Norwich's

Paragraph IV certifications to section viii statements in relation to the HE Patents.  ECF No. 4-1

at 7, 12, 21-25, 29; ECF No. 49 at 15, 17-18, 22-23, 34-39.  But, in view of FDA's position that

it will only render an exclusivity forfeiture determination "after all other potential bars to final

approval [a]re resolved" (ECF No. 52 at 29), Norwich has recognized that a short remand to

FDA would be appropriate for resolving any issues relating to Teva's exclusivity.  ECF No. 49 at

38.  Thus, after the Court renders a judgment reversing FDA's position that the Delaware Orders

block final approval of Norwich's ANDA, FDA can follow its "ordinary practice" to formalize

its decision regarding whether Teva has forfeited its exclusivity.  ECF No. 52 at 29; *see also*

Guidance for Industry 180-Day Exclusivity: Questions and Answers at 30 (available at

https://www.fda.gov/media/102650/download, last visited August 23, 2023) ("It is FDA's

practice to make decisions on eligibility for 180-day exclusivity . . . when a first applicant's

ANDA or a subsequent applicant's ANDA is ready for approval[.]").  There is no need for a

remand period of longer than ten business days, however, because FDA has repeatedly

considered the information relevant to forfeiture and "FDA has not articulated any facts that have

changed in the interim."  ECF No. 49 at 38.  In any event, to remove any possible lingering

confusion about the remedy Norwich is seeking in this action, Norwich is herewith submitting a

new proposed summary judgment order.  *See* Exhibit A.

     **B.**    **Teva's Motion Is Not Timely**

     As this Court has recognized, "[t]imeliness is a threshold matter for all intervention

inquiries." *Ctr. for Biological Diversity v. Raimondo*, No. CV 18-112 (JEB), 2021 WL 2823102,

slip op. at *2 (D.D.C. July 7, 2021) (citing *Amador v. DOI*, 772 F.3d 901, 903 (D.C. Cir. 2014)).

"If a motion is untimely, intervention must be denied[.]" *Id.* (internal quotations and citations

omitted).  To determine whether intervention is timely, courts consider "(1) time elapsed in the

suit; (2) the purpose for which intervention is sought; (3) whether intervention is necessary to preserve a specific right; and (4) the probability of prejudice to those already parties in the case." *Id.* (internal quotations and citations omitted).

Here, Teva's motion is untimely because it was not filed until the day *after* briefing on the parties' motions had been completed.  ECF No. 56 at 7.  Thus, far from being in "its early stages" as Teva asserts, ECF No. 56 at 12, this case is near the end.  *See Ctr. for Biological Diversity*, 2021 WL 2823102, slip op. at *3-4 (denying late-stage motion to intervene).  Teva's excuse for its tardiness is that "Norwich first insinuated that Teva had forfeited its exclusivity right in a brief that did not become public until August 9, 2023."  ECF No. 56 at 12.  As discussed above, however, Norwich is *not* asking this Court to make any determination with respect to Teva's exclusivity.  But more to the point, the "insinuation" that Teva reads into Norwich's position was publicly available months earlier.  *See* ECF No. 1 at 3 (¶ 10.b.) ("Norwich is therefore entitled to . . . [i]ssuance of an injunction directing FDA to immediately grant Norwich's Amended ANDA final approval"), *id.* at 9 (¶ 36) ("FDA may approve the amended ANDA 'immediately.'"), *id.* at 17-18, 20, 22, 24 (¶¶ 62, 67, 77, 90, Prayer for Relief B) (same); ECF No. 4 at 1-2 ("requiring . . . [FDA] to immediately grant approval to Norwich's Amended ANDA"); ECF No. 4-1 at 7 ("Norwich now seeks mandatory preliminary injunctive relief . . . by requiring FDA to approve Norwich's ANDA immediately."), *id* at 8, 12, 21-25, 29, 37 (same); ECF No. 4-12 at 2 ("[FDA] . . . shall immediately grant final approval to Norwich's ANDA.").  Further, this issue has been discussed in Salix's Brief filed on July 7, 2023 and in FDA's Brief publicly-filed on July 19, 2023.  *See* ECF No. 39 at 3 ("Norwich is not entitled to the relief it seeks–immediate final approval of its Amended ANDA"); ECF No. 40 at 20 ("Norwich . . . moved for a preliminary injunction order for FDA to immediately grant final

approval for the rifaximin ANDA[.]").  Teva therefore cannot claim that Norwich made some new statement that was only revealed on August 9.  And while it may be that Teva failed to follow this public docket from an earlier date, timeliness is "measured from when the prospective intervenor knew *or should have known* that any of its rights would be directly affected by the litigation."  *Amador Cnty. v. Jewell*, 312 F.R.D. 11, 15 (D.D.C. 2013) (emphasis added; internal quotations and citations omitted).

The cases Teva cites are inapposite.  ECF No. 56 at 12.  In *United Airlines, Inc. v. McDonald*, the Court allowed post-judgment intervention of a non-named member of a class who promptly filed a motion to intervene to appeal denial of class action certification.  432 U.S. 385, 387, 393-96 (1977).  The Court noted: "as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected . . . she promptly moved to intervene to protect those interests."  *Id.* at 394.  Thus, it was the district court's decision to not certify the class action that triggered the intervenor to move in that case.  *Id.*  Here, by contrast, Teva could have moved to intervene once Norwich filed its Complaint and Motion for a Preliminary Injunction.  *Nat. Res. Def. Council v. Costle*, is similarly unhelpful to Teva because in that case the intervenor presented its motion contemporaneously with the relevant filings that led to intervention.  561 F.2d 904, 908 (D.C. Cir. 1977).  And *Fund for Animals, Inc. v. Norton* involved the intervenor filing a motion to intervene before the defendant filed an answer and three weeks before a different intervenor filed to intervene.  322 F.3d 728, 735 (D.C. Cir. 2003).

In fact, in every case that Teva cites to suggest that a party with a legal interest in generic exclusivity has a right to intervene, ECF No. 56 at 12 n.4, the intervenor moved well before briefing closed:

- *Am. Bioscience, Inc. v. Thompson*, 00-cv-2247 (D.D.C.): intervenor Bristol Myers Squibb filed its motion to intervene two days after the complaint, and two other intervenors filed a motion to intervene the day after the complaint and eleven days before briefing had closed.  ECF Nos. 1, 7, 8, 31.

- *Amneal Pharms. LLC v. FDA*, 17-cv-180 (D.D.C.): intervenor Lupin filed its motion to intervene five weeks after the complaint, nearly one month before Amneal's motion for summary judgment was even filed, and over three months before briefing had closed. ECF Nos. 1, 20, 25, 44.

- *Otsuka Pharms. Co. v. Burwell*, 15-cv-1688 (D.D.C.): intervenor Alkermes filed its motion to intervene the day after the complaint (and a corrected motion to intervene one week later), over one month before the motion for summary judgment was filed, and over two months before briefing had closed.  ECF Nos. 1, 8, 10, 24, 33.

- *Ranbaxy Lab'ys, Ltd. v. Burwell*, 14-cv-1923 (D.D.C.): intervenor Dr. Reddy's filed its motion to intervene two days after the complaint, and intervenor Endo filed its motion to intervene three days after the complaint, both of which were within the week before briefing had closed regarding a TRO.  ECF Nos. 1, 7, 15, 28.

- *Biovail Corp. v. FDA*, 06-cv-1487 (D.D.C.): intervenor Anchen filed its motion to intervene the day after the complaint and motion for a preliminary injunction.  ECF Nos 1, 3, 6, 10.

- *Apotex, Inc. v. FDA*, 07-cv-1194 (D.D.C.): intervenor AstraZeneca filed its motion to intervene four days after the complaint and over two months before briefing was closed. ECF Nos. 1, 9, 32.

- *Purepac Pharm. Co. v. Thompson*, 02-cv-1657 (D.D.C.): intervenors Torpharm and Apotex filed their motion to intervene two months after the complaint was filed, nearly one month before the motion for a preliminary injunction was filed, and nearly two months before briefing on the motion for a preliminary injunction was closed.  ECF Nos. 1, 8, 20, 39.

- *Alvogen, Inc. v. Becerra*, 21-cv-672 (D.D.C.): intervenor Teva filed its motion to intervene five days after the complaint and motion for a preliminary injunction.  ECF Nos. 1, 6, 9.  This case was voluntarily dismissed, so briefing was never completed.  ECF No. 40.

Other intervenor cases are similar.  *See Apotex, Inc. v. Daiichi Sankyo, Inc.*, 12-cv-9295 (N.D. Ill.) ECF Nos. 24, 28, 29, 45 (intervenor moved over three months before briefing was closed); *Watson Labs., Inc. v. Sebelius*, 12-cv-1344 (D.D.C.), ECF Nos. 3, 9 (intervenor moved the day after plaintiff filed for a TRO/preliminary injunction); *Amgen Inc. v. Price*, 17-1006 (D.D.C.) ECF Nos. 25, 26, 71 (intervenors moved three days after entry of a briefing schedule for summary judgment motion).

Unlike all of these intervenors, Teva waited until the day *after* briefing had closed to file its motion.  The fact is that Teva could have done as Salix did and moved to intervene shortly after Norwich filed its Complaint and Motion for a Preliminary Injunction, and agreed to be bound by the Court's scheduling order.  *See* ECF Nos. 12, 17.  Teva failed to do so, and its motion is untimely.  Because Teva has not made a timely motion, its request to intervene "must be denied, and the Court need not consider the other factors."  *Ctr. for Biological Diversity*, 2021 WL 2823102, slip op. at *2 (internal quotations and citations omitted).

## II.     TEVA SHOULD NOT BE GRANTED PERMISSION TO INTERVENE

To be granted permission to intervene under Rule 24(b) of the Federal Rules of Civil Procedure, a movant must satisfy three "threshold requirements of: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and, (3) a claim or defense that has a question of law or fact in common with the main action." *See Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007).  In addition, permission is not granted if the intervention would "unduly delay or prejudice the rights of the original parties . . . ." *Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty*, 556 U.S. 848 (2009).  Teva fails to meet these requirements.

As already discussed, Teva has no "claim or defense that has a question of law or fact in common with the main action" because the issue of whether Teva's exclusivity has been forfeited is not and cannot be at issue in this action.  *Supra* at Sec. I.A.  Furthermore, Teva's motion is not timely.  *Supra* at Sec. I.B.

In addition, Teva's assertions that "no party will be prejudiced by its participation" and that "[i]ntervention by Teva would not delay the proceedings" are speculative at best.  ECF No. 56 at 7, 13.  While Teva claims that it "does not seek any change to the current case schedule, and would be prepared to participate at the October 6, 2023 hearing," ECF No. 56 at 7, it can make no such guarantees because a briefing schedule has not yet been adopted.  As Norwich has already explained, every day of additional delay causes it significant harm.  *See, e.g.*, ECF No. 4-1.  Thus, there is every reason to believe that an intervention by Teva at this late stage will prejudice Norwich.  *See Amador Cnty., Cal. v. DOI*, 772 F.3d 901, 905-06 (D.C. Cir. 2014) (upholding the district court's finding of prejudice where the case was "ready for oral argument and decision on the merits" and citing cases concluding that "the delay caused by a potential intervenor was sufficient to constitute prejudice where a decision on the merits was pending").

Furthermore, even if Teva's exclusivity had been ripe for litigation, Norwich will not be in a position to respond to arguments Teva might raise given that there is no administrative record available on that specific issue.

Finally, giving Teva access to the administrative record concerning Norwich's ANDA, ECF No. 56 at 7, is itself prejudicial to Norwich. The administrative record contains the exact type of confidential information that is regularly shielded from competitors, including highly confidential information regarding Norwich's ANDA product and the significant efforts that Norwich undertook to obtain tentative approval of its product. Teva should not be able to use this litigation to obtain confidential information about a competitor's product or communications with FDA, particularly where, as here, Teva has not yet received approval for its ANDA product despite its ANDA being pending for nearly eight years. To the extent the Court is nevertheless inclined to grant Teva's motion to intervene, the production of the administrative record to Teva should be limited to the portion that was provided to the Court in ECF No. 50-1 in order to reduce this prejudice to Norwich.

## **<u>CONCLUSION</u>**

For the reasons stated above, Norwich respectfully requests that the Court deny Teva's motion to intervene.

Dated: August 23, 2023                              Respectfully submitted,

<u>/s/ *Chad A. Landmon*</u>
Chad A. Landmon (DC Bar No. 990347)
Matthew J. Becker
Matthew S. Murphy
Aaron Z. Savit
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
clandmon@axinn.com
mbecker@axinn.com
mmurphy@axinn.com
asavit@axinn.com

Ross E. Blau
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
T: (212) 728-2200
rblau@axinn.com

Gabriella McIntyre (DC Bar No. 1672424)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 721-5417
gmcintyre@axinn.com

*Attorneys for Plaintiff Norwich*
*Pharmaceuticals, Inc.*