UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA,<br>in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>Defendants,<br><br>SALIX PHARMACEUTICALS, INC.,<br><br>Intervenor-Defendant,<br><br>and<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Proposed Intervenor-Defendant. | Civil Action No. 1:23-cv-01611-RDM |

**JOINT STATUS REPORT**

On August 18, 2023, after the motion of Teva Pharmaceuticals USA, Inc., to intervene in this matter, the Court directed the parties to "submit a joint status report on or before August 25, 2023, addressing whether further briefing is necessary regarding first-filer exclusivity and if so, proposing a briefing schedule." The current parties and Teva met and conferred and respectfully provide the following Joint Status Report.

## POSITION OF PLAINTIFF NORWICH PHARMACEUTICALS, INC.

As explained more fully in Norwich Pharmaceuticals, Inc.'s ("Norwich") Opposition to Teva Pharmaceuticals USA, Inc.'s ("Teva's") Motion to Intervene, all current parties in the case have recognized that the issue of whether Teva has forfeited the 180-day exclusivity period relating to rifaximin, 550 mg, is not before this Court.  *See* ECF No. 58 at 5-7.  Thus, further briefing regarding first-filer exclusivity is not necessary.  Norwich is not seeking an order that Teva has forfeited its exclusivity, and FDA has repeatedly stated that it has not yet rendered a decision on that issue.  *See id.*; *see also* ECF No. 52 (FDA Reply Brief) at 9 (referring to this issue as "an open question[.]").  Based on FDA's regulation that provides that an ANDA with a section viii statement will be approved "immediately," Norwich has contended in this litigation that its ANDA was entitled to immediate approval.  But, in view of FDA's position that it will only render an exclusivity forfeiture determination "after all other potential bars to final approval [a]re resolved" (ECF No. 52 at 29), Norwich has recognized that a short remand to FDA would be appropriate for resolving any issues relating to Teva's exclusivity.  *See* ECF No. 49 at 38.  To remove any possible lingering confusion about the remedy Norwich is seeking in this action, Norwich submitted a new proposed summary judgment order that specifically sets out that this Court should reverse FDA's decision to delay the approval of Norwich's ANDA based upon the Delaware Court Orders and remand the matter to FDA for a period of no more than 10 business days to enable FDA to formalize a decision as to whether Teva has forfeited the 180-day exclusivity period.  *See* ECF No. 58-1.  This conclusively demonstrates that Teva has no protectable legal interest in this action.

Given that Teva is nevertheless maintaining its request to intervene, it is clear that its alleged legal interest is a pretext for gaining access to the administrative record.  The Court should reject this fishing expedition for the highly confidential information about Norwich's ANDA and FDA communications in the administrative record.  In no event should Teva be allowed more than

2

the limited administrative record provided to the Court in ECF No. 50-1.  Furthermore, Teva's attempt to inject further briefing into this case on issues that are not even before the Court are simply an unnecessary complication.  It is not even clear what Teva is proposing to brief here and whether it is proposing to fully argue the merits of whether it has forfeited the 180-day exclusivity period in the absence of any FDA decision or administrative record addressing the issue.  To the extent that the Court grants Teva's request and entertains further briefing, Teva's proposed schedule below is unfair to Norwich because it deprives Norwich, as the plaintiff, with a full right to address the issues raised by all of the parties in response to Teva's brief.  Should the Court grant Teva's motion and entertain briefing on the 180-day exclusivity period, Norwich proposes the following schedule:

- Teva's supplemental brief on exclusivity (if any): Within 5 days of an order granting Teva's motion to intervene.
- Responses to Teva's brief by FDA and Salix: Within 5 days of Teva's filing.
- Responsive brief by Norwich: Within 5 days of the filing by FDA and Salix

**POSITION OF THE FEDERAL DEFENDANTS.**

The Federal Defendants do not object to Teva's intervention, and take no position on the schedules that Teva and Norwich have proposed for further briefing regarding the issue of 180-day exclusivity and its implications for remedy if Norwich is granted summary judgment.[1]

The Federal Defendants emphasize, however, that their position on that issue remains unchanged: The Court need not reach the question of remedy at all, because the Federal Defendants

---

[1] The Federal Defendants take no position on whether, if its motion to intervene is granted, Teva should be given access to only a subset of the Administrative Record. If Teva is granted intervention, the Federal Defendants will promptly produce whatever portion of the Administrative Record Teva is entitled to access in accordance with the protective order in this case and any further applicable order of this Court.

3

are entitled to summary judgment. Nevertheless, if summary judgment were granted to Norwich, the correct remedy would be the ordinary one in APA litigation—remand for further agency proceedings consistent with this Court's ruling. Remand would be particularly appropriate in this case, where all parties now appear to agree that if this Court were to decide that no patent order delays approval of the ANDA, FDA would need to determine whether final approval of Norwich's ANDA is subject to delay based on another applicant's eligibility for 180-day exclusivity.

**POSITION OF INTERVENOR-DEFENDANT SALIX PHARMACEUTICALS, INC.**

Salix Pharmaceuticals, Inc. does not oppose Teva's request to intervene. Teva appears to have interests that are independent of Salix and FDA, and Salix intervened to protect only its own interests, not Teva's. From the start of this action until Norwich filed its opposition to Teva's intervention motion, Norwich has been seeking an order directing FDA to grant immediate final approval, which would necessarily impact any rights Teva has to the statutory 180-day exclusivity period. Norwich now appears to concede that it is not entitled to that relief and instead is seeking only a remand to the FDA for it to determine the issue of exclusivity. But Norwich asks this Court to order FDA to resolve exclusivity within 10 days of any remand order. Such a condensed period for FDA's consideration would still seem to impact Teva's interests sufficient to support its intervention.

Salix also supports the schedule set forth by Teva for any additional submissions related to Teva's intervention. The proposed schedule should ensure that Teva's intervention does not affect the timing of the Court's resolution of this matter.

## POSITION OF PROPOSED INTERVENOR-DEFENDANT TEVA PHARMACEUTICALS USA, INC.

Teva filed its motion to intervene on August 17, 2023. As reported in that motion, both the Federal Defendants and Intervenor-Defendant Salix Pharmaceuticals, Inc. do not oppose Teva's intervention. Plaintiff Norwich Pharmaceuticals, Inc. needed additional time to develop a position, and it filed an opposition on August 23, 2023. Teva intends to file a reply in further support of its motion to intervene, in which Teva will respond to Norwich's opposition. Teva respectfully asks that the Court allow until August 29, 2023 for Teva to file its reply. Teva notes that, in Norwich's position statement, Norwich uses this procedural filing to reargue its objections to Teva's intervention. Teva believes its response to Norwich's assertions are best reserved for its reply brief in support of Teva's motion to intervene.

As to further briefing, Teva cannot determine at this time whether additional briefing regarding first-filer exclusivity is necessary because Teva does not yet have access to the Administrative Record. In particular, Teva has not yet been able to review all of the documents cited by Norwich to support its assertion that "FDA has repeatedly considered the information relevant to whether Teva has forfeited its exclusivity." ECF No. 49 at 31 (citing AR134; AR372; AR374).[2] Norwich now appears to accept that the FDA has *not* found any forfeiture of Teva's 180-day exclusivity. *See* ECF No. 58 at 2. But Norwich has made no effort to reconcile that statement with its previous assertions that, notwithstanding Teva's exclusivity, the Court should "order FDA to immediately approve Norwich's Amended ANDA," ECF No. 49 at 28; *see id.* at

---

[2] Of the pages cited by Norwich, only A.R. 134 is visible in the public version of the parties' joint appendix, which was filed on August 16, 2023. *See* ECF No. 51 at 13. That document appears to be an excerpt from the FDA's publicly available database of paragraph IV certifications, which indicates that, as of August 24, 2021, the FDA had made a "Non-Forfeiture" finding for 180-day exclusivity on this product. The additional two pages from the administrative record cited by Norwich are completely redacted in the joint appendix.

5

31. In its position statement, Norwich implies that it admitted a lack of entitlement to final approval and accepted the need for a remand once it became aware of "FDA position" on 180-day exclusivity. But that is wrong. The FDA stated in the tentative approval letter issued to Norwich *before* this litigation that the agency was not addressing 180-day exclusivity issues while other bars to approval remained, D.I. 1 at 1—an approach that follows the FDA's long-established practice, as Norwich surely knows. *See* D.I. 58 at 2 (Norwich citing the FDA's guidance on this point). Moreover, even after the Federal Defendants reiterated that long-established policy in briefing in this case, Norwich doubled down on its request for final approval, insisting that "there is no need for remand." D.I. 49 at 2. Norwich allowed only that "***[i]f*** any issues concerning first-filer persist despite FDA's repeated consideration of the issue," then the Court could order a radically expedited remand as an alternative. *Id.* (emphasis added). But citing the Administrative Record, Norwich implied that such a remand was unnecessary given FDA's past consideration of the question "whether Teva has forfeited its exclusivity." *Id.* at 31. It was thus not until Teva moved to intervene that Norwich purported "to remove any possible lingering confusion" by completely changing the form of relief it seeks. D.I. 58 at 3.

In light of these unexplained (and unacknowledged) shifts in Norwich's position regarding Teva's 180-day exclusivity, Teva continues to have significant concerns about how its interests could be impacted by this litigation. Without access to the Administrative Record, Teva is not in a position to fully evaluate Norwich's contradictory statements or understand the factual basis (if one existed) for Norwich's previous belief that an order of final approval was appropriate.[3] Teva

---

[3] Norwich's assertion that Teva is merely seeking a "pretext for gaining access to the administrative record" is unfounded, as Teva is merely seeking to defend its interests in view of the confusion created by Norwich through its contradictory statements in this litigation. Moreover, Norwich's stated concerns about confidentiality ignore the fact that a protective order has been

6

thus cannot yet assess whether further response briefing is needed. Nevertheless, Teva expects that any additional briefing on the issue of 180-day exclusivity will be limited and can be accomplished expeditiously, well in advance of the current hearing date of October 6, 2023. Accordingly, Teva proposes the following schedule for further briefing:

| | |
|---|---|
| • Teva's reply in support of its motion to intervene: | August 29, 2023 |
| • Teva's supplemental brief on exclusivity (if any): | Within 7 days of an order granting Teva's motion to intervene.[4] |
| • Responses to Teva's brief (all other parties): | Within 7 days of Teva's filing |

---

entered, which limits access to highly confidential information to outside counsel only  *See* ECF No. 36.

[4] Under the protective order entered in this case, if the Court grants Teva's motion to intervene, Teva would immediately become subject to the order and its counsel would have the right to access the Administrative Record. *See* ECF No. 36 ¶ 1 (providing that the order addresses access to the administrative record by counsel for the existing parties "and any other party granted the right to intervene in this Action").

Dated: August 25, 2023

/s/   Chad A. Landmon
Chad A. Landmon (D.C. Bar No. 990347)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
clandmon@axinn.com

OF COUNSEL:
Matthew J. Becker (pro hac vice)
Matthew S. Murphy (pro hac vice)
Aaron Z. Savit (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
mbecker@axinn.com
mmurphy@axinn.com
asavit@axinn.com

Ross E. Blau (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
(212) 728-2200
rblau@axinn.com

Gabriella McIntyre (D.C. Bar No. 1672424)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
gmcintyre@axinn.com

*Attorneys for Plaintiff Norwich Pharmaceuticals, Inc.*

/s/   Gabriel Schonfeld
Gabriel Schonfeld (D.C. Bar No. 155539)
U.S. DEPARTMENT OF JUSTICE
Consumer Protection Branch
450 5th Street NW
Washington, DC 20530
(202) 531-1531
gabriel.i.schonfeld@usdoj.gov

*Attorney for Defendants Xavier Becerra, et al.*

Respectfully submitted,

/s/   David B. Salmons
David B. Salmons
Douglas A. Hastings
Amanda L. Salz
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
david.salmons@morganlewis.com
douglas.hastings@morganlewis.com
amanda.salz@morganlewis.com

Michael J. Abernathy (pro hac vice forthcoming)
Wan-Shon Lo (pro hac vice forthcoming)
Karon N. Fowler (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
(312) 324-1000
mike.abernathy@morganlewis.com
shon.lo@morganlewis.com
karon.fowler@morganlewis.com

William R. Peterson (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002-5006
(713) 890-5000
william.peterson@morganlewis.com

*Attorneys for Intervenor-Defendant Salix Pharmaceuticals, Inc.*

/s/   Brian T. Burgess
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.:  202.346.4000
Fax.:  202.346.4444

*Attorney for Proposed Intervenor-Defendant Teva Pharmaceuticals USA, Inc.*