UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants, <br><br> and <br><br> SALIX PHARMACEUTICALS, INC., <br><br> Intervenor-Defendant. | Civil Action No. 1:23-cv-01611-RDM |

**REPLY IN SUPPORT OF MOTION TO INTERVENE
AS DEFENDANTS BY TEVA PHARMACEUTICALS USA, INC.**

**INTRODUCTION**

Teva has a right to intervene in this case because Plaintiff Norwich Pharmaceuticals asked the Court for relief that is inconsistent with Teva's statutory 180-day marketing exclusivity while also intimating that statements by the FDA (in record materials filed under seal) effectively resolved the issue of forfeiture. Prompted by Teva's motion, Norwich now backtracks. Norwich now states that the FDA has made no such forfeiture determination, and Norwich revises its request for relief under the guise of clarification. But Norwich has not explained how its new position can be reconciled with its earlier arguments and characterizations of the administrative record, leaving Teva with serious concerns about the reliability of Norwich's new representations, which appear to have been made to head off Teva's intervention. At the very least, Teva is entitled to permissive intervention to safeguard its rights. Norwich opposes intervention only by misrepresenting its own prior positions and ignoring the posture of the case. The Court should reject Norwich's mischaracterizations and grant Teva's motion.

**ARGUMENT**

**I.   TEVA IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(a).**

Norwich disputes whether Teva has satisfied two of the four prongs of mandatory intervention under Rule 24(a), asserting that Teva does not have a legally protected interest in this action and that Teva's motion is untimely. But Teva has a vested interest in 180-day exclusivity that would be impacted by positions that Norwich had advanced. Norwich's retreat in the face of Teva's motion provides no basis to deny intervention—to the contrary, it confirms Teva's essential role in this litigation to guard against improper and misleading arguments by Norwich that, if accepted, would harm Teva's interests. Moreover, Teva's intervention was timely under the circumstances and poses no risk of unfair prejudice to the parties. Intervention should be allowed.

### A. Teva has a substantial legal interest in this action.

In its summary-judgment briefing, Norwich repeatedly argued against *any* remand, insisting that it is entitled to "immediate" approval of its Amended ANDA. *See* ECF No. 49 at 2-3, 28-31 ("there is no need for remand"). Notably, Norwich took this position *after* the FDA explained that 180-day exclusivity is an independent barrier to final approval separate from the Delaware court's patent-based injunction, ECF No. at 40 at 29-30, and *after* Salix emphasized that Teva's unexpired 180-day exclusivity precluded the "only relief" Norwich was then seeking—*i.e.*, "an order requiring immediate final approval of its Amended ANDA," ECF No. 39 at 20-21. Faced with these points, Norwich did not concede error or try to "remove … confusion" about the relief it is seeking. ECF No. 58 (Norwich Opp.) at 3. Instead Norwich doubled down, asserting that "FDA and Salix's insistence that remand is the proper remedy falls flat." ECF No. 49 at 2.

Why did Norwich think an order compelling immediate final approval was appropriate despite Teva's 180-day exclusivity? Norwich's reasoning was opaque, but Norwich implied that the exclusivity issue had already been resolved because the "FDA has repeatedly considered the information relevant to whether Teva has forfeited its exclusivity," and the "FDA has not articulated any facts that have changed in the interim." ECF No. 49 at 31 (citing, *e.g.*, AR134; AR372; AR 374). Thus, Norwich suggested that this Court already had all of the information it needed in the administrative record to "order FDA to grant final approval to Norwich's Amended ANDA." *Id.* In the alternative, Norwich suggested that if the Court were "inclined to grant any remand" despite Norwich's arguments, then the remand should be radically expedited, with the FDA compelled to issue a final decision within just 10 business days. *Id.*

If Norwich's previous request for immediate approval of its ANDA were granted, then it would plainly impair Teva's interests. *See* ECF No. 56 ("Teva Mot.") at 1, 3-4. Norwich does not

2

argue otherwise, but instead relies on the fact that its new proposed order disavows such relief. *See* Norwich Opp. at 3; *see also* ECF No. 58-1 (amended proposed order).  Norwich also engages in revisionist history by suggesting that it has always recognized that Teva's 180-day exclusivity precludes an order compelling immediate approval.  *See* Norwich Opp. at 2-3 ("Norwich has recognized that a short remand to FDA would be appropriate …").  As explained above, that is just wrong.  Norwich's briefing discussed the possibility of a remand only as a single-paragraph fallback argument: "*to the extent* the Court is inclined to grant any remand," Norwich argued, the Court should give the FDA only ten business days to "review the record and finalize its decision regarding whether Teva has forfeited exclusivity."  ECF No. 49 at 31 (emphasis added).  There is no "confusion" over the relief Norwich was seeking.  Norwich Opp. at 3.  Norwich has simply changed positions, abandoning its previous request for immediate approval but without explaining (or even acknowledging) the shift.

Norwich's effort to recast the relief it seeks is no reason to deny intervention, especially because Norwich continues to play fast and loose on the subject of Teva's exclusivity.  For example, even *after* Teva filed its motion to intervene, Norwich misinformed another tribunal that the *only* thing blocking immediate approval of its product is the FDA's interpretation of the Delaware Court's injunction order.[1]  Moreover, Norwich still has not addressed its previous suggestion that the FDA already effectively decided the issue of forfeiture—a suggestion that Norwich supported with citations to portions of the administrative record that remain under seal.

---

[1] *See* Principal and Response Br. for Def.-Cross-Appellant at 31, *Salix Pharms. Ltd. v. Norwich Pharms. Inc.*, Fed. Cir. No. 2022-2153, ECF No. 38 (Aug. 22, 2023) ("In fact, FDA provided tentative approval of the Amended ANDA on June 2, 2023, establishing *that it is eligible for final approval but for FDA's interpretation of the 271(e) order*." (emphasis added)); *id.* at 35 ("Norwich has earned the extremely valuable opportunity to be the *first* to offer generic rifaximin tablets for the treatment of IBS-D." (emphasis added)).

ECF No. 49 at 31. If Norwich now seeks to disavow its previous suggestion as a mischaracterization of the record, it should do so expressly. But as the matter stands, Teva is in an untenable position where assertions respecting Teva's highly valuable statutory rights have been pressed to the Court by reference to non-public documents that Teva cannot review.

In any event, Norwich fails to identify—and Teva is unaware of—any case that suggests a party can negate a nonparty's right to intervene by purporting to change its position. And in closely related contexts, the D.C. Circuit has recognized that subsequent developments in a case do *not* moot an earlier request for intervention that was proper when made. *See, e.g.*, *Alternative Rsch. & Dev. Found. v. Veneman*, 262 F.3d 406, 410 (D.C. Cir. 2001) (explaining that entry of judgment or settlement of a case does not moot an appeal from the denial of a motion to intervene). That makes sense. If a party could moot an intervention request by unilaterally shifting its arguments, it could purport to change positions only to resume its earlier position once the intervention motion was safely denied. *Cf. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (voluntary cessation of a challenged practice ordinarily does not moot a case). Given Norwich's ever-shifting positions, and the assertions it has pressed about Teva's exclusivity, Teva retains a clear legal interest in this action.

B. **Teva's motion is timely.**

Teva filed its motion two months after Norwich's complaint, eight days after the brief that signaled potential impairment of Teva's interests, and well before the October hearing on summary judgment. *See* Teva Mot. at 7-8. Intervention would not delay that prescheduled hearing—which is the event that currently determines how quickly this action will proceed.

Norwich claims that Teva's motion is untimely because the potential impairment of Teva's rights should have been apparent from the outset of this case. *See* Norwich Opp. at 4-5. That is

4

an odd position for Norwich to take while simultaneously insisting that its claims against the FDA were never intended to implicate Teva's exclusivity. *Id.* at 2, 4. In any event, although Norwich's early filings did contain requests for immediate approval, *see id.* at 4, Norwich presented that request without any argument about Teva's 180-day exclusivity, leaving open the possibility that Norwich was merely being imprecise when describing the relief it sought. Indeed, Norwich did not address 180-day exclusivity until its combined summary and reply, made public in redacted form on August 9. *See* ECF No. 49 at 28-31. There, in response to the arguments from the Federal Defendants and Salix explaining that Teva's 180-day exclusivity precluded immediate approval of Norwich's Amended ANDA, Norwich persisted in objecting to a remand and suggested for the first time that the FDA has already decided the issue of forfeiture, ECF No. 49 at 2, 28-31. Teva then promptly moved to intervene to defend its interests.

Norwich asserts that the cases Teva cited in its motion do not support intervention because "in every case . . . the intervenor moved well before briefing closed." Norwich Opp. at 5. That is inaccurate, as Norwich mischaracterizes the cases by ignoring later-filing intervenors. For example, in *Amneal*, Par Pharmaceuticals sought to intervene several months after the close of summary-judgment briefing, and the Court granted that request. *See* Minute Order, *Amneal Pharms. LLC v. FDA*, No. 17-cv-180-RDM (D.D.C. Nov. 8, 2017). As the court there explained, Par "d[id] not seek to disrupt the existing Scheduling Order," but only "to participate in th[e] action prospectively." Mem. in Support of Mot. to Intervene at 7, *Amneal*, No. 17-cv-180-RDM, ECF No. 52-1 (D.D.C. Nov. 6, 2017). Similarly, in *Ranbaxy*, the court granted Teva's motion to intervene, which was filed almost a month after the close of summary judgment briefing, because Teva's interest became ripe at that point. Minute Order, *Ranbaxy Lab'ys, Ltd. v. Burwell*, No. 14-

5

cv-1923-BAH (D.D.C. Jan. 30, 2015). As in *Amneal* and *Teva*, intervention is appropriate because it is timely under the circumstances and will not prejudice the existing parties.

C. **Norwich does not contest the remaining intervention factors, which Teva satisfies.**

As Teva explained in its motion, denial of intervention would impair Teva's interests, and no other party will adequately represent Teva's position. *See* Teva Mot. at 8-10. Norwich does not contest these final two factors. *See* Norwich Opp. at 1 (clarifying that Norwich's position on the final two factors rises and falls on whether Teva has a legally protected interest). For this reason, too, intervention under Rule 24(a) is appropriate.

II. **ALTERNATIVELY, TEVA SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b).**

In the alternative, this Court should grant Teva permission to intervene under Rule 24(b). *See* Teva Mot. at 10-11. Norwich has no credible basis for opposing permissive intervention.

Norwich first speculates that Teva's intervention may be prejudicial "because a briefing schedule has not yet been adopted" on the issue of first-filer exclusivity. Norwich Opp. at 8. But as the parties' Joint Status Report makes clear, no party is proposing a briefing schedule that would impact the timing of the summary judgment hearing in October or otherwise delay resolution of this action. ECF No. 59 at 3, 7.

Norwich also argues that production of the administrative record to Teva would be prejudicial because it contains "confidential information that is regularly shielded from competitors." Norwich Opp. at 9. But Norwich fails to explain why the protective order already entered in this case—which expressly applies to "any other party granted the right to intervene," ECF No. 36 at ¶ 1—is insufficient to eliminate any supposed prejudice. *See* ECF No. 36. Nor is there any basis to artificially restrict Teva's counsel from accessing the full administrative record, subject to the terms of the protective order. In arguing that the "FDA has repeatedly considered

6

the information relevant to whether Teva has forfeited its exclusivity," Norwich used the signal "*see, e.g.*," implying that the three administrative record citations it put forward were only illustrative. ECF No. 49 at 31. Teva's counsel should thus have access to the full administrative record in order to evaluate and potentially respond to Norwich's prior assertions regarding Teva's 180-day exclusivity and the prospect of forfeiture.

## CONCLUSION

The Court should grant Teva leave to intervene as a defendant in this action.

August 29, 2023                                                          Respectfully submitted,

/s/  *Brian T. Burgess*
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.:  202.346.4000
Fax.:  202.346.4444

*Counsel for Teva Pharmaceuticals USA, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2023, I electronically filed the foregoing Reply in Support of Motion to Intervene by Teva Pharmaceuticals U.S.A., Inc. with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system, which served a copy upon all counsel of record.


August 29, 2023                                             */s/ Brian T. Burgess*
                                                                                     Brian T. Burgess