IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-430 (RGA) |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STIPULATION AND [PROPOSED] ORDER

WHEREAS Plaintiff Salix Pharmaceuticals, Inc. is the holder of New Drug Application ("NDA") Nos. 021361 and 022554 (a supplement to NDA No. 021361) for Xifaxan (rifaximin) 550 mg tablets that were approved by the U.S. Food and Drug Administration ("FDA");

WHEREAS Defendant Norwich Pharmaceuticals, Inc. ("Norwich" or "Defendant") filed Abbreviated New Drug Application ("ANDA") No. 214369 for approval to manufacture and sell rifaximin 550 mg tablets ("ANDA Product");

WHEREAS Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") filed a First Amended Complaint on November 13, 2020 (D.I. 59) alleging infringement of U.S. Patent Nos. 7,045,620 (the "'620 Patent"); 7,612,199 (the "'199 Patent"); 7,902,206 (the "'206 Patent"); 7,906,542 (the "'542 Patent"); 7,915,275 (the "'275 Patent"); 8,158,644 (the "'644 Patent"); 8,158,781 (the "'781 Patent"); 8,193,196 (the "'196 Patent"); 8,309,569 (the "'569 Patent"); 8,518,949 (the "'949 Patent"); 8,642,573 (the "'573 Patent"); 8,741,904 (the "'904 Patent"); 8,829,017 (the "'017 Patent"); 8,835,452 (the "'452 Patent"); 8,853,231 (the "'231 Patent"); 8,946,252 (the "'252

Patent"); 8,969,398 (the "'398 Patent"); 9,271,968 (the "'968 Patent"); 9,421,195 (the "'195

Patent"); 9,629,828 (the "'9,828 Patent"); 10,314,828 (the "'4,828 Patent"); 10,335,397 (the "'397

Patent"); 10,456,384 (the "'384 Patent"); 10,703,763 (the "'763 Patent"); 10,709,694 (the "'694

Patent"); and 10,765,667 (the "'667 Patent");

WHEREAS the parties jointly submitted a proposed scheduling order requiring the parties

to reduce the number of asserted patent claims and prior art-based invalidity positions (D.I. 23,

paragraph 3(g)(iv)), which the Court entered;

WHEREAS Plaintiffs did not present evidence of infringement of any patent claim of the

following patents at trial: the '620 patent; '542 Patent; the '275 Patent; '644 Patent; the '781 Patent;

the '196 Patent; the '949 Patent; the '904 Patent; the '017 Patent; the '452 Patent; the '231 Patent;

the '252 Patent; the '398 Patent; the '968 Patent; the '9,828 Patent; the '4,828 Patent; the '384

Patent; the '763 Patent; and the '694 Patent; and

WHEREAS the parties completed the evidentiary phase of trial on March 21-24, 2022;

WHEREAS Plaintiffs presented alleged evidence of infringement of claim 2 of the '569

Patent, claim 3 of the '667 Patent, claim 4 of the '199 Patent, claim 36 of the '206 Patent, claim 8

of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 of the '397 Patent at trial

(collectively, the "Asserted Trial Patent Claims");

NOW THEREFORE, the parties hereby stipulate and agree as follows, subject to the

approval of the Court:

1.      A final judgment of noninfringement be entered with respect to Norwich's current

ANDA No. 214369, including the current ANDA Product[1] and any use of the current ANDA

---

[1] For the sake of clarity, "Norwich's current ANDA No. 214369" and "current ANDA Product" as used in this Stipulation includes any amendments or supplements to the ANDA that do not change the indications of use, the polymorph forms, or the formulation, and includes any

Product, concerning each claim of the '620 patent; the '542 Patent; the '275 Patent; '644 Patent; the '781 Patent; the '196 Patent; the '949 Patent; the '904 Patent; the '017 Patent; the '452 Patent; the '231 Patent; the '252 Patent; the '398 Patent; the '968 Patent; the '9,828 Patent; the '4,828 Patent; the '384 Patent; the '763 Patent; and the '694 Patent;

2.      Norwich's counterclaims of invalidity with respect to each claim of the '620 patent; the '542 Patent; the '275 Patent; '644 Patent; the '781 Patent; the '196 Patent; the '949 Patent; the '904 Patent; the '017 Patent; the '452 Patent; the '231 Patent; the '252 Patent; the '398 Patent; the '968 Patent; the '9,828 Patent; the '4,828 Patent; the '384 Patent; the '763 Patent; and the '694 Patent, shall be dismissed without prejudice;

3.      A final judgment of non-infringement be entered with respect to Norwich's current ANDA No. 214369, including the current ANDA Product and any use of the current ANDA Product, concerning claims 2 and 4-16 of the '667 Patent, claims 1-3 and 5-7 of the '199 Patent, claims 1-33, 35, and 37-57 of the '206 Patent, claims 2-5 of the '573 Patent, claims 2-4 and 7-12 of the '195 Patent, and claims 2-8 and 13 of the '397 Patent;

4.      Norwich's counterclaims of invalidity with respect to claims 2 and 4-16 of the '667 Patent, claims 1-3 and 5-7 of the '199 Patent, claims 1-33, 35, and 37-57 of the '206 Patent, claims 2-5 of the '573 Patent, claims 2-4 and 7-12 of the '195 Patent, and claims 2-8 and 13 of the '397 Patent, shall be dismissed without prejudice;

5.      The parties will not rely on any final judgment or dismissal regarding any patent claim entered pursuant to Paragraphs 2, 3, 4, and 5 with respect to Plaintiffs' assertion of each of

---

amendments or supplements to the label that are required due to an amendment or supplement to the Xifaxan® label.

the Asserted Trial Patent Claims or Norwich's counterclaims and defenses to each of the Asserted

Trial Patent Claims in post-trial briefing;

6.      Plaintiffs and Norwich agree that any judgment concerning the validity, invalidity,

infringement, and/or non-infringement regarding each Asserted Trial Patent Claim shall apply to

each patent claim from which that Asserted Trial Patent Claim depends.  For avoidance of doubt,

this Paragraph shall apply to claim 1 of the '569 Patent, claim 1 of the '667 Patent, claim 34 of the

'206 Patent, claims 1 and 6-7 of the '573 Patent, claims 1 and 5 of the '195 Patent, or claims 1 and

9 of the '397 Patent.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Cameron P. Clark* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com | Karen E. Keller (#4489)<br>1105 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0702<br>kkeller@shawkeller.com |
| *Attorneys for Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A.* | *Attorneys for Defendant Norwich Pharmaceuticals, Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Scott K. Reed<br>Steven C. Kline<br>Shannon K. Clark<br>Daniel A. Apgar<br>Alexis M. McJoynt<br>VENABLE LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212) 218-2100 | Matthew S. Murphy<br>Chad A. Landmon<br>Matthew J. Becker<br>Stacie L. Ropka<br>Rebecca L. Clegg<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square<br>Hartford, CT 06103<br>(860) 275-8100 |

Damien N. Dombrowski
Becky E. Steephenson
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500

May 12, 2022


**SO ORDERED** this  12  day of May, 2022.


        /s/ Richard G. Andrews
_____

        The Honorable Richard G. Andrews
        United States District Court Judge