IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> *Defendants*, <br><br> and, <br><br> SALIX PHARMACEUTICALS, INC., <br><br> *Intervenor-Defendant*. | Civil Action No. 1:23-cv-01611-RDM |

**PLAINTIFF'S RESPONSE TO INTERVENOR SALIX
PHARMACEUTICALS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The stipulation and order of noninfringement from the Delaware proceeding has no bearing on the central issue before this Court, i.e., whether FDA's decision to delay the approval of Norwich's Amended ANDA based on the Delaware Court's 271(e) order was arbitrary and capricious. The statutory 30-month stay of FDA approval of the ANDA expired in August 2022, and the status of the patents that Salix elected to not assert at trial therefore was (and still is) irrelevant to FDA's application of the 271(e) order to Norwich's Amended ANDA. For example, FDA made no reference to the stipulation in its letter granting Tentative Approval to Norwich's Amended ANDA (*see* AR365-70) despite having received it. *See* AR373. In short, Norwich does not require a judgment or stipulation of noninfringement as to the patents that Salix did not assert at trial in order for FDA to correctly determine that the 271(e) order does not block approval of the Amended ANDA.

Furthermore, while Salix contends that the stipulation "no longer applies to Norwich's Amended ANDA," (DI 62 at 1), Norwich's amendment did not "change the indications of use" but rather carved out the HE Indication wholesale. Of course, the applicability of the stipulation is not an issue before the Court. And, even if there were no stipulation, Norwich would be entitled to a judgment of noninfringement on the "unasserted" patents.[1] As the stipulation itself makes clear, Salix *did* assert these patents in its Complaint and Norwich counterclaimed. DI 62-1 at 1-3. At trial, however, Salix elected to "not present evidence of infringement" of any claim in the patents. *Id.* at 2. Salix thereby "voluntarily narrowed the case to its best patents" and is "not entitled to a second trial on the unselected patents." *Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1374, 1376 (Fed. Cir. 2016) (affirming judgment of noninfringement as to patents asserted in complaint but not at trial). In any event, Salix is free to attempt to assert any non-frivolous and non-foreclosed patent claims against Norwich's Amended ANDA. But any such claims cannot impact FDA's consideration of the Delaware Court's 271(e) order, which is the issue here.

Finally, Salix's suggestion that Norwich might file its Amended ANDA as a new ANDA (to obtain a different ANDA number) and be subject to a second 30-month stay is antithetical to the intent and purpose of the Hatch-Waxman Act. Congress enacted Hatch-Waxman in order to bring "'generic … drugs to market as quickly as possible.'" *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) (quoting Sen. Kennedy Remarks, 149 Cong. Rec. S15885 (Nov. 25, 2003)). As Congress intended, Norwich successfully challenged Salix's patents covering the rifaximin polymorph and the IBS-D Indication, and then followed FDA's regulation and amended the ANDA to remove the infringing HE Indication. Salix, on the other hand, is apparently hoping to game

---

[1] The stipulation was entered more than a month after trial concluded to resolve Norwich's proposed motion pursuant to Federal Rule of Civil Procedure 52 and counterclaims of noninfringement.

the system to further delay generic competition. But, there is no basis in the statute, FDA regulation, patent law, public policy, or common sense, for imposing *60 months* of statutory delay on Norwich's generic rifaximin product for IBS-D.[2]

Dated: October 16, 2023

Respectfully submitted,

/s/*Chad A. Landmon*
Chad A. Landmon (DC Bar No. 990347)
Matthew J. Becker (admitted *pro hac vice*)
Matthew S. Murphy (admitted *pro hac vice*)
Aaron Z. Savit (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
clandmon@axinn.com
mbecker@axinn.com
mmurphy@axinn.com
asavit@axinn.com

Ross E. Blau (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
T: (212) 728-2200
rblau@axinn.com

*Attorneys for Plaintiff Norwich Pharmaceuticals, Inc.*

---

[2] While irrelevant to the issue before the Court, Salix's contention that it "would also assert claims from any additional patents that have issued since the Delaware judgment" (DI 62 at 2) should be viewed with some skepticism given that it has yet to assert U.S. Patent No. 11,564,912, despite receiving a Notice of Paragraph IV Certification from Norwich in April 2023.

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that on October 16, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served upon counsel of record via the Court's CM/ECF system.

/s/*Chad A. Landmon*
Chad A. Landmon
*Attorney for Plaintiff Norwich Pharmaceuticals, Inc.*